UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>                    Defendants. | NO. 2:25-cv-05380<br><br>FIRST AMENDED COMPLAINT |

Plaintiff Linda LaRocque alleges the following:

## I.    PARTIES

1.    Plaintiff Linda LaRocque is a resident of Pierce County, Washington.

2.    Defendant The Kroger Co., ("Kroger") is a corporation with headquarters located in Cincinnati, Ohio, but with stores across Washington state, including Fred Meyer.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

3. Defendant Fred Meyer Stores., Inc., ("Fred Meyer") is a corporation with headquarters located in Cincinnati, Ohio, but with stores across Washington state, including its store located at 4505 S. 19th Street, Tacoma, WA 98405, also known as the Tacoma-Stevens Fred Meyer.

4. Defendant Gatekeeper Systems, Inc. is a Delaware corporation doing business in Washington state.

## II. BACKGROUND

5. On May 6, 2023, at approximately 3:00 p.m., Plaintiff Linda LaRocque and her husband went to Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405.

6. Ms. LaRocque retrieved a Fred Meyer shopping cart from the front of the store, inside near the entryway, and used it while shopping in the store.

7. The item Ms. Larocque intended to purchase, a magnesium supplement, was not available. Ms. Larocque and her husband left the store without purchasing any items.

8. Ms. Larocque proceeded to exit the store without passing through the checkout area.

9. Upon exiting through the doors, the anti-theft mechanism on the shopping cart caused the wheels on the cart to lock up.

10. Upon information and belief, Gatekeeper Systems, Inc. designs, manufactures, assembles, sells, tests, markets, installs, and/or maintains the anti-theft system that locks Fred Meyer shopping carts at issue in this lawsuit.

11. There were no signs warning customers that the shopping carts had an anti-theft mechanism or that the shopping carts wheels would lock up if Ms. Larocque walked through an invisible perimeter.

FIRST AMENDED COMPLAINT - 2 of 8
[4871-5472-8598]

12. Ms. LaRocque later learned from a store employee that the anti-theft mechanism was triggered because she did not go through the checkout.

13. When the shopping cart wheels locked, the cart suddenly stopped and Ms. LaRocque's left knee struck the back of the cart.

14. Ms. LaRocque had total left knee replacement surgery on February 8, 2023. It was the same knee that struck the back of the shopping cart on May 6, 2023.

15. Ms. LaRocque was in constant pain following the injury from the shopping cart. Ms. LaRocque was seen by Alexendria Bones PA-C on May 9, 2023, during which she explained the shopping cart incident and her symptoms.

16. After the appointment, Ms. LaRocque was referred to physical therapy.

17. On June 22, 2023, imaging studies were done on her knee which demonstrated that her patella shifted when her knee came into contact with the shopping cart ,thus requiring a second surgery.

18. Dr. W. Frederick Thompson, MD, the orthopedic surgeon who performed Ms. LaRocque's first total knee replacement,  noted during Ms. LaRocque's Pre-Op Evaluation for her second surgery, that Ms. LaRocque had been healing uneventfully, but then the incident with the shopping cart occurred and ruptured her patella tendon..

19. Ms. Larocque underwent a left knee repair of infrapatellar tendon without graft on June 26, 2023 due to the injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

20. Ms. LaRocque underwent a third knee surgery on December 4, 2023, including removal and replacement of the original knee hardware, due to injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

### III.   FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### NEGLIGENCE

21.    Defendants The Kroger Inc. and Fred Meyer Stores, Inc. ("Fred Meyer Defendants") had a duty to protect the safety of their customers.

22.    Fred Meyer Defendants had a duty to inspect and maintain their property to ensure the safety of their customers.

23.    Fred Meyer Defendants had a duty to warn and give notice of dangerous conditions to customers on their property.

24.    Fred Meyer Defendants had a duty to remedy known dangerous conditions on their property.

25.    Fred Meyer Defendants breached their duties and their negligence was a cause in fact of Ms. LaRocque's injuries.

26.    Fred Meyer Defendants had actual and constructive notice of the unsafe condition: that the shopping carts could unexpectedly lock without warning to customers and guests.

27.    In the alternative, the nature of Fred Meyer Defendants' business and its methods of operation are such that the existence of the unsafe condition on its premises was reasonably foreseeable. *See Galassi v. Lowe's Home Centers, LLC,* 565 P.3d 116 (Washington Supreme Court Slip Opinion, March 13, 2025).

28.    In the alternative, Defendant Gatekeeper Systems, Inc. assumed the duty to inspect and maintain the anti-theft shopping cart locking system at issue in this lawsuit to ensure the safety of Fred Meyer Defendants' customers. Defendant Gatekeeper Systems, Inc. breached that duty.

