UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state,

Defendants.

NO. 3:25-cv-05380-MJP

DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

JURY DEMAND

COMES NOW, Defendant Gatekeeper Systems, Inc. (hereinafter "Defendant"), by and through its counsel of record, and answers Plaintiff's First Amended Complaint as follows:

## I.  PARTIES

1.  In response to paragraph 1, Defendant states that it is without sufficient information to admit or deny and therefore denies.

2.  In response to paragraph 2, Defendant states that it is without sufficient information to admit or deny and therefore denies.

DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 1

3. In response to paragraph 3, Defendant states that it is without sufficient information to admit or deny and therefore denies.

4. In response to paragraph 4, Defendant admits.

## II. BACKGROUND

5. In response to paragraph 5, Defendant states that it is without sufficient information to admit or deny and therefore denies.

6. In response to paragraph 6, Defendant states that it is without sufficient information to admit or deny and therefore denies.

7. In response to paragraph 7, Defendant states that it is without sufficient information to admit or deny and therefore denies.

8. In response to paragraph 8, Defendant states that it is without sufficient information to admit or deny and therefore denies.

9. In response to paragraph 9, Defendant states that it is without sufficient information to admit or deny and therefore denies.

10. In response to paragraph 10, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

11. In response to paragraph 11, Defendant denies.

12. In response to paragraph 12, Defendant states that it is without sufficient information to admit or deny and therefore denies.

13. In response to paragraph 13, Defendant states that it is without sufficient information to admit or deny and therefore denies.

DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - 2

**FLOYD | PFLUEGER**
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

14. In response to paragraph 14, Defendant states that it is without sufficient information to admit or deny and therefore denies.

15. In response to paragraph 15, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

16. In response to paragraph 16, Defendant states that it is without sufficient information to admit or deny and therefore denies.

17. In response to paragraph 17, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

18. In response to paragraph 18, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

19. In response to paragraph 19, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

20. In response to paragraph 20, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

### III. FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS NEGLIGENCE

21. In response to paragraph 21, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

FLOYD | PFLUEGER
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

22. In response to paragraph 22, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

23. In response to paragraph 23, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

24. In response to paragraph 24, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

25. In response to paragraph 25, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

26. In response to paragraph 26, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

27. In response to paragraph 27, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

28. In response to paragraph 28, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - 4

FLOYD | PFLUEGER
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

29. In response to paragraph 29, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

30. In response to paragraph 30, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

31. In response to paragraph 31, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

32. In response to paragraph 32, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

33. In response to paragraph 33, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

## IV. SECOND CAUSE OF ACTION AGAINST GATEKEEPER SYSTEMS INC.: PRODUCT LIABILITY

34. In response to paragraph 34, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

35. In response to paragraph 35, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 5

**FLOYD | PFLUEGER**
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

36. In response to paragraph 36, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

37. In response to paragraph 37, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

38. In response to paragraph 38, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

39. In response to paragraph 39, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

40. In response to paragraph 40, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

41. In response to paragraph 41, Defendant states that this paragraph contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies Plaintiff's Prayer for Relief in its entirety, including all subparts, and denies all factual allegations not specifically admitted.

**FLOYD | PFLUEGER**
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

**AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES to Plaintiff's First Amended Complaint, Defendant alleges as follows:

1. *No Act or Omission.* No act or omission of Defendant proximately caused the alleged damage to Plaintiff.

2. *Pre-Existing Condition.* Plaintiff's damages should be reduced to the extent their injuries and claimed damages are the result of pre-existing, superseding, or unrelated injuries, physical conditions, and/or psychological conditions.

3. *Intervening, Superseding Cause.* Plaintiff's injuries and/or damages were proximately caused by unforeseeable, independent, intervening, and/or superseding events, acts, or omissions beyond the control of and unrelated to any conduct, acts, or omissions of Defendant Gatekeeper.

4. *Comparative Fault, Contributory Negligence.* Plaintiff's injuries and/or damages were proximately caused by their own fault and/or negligent acts or omissions and failure to exercise reasonable care for their own safety. Pursuant to RCW 4.22 et seq., Plaintiff's damages should be barred or diminished proportionate to the comparative fault attributable to Plaintiff.

