HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>                              Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>                              Defendants. | NO.  3:25-cv-05380<br><br>PLAINTIFF LINDA LAROCQUE'S MOTION TO COMPEL AGAINST FRED MEYER DEFENDANTS<br><br>NOTED: THURSDAY, AUGUST 14, 2025 |

## I.    INTRODUCTION

Plaintiff Linda LaRocque moves pursuant to Fed. R. Civ. P. 37 to compel The Kroger Co. and Fred Meyer Stores Inc. (collectively, "Fred Meyer Defendants") to produce, in unredacted form, an Incident Report Log it produced in redacted form. The Fred Meyer Defendants redacted the name of a customer who was injured in a similar manner to Ms. LaRocque when a shopping cart locked up due to its anti-theft mechanism. That

PLTF'S MOTION TO COMPEL - 1 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

incident occurred before Ms. LaRocque was injured. That customer's identity is relevant as they are a witness with information relevant to the dangerous condition, notice to Fred Meyer Defendants, and can provide testimony regarding whether the warning signs regarding the anti-theft mechanism were visible or obscured.

The Incident Report Log produced by the Fred Meyer Defendants also describes the incident in which Ms. LaRocque was injured. A Fred Meyer employee made that entry in the Incident Report Log and necessarily recorded the incident by either observing the incident, or learning of the incident from Ms. LaRocque and/or other Fred Meyer employees. However, Fred Meyer refuses to respond to interrogatories asking it to identify the employees who witnessed the incident, which would necessarily include the employee who made the entry in the Incident Report Log regarding Ms. LaRocque.

Because the Fred Meyer Defendants have refused to meaningfully participate in discovery, including responding to discovery late even after being granted an extension, providing Initial Disclosures past the agreed upon deadline, and asserting frivolous, baseless objections, Ms. LaRocque asks this Court to award her fees and costs associated with bringing this motion.

## II.    BACKGROUND

### A.    Ms. LaRocque Was Injured When a Fred Meyer Shopping Cart's Anti-Theft Mechanism Activated and the Wheels Suddenly Locked

Ms. LaRocque had a total left knee replacement surgery on February 8, 2023. On May 6, 2023, Ms. LaRocque shopped at Fred Meyer for a magnesium supplement her husband needed to take before an upcoming operation. Ms. LaRocque used a Fred Meyer shopping cart that had an anti-theft shopping mechanism that, unbeknownst to her, abruptly locks when leaving the store if the shopping cart does not pass through the checkout stand. Ms. LaRocque attempted to leave the store without passing through the

PLTF'S MOTION TO COMPEL - 2 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

checkout stand because Fred Meyer did not have the magnesium supplement. When the shopping cart locked, it abruptly hit her left knee, injuring and shifting her left patella, requiring two subsequent surgeries.

In response to written discovery, the Fred Meyer Defendants assert that warning signs concerning the shopping cart wheel locking system were placed in March 2018. However, photos from the Fred Meyer location at issue confirm that the warning signs are placed on both entrance doors in such a manner that they are completely obscured when the doors are open:



PLTF'S MOTION TO COMPEL - 3 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

**B.    The Fred Meyer Defendants Have Not Meaningfully Participated in Discovery**

Ms. LaRocque filed this lawsuit in Pierce County Superior Corut on April 14, 2025. On April 15, 2025, the Fred Meyer Defendants were served with the summons, complaint, and the same set of discovery that was subsequently served following the Fed. R. Civ. Pro. 26 conference, which occurred on May 12, 2025. (Dkt. 11).  Ms. LaRocque re-served written discovery on May 12, 2025. The parties jointly agreed Initial Disclosures would be exchanged by June 13, 2025. (Dkt. 11).

On June 11, 2025 Fred Meyer sent an email asking for an extension to respond to the discovery requests until June 18:

> Would you kindly grant defendants a short extension to respond to the discovery requests issued on May 12th? We would like an extension until next Wednesday, May [*sic*] 18th. If possible, we will provide them sooner.

(Wilke Decl., Ex. 1, Emails at p. 3).  Ms. LaRocque's counsel agreed to the extension. (*Id.* ).

