EXHIBIT 1

| | |
|---|---|
| **From:** | Rob Wilke |
| **To:** | Hanna Lukes; Michelle Heilbrun; Shane Ishii-Huffer |
| **Cc:** | Ian Leifer; Sarah Weger; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010; Sarah Tuthill-Kveton |
| **Subject:** | RE: Larocque v. The Kroger Co., et al. |
| **Date:** | Thursday, June 19, 2025 1:07:39 PM |
| **Attachments:** | image001.png |
| | image002.png |

Hi Hanna: one point of clarity, the responses are late and past the original extension due date—we aren't going to bring a motion at this point but our position is that your clients have waived any objections since the responses are overdue.

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Rob Wilke
**Sent:** Thursday, June 19, 2025 1:01 PM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Shane Ishii-Huffer <SIshii-Huffer@gth-law.com>
**Cc:** Ian Leifer <ileifer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 <a5040417e+matter1805700019@maildrop.clio.com>; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al.

Hi Hanna:

Yes, that works for us. Thank you for the quick response.

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Hanna Lukes <hanna.lukes@chockbarhoum.com>
**Sent:** Thursday, June 19, 2025 12:58 PM
**To:** Rob Wilke <rwilke@gth-law.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>
**Cc:** Ian Leifer <ileifer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 <a5040417e+matter1805700019@maildrop.clio.com>; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al.

Hi Rob,

I am very sorry, I accidentally mis-calendared the due dates. If you would be gracious enough to give me a 2 week extension, I will get them to you before July 3rd. Does that work for you?

Thanks,

Hanna Lukes

---

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Thursday, June 19, 2025 12:56 PM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>
**Cc:** Ian Leifer <ileifer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 <a5040417e+matter1805700019@maildrop.clio.com>; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al.

Hi Hanna:

I wanted to check in to ask when we will receive your clients' initial disclosures and responses to discovery. Please let us know.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

---

**From:** Rob Wilke
**Sent:** Wednesday, June 11, 2025 12:58 PM
**To:** Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Shane Ishii-Huffer <SIshii-Huffer@gth-law.com>
**Cc:** Ian Leifer <ileifer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 <a5040417e+matter1805700019@maildrop.clio.com>; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al.

Hi Michelle:

Yes, of course. Happy to grant the extension.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

---

**From:** Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>
**Sent:** Wednesday, June 11, 2025 12:24 PM
**To:** Shane Ishii-Huffer <sishii-huffer@gth-law.com>
**Cc:** Rob Wilke <rwilke@gth-law.com>; Ian Leifer <ileifer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 <a5040417e+matter1805700019@maildrop.clio.com>; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>
**Subject:** Re: Larocque v. The Kroger Co., et al.

Counsel,

Would you kindly grant defendants a short extension to respond to the discovery requests issued on May 12th? We would like an extension until next Wednesday, May 18th. If possible, we will provide them sooner.

Thank you for your courtesies.

Best,

## Michelle Heilbrun
**Senior Paralegal**
**Direct:** (503) 943-2301
**Email:** michelle.heilbrun@chockbarhoum.com | **Service Email:** e-service@chockbarhoum.com



**Mailing/Location:**
121 SW Morrison Street, Suite 500
Portland, OR 97204
**Main:** (503) 223-3000 | **Fax:** (503) 954-3321

**Portland | Tacoma**

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at e-service@chockbarhoum.com for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to

return the original message to the sender and delete all messages from your system.

 please consider the environment before printing this email

---

**From:** Shane Ishii-Huffer <sishii-huffer@gth-law.com>
**Sent:** Monday, May 12, 2025 12:19 PM
**To:** John Barhoum <john.barhoum@chockbarhoum.com>; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; CB E-Service Group <e-service@chockbarhoum.com>
**Cc:** Rob Wilke <rwilke@gth-law.com>; Ian Leifer <ileifer@gth-law.com>; Sarah Weger <sweger@gth-law.com>
**Subject:** Larocque v. The Kroger Co., et al.

Attached please find:

- Plaintiff'' 1st Interrogatories and Requests for Production to Defendant The Kroger Company; and
- Plaintiff'' 1st Interrogatories and Requests for Production to Defendant Fred Meyer.