29.    In the alternative, Defendant Gatekeeper Systems, Inc. assumed the duty to

FIRST AMENDED COMPLAINT - 4 of 8
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

maintain the safety of the anti-theft shopping cart locking system at issue in this lawsuit to ensure the safety of Fred Meyer Defendants' customers when it installed the anti-theft shopping cart locking system. Defendant Gatekeeper Systems, Inc. breached that duty.

30.     As a direct and proximate result of Defendants' breach of their duties, Ms. LaRocque suffered damages in an amount to be proven at time of trial.

31.     Defendants' wrongful actions are the proximate cause of Ms. LaRocque's damages, including past and future medical bills, wage loss, pain and suffering, disability, disfigurement, loss of enjoyment of life, anxiety, emotional distress, and other damages to be proven at trial.

32.     Ms. LaRocque has suffered, and will continue to suffer, economic and emotional harm as a result of Defendants' wrongful actions.

33.     Defendants are jointly and severally responsible for Ms. LaRocque's damages.

### IV.     SECOND CAUSE OF ACTION AGAINST GATEKEEPER SYSTEMS, INC.: PRODUCT LIABILITY

34.     Defendant Gatekeeper Systems, Inc. ("Gatekeeper") designs, manufactures, assembles, sells, tests, markets, installs, and/or maintains the anti-theft system used on Fred Meyer shopping carts at issue in this lawsuit.

35.     Upon information and belief, on or before May 6, 2023, Gatekeeper or its predecessors engaged in designing, manufacturing, assembling, testing, marketing, maintaining, installing, and selling shopping cart anti-theft mechanisms for commercial use, including the anti-theft mechanism described above throughout the United States, including Washington.

[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

36. On or before May 6, 2023, Defendant Gatekeeper or it predecessors, created a defective and unsafe condition in the subject shopping cart anti-theft mechanism in that the design, manufacture, assembly, testing, marketing, maintenance, installation and/or sale of the anti-theft mechanism was negligent, defective, and unreasonably dangerous and further Defendant Gatekeeper failed to issue proper and adequate guidelines, instructions, cautions and warnings related to the installation and use of the anti-theft mechanism, including but not limited to instructions and warnings relating to its operation and its installation, operator use, servicing and maintenance. As such, the anti-theft mechanism was not reasonably safe as designed and manufactured and/or was not reasonably safe because adequate warnings or instructions were not provided.

37. This action against Gatekeeper is brought pursuant to the common law of negligence and the Washington Product Liability Act, Chapter RCW 7.72. Ms. LaRocque alleges by reference each of the causes of action enumerated therein against Defendant Gatekeeper, including but not limited to strict liability, negligence, breach of express and implied warranty, failure to warn, failure to properly instruct as to use, misrepresentation, concealment, non-disclosure, negligent and defective design, assembly and manufacture.

38. As a direct and proximate result of Defendant Gatekeeper's wrongful actions, Ms. LaRocque suffered economic and non-economic injuries and damages in an amount to be proven at time of trial.

39. Defendant Gatekeeper's wrongful actions are the proximate cause of Ms. LaRocque's damages, including past and future medical bills, wage loss, pain and suffering, disability, disfigurement, loss of enjoyment of life, anxiety, emotional distress, and other damages to be proven at trial.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

40. Ms. LaRocque has suffered, and will continue to suffer, economic and emotional harm as a result of Defendant Gatekeeper's wrongful actions.

41. Defendants are jointly and severally responsible for Ms. LaRocque's damages.

WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

1. That judgment be entered in Plaintiff's favor against each Defendant compensating Plaintiff for her injuries and damages, including both special and general damages.

2. That the judgment includes statutory attorney fees and costs.

3. For prejudgment interest on all liquidated damages.

4. For such other relief as may be just and equitable.

Dated this 26th day of June, 2025.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

## DECLARATION OF SERVICE

I hereby declare that on June 26, 2025, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

John R. Barhoum, WSBA #42776
Sarah Tuthill-Kveton, WSBA #51801          ☐   Via Legal Messenger
Hanna R. Lukes, WSBA #62610                ☐   Via U.S. Mail
Chock Barhoum LLP                          ☒   Via CM/ECF E-Filing
121 SW Morrison Street, Suite 500          ☒   Via Email
Portland, OR 97204
john.barhoum@chockbarhoum.com
sarah@chockbarhoum.com
hanna.lukes@chockbarhoum.com
michelle.heilbrun@chockbarhoum.com
devon.haggart@chockbarhoum.com
e-service@chockbarhoum.com

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Sarah M. Weger, Legal Assistant
sweger@gth-law.com

FIRST AMENDED COMPLAINT - 8 of 8
[4871-5472-8598]