5. *Apportionment of Liability.* Pursuant to RCW 4.22.070 and other applicable law, Defendant places at issue the proportionate negligence, fault, and responsibility, if any, of all persons or entities contributing in any degree to the damages alleged by Plaintiff. This may include Plaintiff or additional persons or entities to be revealed by discovery. Damages are to be apportioned according to the relative fault of the parties and non-parties pursuant to Ch. 4.22 RCW and other applicable law. Judgment against Defendant Gatekeeper should be reduced to an amount representing their proportionate share of Plaintiff's total damages, if any such damages

FLOYD | PFLUEGER
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

and liability therefore exist. Defendant reserves the right, in the event that Plaintiff's settle with other persons or entities, to seek apportionment, offset or setoff.

6.      *Failure to Mitigate.* Investigation and discovery may reveal that Plaintiff's injuries and damages, if any, are due in part to Plaintiff's failure to mitigate damages or avoid avoidable consequences.

7.      *Payments/Write-Offs.* Plaintiff's damages for medical care and other similar economic damages are limited to those which have been paid by or on their behalf, and to those for which Plaintiff is legally responsible for payment. Defendant is entitled to a reduction in economic damages awarded in Plaintiff's favor to the extent that they have been or are written off, contractually reduced, or subject to contractual discounts or otherwise similarly reduced.

8.      *Assumption of Risk.* Plaintiff knowingly and voluntarily assumed the risks inherent to the activity in question, thereby barring any recovery for the damages sustained.

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant reserves the right to assert additional affirmative defenses that may be identified through continuing investigation and discovery, or withdraw any affirmative defense herein asserted as future investigation, discovery, or trial testimony dictates.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's First Amended Complaint and asserted affirmative defenses thereto, Defendant prays as follows:

1.      That Plaintiff's Complaint be dismissed with prejudice and without costs;

2.      That Defendant be awarded its costs and attorneys' fees incurred in the defense of this action; and

3.      For other such and equitable relief that the Court deems appropriate.

DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - 8

**FLOYD | PFLUEGER**
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

DATED this 18th day of July, 2025.

FLOYD | PFLUEGER
KEARNS, NEDDERMAN & GRESS, P.S.



Francis S. Floyd, WSBA No. 10642
Skyler P. Urban, WSBA No. 58761
3101 Western Ave, Suite 400
Seattle, WA  98121
206-441-4455
ffloyd@nwtrialattorneys.com
surban@nwtrialattorneys.com
*Attorneys for Defendant Gatekeeper Systems, Inc.*

FLOYD | PFLUEGER
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455

# DECLARATION OF SERVICE

Pursuant to RCW 9A.72.085, I declare under penalty of perjury and the laws of the State of Washington that on the below date, I delivered a true and correct copy of the foregoing via the method indicated below to the following parties:

| | | |
|---|---|---|
| Robert C. Wilke<br>Ian M. Leifer<br>Gordon Thomas Honeywell, LLP<br>1201 Pacific Avenue, Ste. 2100<br>Tacoma, WA 98401<br>rwilke@gth-law.com<br>ileifer@gth-law.com | *Counsel for Plaintiff* | ☒ Via Email/E-Service<br>☐ Via U.S. Mail |
| John R. Barhoum<br>Sarah Tuthill-Kveton<br>Chock Barhoum, LLP<br>121 SW Morrison St, Suite 500<br>Portland, OR 97204<br>john.barhoum@chockbarhoum.com<br>sarah@chockbarhoum.com | *Counsel for Defendants The Kroger Company and Fred Meyer Stores, Inc.* | ☒ Via Email/E-Service<br>☐ Via U.S. Mail |

DATED this 18th day of July, 2025.

*s/ Sophia E. S. Katinas*
Sophia E. S. Katinas, Legal Assistant

DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 10

FLOYD | PFLUEGER
KEARNS, NEDDERMAN & GRESS P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121-3017
206-441-4455