On June 19, 2025, one day after the June 18 extended deadline, Ms. LaRocque's counsel sent an email asking for an update on the overdue discovery and overdue Initial Disclosures. (*Id.* at p. 2). Fred Meyer responded that it had mis-calendared the due dates and asked for a two-week extension to respond to discovery and provide Initial Disclosures, to July 3, 2025. (*Id.*).

Ms. LaRocque's counsel responded that any objections had been waived due to the overdue responses:

> One point of clarity, the responses are late and past the original extension due date—we aren't going to bring a motion at this point but our position is that your clients have waived any objections since the responses are overdue.

(Wilke Decl., Ex. 1 at p. 1).  The Fred Meyer Defendants responded to discovery on June 27, 2025. The Fred Meyer Defendants provided their Initial Disclosures on June 30, 2025.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

In written discovery, Ms. LaRocque asked the Fred Meyer Defendants to "provide a copy of all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405." (Wilke Decl., Ex. Nos. 2 and 3, Fred Meyer Defendants' Responses to Request for Production No. 7). In its June 27 response, the Fred Meyer Defendants both objected to this Request For Production, asserting that it was vague, overbroad, and unduly burdensome:

> **REQUEST FOR PRODUCTION NO. 7:** Provide a copy of all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405 from January 1, 2020 to present.
>
> **RESPONSE:** Objection, this Request is vague, overly broad, unduly burdensome, and not sufficiently tailored to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents that are confidential and proprietary in nature.

(*Id.*).

In written discovery, Ms. LaRocque also asked the Fred Meyer Defendants to identify all employees who have provided witness statements out of the accident at issue in this lawsuit (Interrogatory No. 3) and to provide the name, address, telephone numbers, and email addresses of all people whom you believe witnessed the accident at issue (Interrogatory No. 4). (Wilke Decl., Ex. Nos. 2 and 3).

Remarkably, in response Fred Meyer Defendants objected that the interrogatories seek information protected by the attorney-client privilege and/or work product doctrine, but then responded there were no other witnesses or any employee witness statements, other than Ms. LaRocque's husband. (*Id.*).

The parties held a discovery conference on July 2, 2025. (Wilke Decl., Ex. 1 at p. 5) to discuss a number of the Fred Meyer Defendant's deficient discovery responses. (*Id.*).

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

On July 14, 2025, the Fred Meyer Defendants supplemented their responses to discovery. (Wilke Decl., Ex. Nos. 2 and 3, Supplemental Responses).  The Fred Meyer Defendants produced an Incident Report Log, Bates Labeled 000108, identifying two incidents related to the wheel locking system in place at the store. (Wilke Decl., Ex. 6, Incident Report Log). One incident described Ms. LaRocque's May 6, 2023 injury: "cart locked up on CM causing her to strike her knee on the back of the cart." (*Id.*). The Fred Meyer Defendants did not supplement its responses to Interrogatory Nos. 3 or 4 to identify the employee(s) who gathered the information regarding Ms. LaRocque's incident. (Wilke Decl., Ex. Nos. 2 and 3).[1]

The Incident Repot Log described an earlier, similar injury that occurred on September 5, 2020:

> While pushing her cart she managed to lock its wheels and could not continue to push the cart. She used her momentum to push the cart which was stationary and twist her left knee. No other injuries. Did not seek medical treatment at the time but she stated she was going to seek treatment.

(*Id.*). The Fred Meyer Defendants redacted the name of this customer. (*Id.*).

On July 15, Ms. LaRocque's counsel emailed Fred Meyer asking it to set forth the basis for the redaction of the person injured by the shopping cart. (Wilke Decl., Ex. 1 at p. 9).  On July 17, Ms. LaRocque's counsel followed up again, stating:

> I am following up on this—we do not see any basis for redacting the name of the customer who was injured by a shopping cart at the Fred Meyer store. Please produce the responsive incident log in unredacted form by end of day Friday, July 13. I'm also inserting our summary of our last CR 26 conference below. It is obvious that an employee entered the information regarding Ms. LaRocque's injury in the incident log. That employee's

---

[1] After initially refusing to provide the names of every employee who was working at the Fred Meyer store on May 6, 2023 from 12:00 p.m. until 8:00 p.m. in response to Interrogatory No. 2 because it was "vague, overbroad, and not limited in scope and time"—objections which are demonstrably false—Fred Meyer produced a Punch Card for the date of the accident.  (Wilke Decl., Ex. Nos. 2, 3, 4, 5). The Fred Meyer Defendants, likely rushing to provide, pro forma, answers to discovery after realizing they had waived their objections due to their overdue responses, asserted a large number of baseless objections and only provided some meaningful responses in their supplemental responses. (*Id.*).