Word versions are also attached for your convenience.

## Shane A. Ishii-Huffer
Paralegal



1201 Pacific Avenue, Suite 2100
Tacoma, Washington 98402
T 253 620 6531

NOTICE: The information contained in this e-mail communication is confidential and may be protected by the attorney/client or work product privileges. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error and delete the copy you received. Thank you.

| From: | Rob Wilke |
| To: | Hanna Lukes; Heather Medwedeff; Ian Leifer; Shane Ishii-Huffer; Sarah Weger |
| Cc: | a5040417e+matter1805700019@maildrop.clio.com; Sarah Tuthill-Kveton; Michelle Heilbrun |
| Subject: | RE: Larocque v. The Kroger Co., et al |
| Date: | Wednesday, July 2, 2025 12:23:52 PM |
| Attachments: | image001.png |

Hi Hanna:

Thank you for the phone call today. Below I have summarized our conference. Please let us know right away if you disagree with any of my summary.

Regarding, Interrogatory No. 2, asking for all employees who were working at the subject Fred Meyer store between noon and 8:00 p.m. on the date of the incident, we discussed some of the objections raised by your clients Kroger and Fred Meyer (there was a numbering issue with one set, but for purposes of the discovery requests at issue, they are identical and your clients' responses are identical). We agreed that the request was not vague, but your clients took issue with the request being overbroad despite our attempt to limit the temporal scope. We agreed to limit the temporal scope even further, from 2:00 p.m. to 8:00 p.m. on the date of the incident. I explained why the identity of the employees working at the store on the date of the incident is relevant. We also discussed that Fred Meyer did not identify any employee or manager working on the date of the incident in its Initial Disclosures.  You agreed to check with your client and confirm whether you will supplement discovery with the responsive employee information by Monday, July 14.

Regarding Interrogatory No. 3, which asks your clients to identify any employees who provided witness statements regarding the incident, we disagreed that the names of witnesses are protected by either the attorney-client or work-product privilege. You agreed to confirm whether any employees provided witness statements and if so, to provide the identify of those witnesses. If those employees provided witness statements, those statements would be responsive to other Requests for Production—if the statements are being withheld, they should be identified in a privilege log. You agreed to follow up by Monday, July 14 to confirm whether you have responsive information to supplement.

Regarding Interrogatory No. 4, which asks your clients to provide the name, address, telephone numbers, and addresses of people who witnessed the accident, we disagreed that the identity of witnesses would be protected by either the attorney-client or work-product privileged. You agreed to follow up by Monday, July 14 to confirm whether you have responsive information to supplement.

Regarding Request for Production No. 5, which asks your clients to produce "all reports, notes, communications, summaries, photographs, and/or investigation documents related to the May 6, 2023 accident at issue in this lawsuit," we confirmed we are not asking for communications between your clients and their attorneys. I confirmed we are asking for Kroger/Fred Meyer's internal reports, notes, communications, summaries, photographs, and/or investigation documents. No responsive documents were produced. You agreed to confirm whether responsive documents exist and either produce them or identify them in a privilege log by Monday, July 14.

Request for Production No. 6 seeks surveillance footage of the incident. You confirmed that any surveillance footage does not exist and was written over.

Request for Production No. 7 asks for all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer store at issue in this lawsuit from January 1, 2020 to present. You offered to confirm whether any responsive accident reports exist—we asked that you review the incident logs and/or accident reports to confirm whether any incident relates to the wheel locking system. We agreed you would follow up by Monday, July 14 to confirm. (*See* discussion regarding Interrogatory No. 3).

Request for Production No. 9 asks for "all policies and procedures you [have] regarding shopping carts that were in existence in May of 2023." I confirmed we are only asking for shopping cart policies and procedures in effect at the specific Fred Meyer store at issue in this lawsuit. We agreed you would confirm that all responsive policies and procedures have been produced by Monday, July 14.

Regarding Request for Production No. 10, which asks for "a copy of all claims and complaints against you arising out of an allegation that a patron was injured by shopping carts at the accident site between January 1, 2020 to April 2025," we agreed you would confirm whether your clients have any responsive items by Monday, July 14 and either produce those items or provide a privilege log.