PLTF'S MOTION TO COMPEL - 6 of 12
[4871-5472-8598]

identity—and the employee(s) who reported it to the employee who entered it into the Fred Meyer incident log—would be responsive to Interrogatories Nos. 3 and/or 4. Neither Fred Meyer's nor Kroger's responses were supplemented with that information. Please supplement by end of day Friday, July 13. We have already met and conferred on these issues. Our position is that we have already satisfied our meet and confer obligations, but please let me know right away if you disagree.

(Wilke Decl., Ex. 1 at p. 12).

The Fred Meyer Defendants responded:

Sorry for the delay. Those names are redacted because it is someone else's personal information. We don't have their consent to provide that, and they have a reasonable expectation that their identities will remain private. Even if we did have their consent, the request is not reasonably calculated to lead to the discovery of admissible evidence. My understanding of your claim is that you sought evidence of other similar incidents to determine whether or not the store had notice. As such, the incidents, themselves, are discoverable, but their identities are not relevant to this claim for damages.

(*Id.* at pp. 11-12).

Ms. LaRocque responded,

Respectfully, your clients' position is untenable and not supported by the Federal Rules governing discovery. Your email acknowledges the prior shopping cart incident provided notice to your client and is relevant to the claims and defenses in this lawsuit. That injured customer has information regarding whether the warning signs were visible, which as you agree is relevant to notice, as well as how the anti-theft mechanism activated upon leaving the store, as well as your clients' response to the incident. The identity of that witness is discoverable. I want to be clear that we will be seeking our fees and costs in bringing a motion on this inappropriate redaction. I didn't see a response regarding the information requested in Interrogatory No. 3 and 4. If those responses are not supplemented by Friday, July 18 to identify the employees involved in drafting the incident report regarding Ms. LaRocque's injury we will also move to compel responses to those interrogatories and seek our fees and costs.

(*Id.* at p. 11).

The Fred Meyer Defendants did not produce the Incident Report Log in unredacted form, nor did they supplement their responses to Interrogatory Nos. 3 or 4, necessitating this motion.

PLTF'S MOTION TO COMPEL - 7 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

### III.    ARGUMENT

**A.    The Identity of Witnesses Involved in Recording Ms. LaRocque's Injury in the Incident Report Log are Discoverable and the Identity of a Customer Previously Injured by the Same Dangerous Condition is Discoverable**

Fed. R. Civ. P. 26(b)(1) provides that "Parties may obtain discovery regarding *any nonprivileged matter* that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." (emphasis added). "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Fed. R. Civ. P. 26 is "to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The discovery rules "should be liberally construed in favor of discovery where possible." *Klausen v. Sidney Printing & Pub. Co.*, 271 F. Supp. 783, 784 (D. Kan. 1967).

Here, Ms. LaRocque is entitled to discover information about: (1) the identity of employees who witnessed the incident and/or who reported the incident shortly after it occurred; (2) the identity of a Fred Meyer customer who was injured by the shopping cart locking mechanism before Ms. LaRocque was injured by the same mechanism.

First, it is undisputed a Fred Meyer Defendants' employee recorded Ms. LaRocque's incident in the Fred Meyer Incident Report Log. The employee who recorded the information in the log either witnessed the incident or recorded the details of the incident after learning about the incident. Either way the Fred Meyer Defendants must respond to discovery asking it do identify those employees with information about the incident.  There is no legitimate basis to shield the identity of employees who witnessed the or who spoke with Ms. LaRocque immediately after the incident.