I hope you have a chance to enjoy the Fourth.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

---

**From:** Rob Wilke
**Sent:** Monday, June 30, 2025 3:27 PM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Heather Medwedeff <heather@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <SIshii-Huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>
**Cc:** a5040417e+matter1805700019@maildrop.clio.com; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al

Hi Hanna:

Wednesday at 11:00 a.m. works for me. I will plan to call your office line.

We will discuss your clients' responses (or lack thereof) to Interrogatory Nos. 2, 3, 4, 5 and RFP Nos. 5, 6, 7, 9, and 10. We will also discuss the invocation of work product and attorney-client privileges in the responses, but no privilege log was produced.

Thanks,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

---

**From:** Hanna Lukes <hanna.lukes@chockbarhoum.com>
**Sent:** Monday, June 30, 2025 2:46 PM
**To:** Rob Wilke <rwilke@gth-law.com>; Heather Medwedeff <heather@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>
**Cc:** a5040417e+matter1805700019@maildrop.clio.com; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al

Hi Rob,

I have availability on Wednesday after 10:30am. Often, these conversations are more productive when we have an outline of the concerns prior to the call. Could you provide me with what responses you believe to be insufficient and why so I can better prepare for the call?

Thanks,

Hanna Lukes

---

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Friday, June 27, 2025 12:44 PM
**To:** Heather Medwedeff <heather@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>
**Cc:** a5040417e+matter1805700019@maildrop.clio.com; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al

Counsel: please let me know your availability next week for a discovery conference to discuss your client's deficient responses.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

---

**From:** Heather Medwedeff <heather@chockbarhoum.com>
**Sent:** Friday, June 27, 2025 12:38 PM
**To:** Rob Wilke <rwilke@gth-law.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>
**Cc:** a5040417e+matter1805700019@maildrop.clio.com; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>
**Subject:** Larocque v. The Kroger Co., et al

Dear counsel,
Attached please find for service copies of Defendants' Responses to Plaintiff's Discovery Requests. Responsive docs are being sent separately by a secure link.
We do not intend to follow up with a hard copy by mail unless specifically requested. We would appreciate a brief email reply acknowledging receipt of the attached.
Thank you for your professional courtesies,

*Heather Medwedeff*

**Senior Legal Assistant**
**Direct:** (971) 302-6436

**Email:** heather@chockbarhoum.com |**Service Email:** e-service@chockbarhoum.com



**PORTLAND | TACOMA**

**Mailing/Location:**
121 SW Morrison Street, Suite 500
Portland, OR 97204
**Main:** (503) 223-3000 | **Fax:** (503) 954-3321
Website | vCard | LinkedIn | Facebook

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at e-service@chockbarhoum.com for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

 please consider the environment before printing this email

| From: | Rob Wilke |
|---|---|
| To: | Hanna Lukes; Devon Haggart; Ian Leifer; Shane Ishii-Huffer; Sarah Weger; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com |
| Cc: | Sarah Tuthill-Kveton; Michelle Heilbrun; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) |
| Subject: | RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP |
| Date: | Tuesday, July 15, 2025 9:09:00 AM |
| Attachments: | image001.png |

Good morning, Hanna:

Can you please explain the basis for the redaction of the person injured by a shopping cart, Bates Number 00108?

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

---

**From:** Devon Haggart <devon.haggart@chockbarhoum.com>
**Sent:** Monday, July 14, 2025 3:25 PM
**To:** Rob Wilke <rwilke@gth-law.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Greetings Counsel:

Attached please find the following documents:

1. Defendant The Kroger Co.'s Amended Response to Plaintiff's First Request for Interrogatories and First Request for Production (with appending attachments); and
2. Defendant Fred Meyer Stores, Inc.'s Amended Response to Plaintiff's First Request for Interrogatories and First Request for Production (no other documents to produce).