Second, there is no legitimate basis for redacting the name of the customer who was injured by the shopping cart locking mechanism before Ms. LaRocque. Despite

PLTF'S MOTION TO COMPEL - 8 of 12
[4871-5472-8598]

Ms. LaRocque's good faith efforts to confer with Fred Meyer Defendants' counsel to secure the requested information, the Fred Meyer Defendants have continued to refuse to comply with their discovery obligations. The holdings of this Court and others make clear that the Fred Meyer Defendants have no justification for their failure to identify the customer who was previously injury by the shopping cart locking mechanism.

Moreover, the Fred Meyer Defendants have waived any objections to the discovery requests. After being served with interrogatories, requests for production, or requests for admission, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). The failure to timely respond to discovery requests will generally constitute a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure"); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). "Although Rule 34 does not contain an express provision that untimely objections are waived, courts have interpreted the rule regarding waiver consistent with Rule 33." *Sicilia v. State Farm Mut. Auto. Ins. Co.*, No. 214-CV-00812 GMN GWF, 2015 WL 3448680, at *3 (D. Nev. May 29, 2015) (citations omitted). Generally, in the absence of an extension of time or good cause, the failure to object to discovery requests within the time provide constitutes a waiver and "[t]his is true even of an objection that the information sought is privileged." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Even if there were a valid objection to identifying the name of the other customer that was injured in the same or similar manner to Ms. LaRocque—and the Fred Meyer Defendants have failed to articulate a valid objection—the identity of that witness is highly relevant to this case.  That customer likely has information relevant to notice given to Fred

PLTF'S MOTION TO COMPEL - 9 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Meyer Defendants about the dangerous condition, and the witness may be able to provide testimony regarding the existence, or visibility, of warning signs related to the anti-theft mechanism. Notably, the Fred Meyer Defendants have not moved for a protective order allowing them to redact or otherwise limit the information contained in the Incident Report Log.

In other words, the Fred Myer Defendants simply are not adhering to the rules governing discovery. Ms. LaRocque's motion to compel should be granted.

**B.    Ms. LaRocque Should Be Awarded Her Reasonable Fees and Costs Associated With Bringing this Motion**

Rule (37)(a)(5)(A) provides that if a motion to compel discovery is granted, or if discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the motion to pay the moving party reasonable expenses incurred in making the motion, including attorneys' fees. Ms. LaRocque should be permitted to submit to the Court, following a ruling on this motion to compel, a declaration of counsel setting forth attorneys' fees and other costs necessarily incurred in filing this motion.

## IV.    CONCLUSION

The Court should enter an order compelling Fred Meyer Defendants to produce its Incident Report Log, Bates Label -00008, in unredacted form and to respond fully to Interrogatory Nos. 3 and 4, identifying all employees who witnessed the incident and/or who reported the incident to the employee who created the Incident Report Log that describes Ms. LaRocque's injury by the shopping cart.

Fred Meyer Defendants should also pay Ms. LaRocque's reasonable expenses, including attorneys' fees, incurred in bringing this motion.

//

PLTF'S MOTION TO COMPEL - 10 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Dated this 24th day of July, 2025.

GORDON THOMAS HONEYWELL LLP

By _____

Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiff

PLTF'S MOTION TO COMPEL - 11 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

## DECLARATION OF SERVICE

I hereby declare that on July 24, 2025, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

John R. Barhoum, WSBA #42776
Sarah Tuthill-Kveton, WSBA #51801              ☐  Via Legal Messenger
Hanna R. Lukes, WSBA #62610                    ☐  Via U.S. Mail
Chock Barhoum LLP                              ☒  Via CM/ECF E-Filing
121 SW Morrison Street, Suite 500              ☒  Via Email
Portland, OR 97204
john.barhoum@chockbarhoum.com
sarah@chockbarhoum.com
hanna.lukes@chockbarhoum.com
michelle.heilbrun@chockbarhoum.com
devon.haggart@chockbarhoum.com
e-service@chockbarhoum.com

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Sarah M. Weger, Legal Assistant
sweger@gth-law.com

PLTF'S MOTION TO COMPEL - 12 of 12
[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565