We do not intend to follow with hard copies unless specifically requested

Warmly,

*Devon Haggart*

**Legal Assistant**
**Direct:** (503) 943-2299 x 6440
**Mobile:** (503) 740-3914
**Email:** devon.haggart@chockbarhoum.com|**Service Email:** e-service@chockbarhoum.com



**Portland | Tacoma**

**Mailing/Location:**
121 SW Morrison Street, Suite 500
Portland, OR 97204
**Main:** (503) 223-3000 | **Fax:** (503) 954-3321
Website | vCard | LinkedIn | Facebook

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at e-service@chockbarhoum.com for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

 please consider the environment before printing this email

| From: | Rob Wilke |
| --- | --- |
| To: | Hanna Lukes; Devon Haggart; Ian Leifer; Shane Ishii-Huffer; Sarah Weger; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com |
| Cc: | Sarah Tuthill-Kveton; Michelle Heilbrun; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) |
| Subject: | RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP |
| Date: | Thursday, July 17, 2025 12:06:56 PM |
| Attachments: | image001.png |

Hi Hanna:

Respectfully, your clients' position is untenable and not supported by the Federal Rules governing discovery.

Your email acknowledges the prior shopping cart incident provided notice to your client and is relevant to the claims and defenses in this lawsuit. That injured customer has information regarding whether the warning signs were visible, which as you agree is relevant to notice, as well as how the anti-theft mechanism activated upon leaving the store, as well as your clients' response to the incident. The identity of that witness is discoverable. I want to be clear that we will be seeking our fees and costs in bringing a motion on this inappropriate redaction.

I didn't see a response regarding the information requested in Interrogatory No. 3 and 4. If those responses are not supplemented by Friday, July 18 to identify the employees involved in drafting the incident report regarding Ms. LaRocque's injury we will also move to compel responses to those interrogatories and seek our fees and costs.

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Hanna Lukes <hanna.lukes@chockbarhoum.com>
**Sent:** Thursday, July 17, 2025 10:20 AM
**To:** Rob Wilke <rwilke@gth-law.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Rob,

Sorry for the delay. Those names are redacted because it is someone else's personal

information. We don't have their consent to provide that, and they have a reasonable expectation that their identities will remain private. Even if we did have their consent, the request is not reasonably calculated to lead to the discovery of admissible evidence.

My understanding of your claim is that you sought evidence of other similar incidents to determine whether or not the store had notice. As such, the incidents, themselves, are discoverable, but their identities are not relevant to this claim for damages.

Thanks,

Hanna

---

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Thursday, July 17, 2025 7:22 AM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Good morning, Hanna:

I am following up on this—we do not see any basis for redacting the name of the customer who was injured by a shopping cart at the Fred Meyer store. Please produce the responsive incident log in unredacted form by end of day Friday, July 13.

I'm also inserting our summary of our last CR 26 conference below. It is obvious that an employee entered the information regarding Ms. LaRocque's injury in the incident log. That employee's identity—and the employee(s) who reported it to the employee who entered it into the Fred Meyer incident log—would be responsive to Interrogatories Nos. 3 and/or 4. Neither Fred Meyer's nor Kroger's responses were supplemented with that information. Please supplement by end of day Friday, July 13.

We have already met and conferred on these issues. Our position is that we have already satisfied our meet and confer obligations, but please let me know right away if you disagree.

Thank you,

Rob

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Wednesday, July 2, 2025 12:24 PM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Heather Medwedeff
<heather@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-
Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>
**Cc:** a5040417e+matter1805700019@maildrop.clio.com; Sarah Tuthill-Kveton
<sarah@chockbarhoum.com>; Michelle Heilbrun
<michelle.heilbrun@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al

Hi Hanna:

Thank you for the phone call today. Below I have summarized our conference. Please let us know right away if you disagree with any of my summary.

Regarding, Interrogatory No. 2, asking for all employees who were working at the subject Fred Meyer store between noon and 8:00 p.m. on the date of the incident, we discussed some of the objections raised by your clients Kroger and Fred Meyer (there was a numbering issue with one set, but for purposes of the discovery requests at issue, they are identical and your clients' responses are identical). We agreed that the request was not vague, but your clients took issue with the request being overbroad despite our attempt to limit the temporal scope. We agreed to limit the temporal scope even further, from 2:00 p.m. to 8:00 p.m. on the date of the incident. I explained why the identity of the employees working at the store on the date of the incident is relevant. We also discussed that Fred Meyer did not identify any employee or manager working on the date of the incident in its Initial Disclosures. You agreed to check with your client and confirm whether you will supplement discovery with the responsive employee information by Monday, July 14.

Regarding Interrogatory No. 3, which asks your clients to identify any employees who provided witness statements regarding the incident, we disagreed that the names of witnesses are protected by either the attorney-client or work-product privilege. You agreed to confirm whether any employees provided witness statements and if so, to provide the identify of those witnesses. If those employees provided witness statements, those statements would be responsive to other Requests for Production—if the statements are being withheld, they should be identified in a privilege log. You agreed to follow up by Monday, July 14 to confirm whether you have responsive information to supplement.

Regarding Interrogatory No. 4, which asks your clients to provide the name, address, telephone numbers, and addresses of people who witnessed the accident, we disagreed that the identity of witnesses would be protected by either the attorney-client or work-product privileged. You agreed to follow up by Monday, July 14 to confirm whether you have responsive information to supplement.

Regarding Request for Production No. 5, which asks your clients to produce "all reports, notes, communications, summaries, photographs, and/or investigation documents related to the May 6, 2023 accident at issue in this lawsuit," we confirmed we are not asking for communications between your clients and their attorneys. I confirmed we are asking for Kroger/Fred Meyer's internal reports, notes, communications, summaries, photographs, and/or investigation documents. No responsive documents were produced. You agreed to confirm whether responsive documents exist and either produce them or identify them in a privilege log by Monday, July 14.

Request for Production No. 6 seeks surveillance footage of the incident. You confirmed that any surveillance footage does not exist and was written over.

Request for Production No. 7 asks for all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer store at issue in this lawsuit from January 1, 2020 to present. You offered to confirm whether any responsive accident reports exist—we asked that you review the incident logs and/or accident reports to confirm whether any incident relates to the wheel locking system. We agreed you would follow up by Monday, July 14 to confirm. (*See* discussion regarding Interrogatory No. 3).

Request for Production No. 9 asks for "all policies and procedures you [have] regarding shopping carts that were in existence in May of 2023." I confirmed we are only asking for shopping cart policies and procedures in effect at the specific Fred Meyer store at issue in this lawsuit. We agreed you would confirm that all responsive policies and procedures have been produced by Monday, July 14.

Regarding Request for Production No. 10, which asks for "a copy of all claims and complaints against you arising out of an allegation that a patron was injured by shopping carts at the accident site between January 1, 2020 to April 2025," we agreed you would confirm whether your clients have any responsive items by Monday, July 14 and either produce those items or provide a privilege log.

I hope you have a chance to enjoy the Fourth.

Thank you,

Rob


**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Rob Wilke
**Sent:** Tuesday, July 15, 2025 9:09 AM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <SIshii-Huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Good morning, Hanna:

Can you please explain the basis for the redaction of the person injured by a shopping cart, Bates Number 00108?

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

---

**From:** Devon Haggart <devon.haggart@chockbarhoum.com>
**Sent:** Monday, July 14, 2025 3:25 PM
**To:** Rob Wilke <rwilke@gth-law.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Greetings Counsel:

Attached please find the following documents:

1. Defendant The Kroger Co.'s Amended Response to Plaintiff's First Request for

Interrogatories and First Request for Production (with appending attachments); and

2. Defendant Fred Meyer Stores, Inc.'s Amended Response to Plaintiff's First Request for Interrogatories and First Request for Production (no other documents to produce).

We do not intend to follow with hard copies unless specifically requested

Warmly,

*Devon Haggart*

**Legal Assistant**
**Direct:** (503) 943-2299 x 6440
**Mobile:** (503) 740-3914
**Email:** devon.haggart@chockbarhoum.com | **Service Email:** e-service@chockbarhoum.com



**Portland** | **Tacoma**

**Mailing/Location:**
121 SW Morrison Street, Suite 500
Portland, OR 97204
**Main:** (503) 223-3000 | **Fax:** (503) 954-3321
Website | vCard | LinkedIn | Facebook

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at e-service@chockbarhoum.com for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

 please consider the environment before printing this email