UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>       Plaintiff,<br><br>  v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>       Defendants. | NO.  3:25-cv-05380<br><br>PLAINTIFF LINDA LAROCQUE'S RENEWED MOTION TO COMPEL AGAINST FRED MEYER DEFENDANTS<br><br><br>NOTED: SEPTEMBER 2, 2025 |

## I. INTRODUCTION

Ms. LaRocque brings this renewed motion to compel the identity of a Fred Meyer customer who was injured in the same manner and at the same store as Ms. LaRocque when the anti-theft mechanism on a Fred Meyer shopping cart engaged and suddenly locked the shopping cart. Specifically, The Kroger Co. and Fred Meyer Stores Inc. (collectively, "Fred Meyer Defendants") have redacted the name of the customer in an Incident Report Log they produced in response to Ms. LaRocque's Request for Production

No. 7. (See Dkt No. 26-1, Ex. 6, Incident Report Log). The Fred Meyer Defendants continue to refuse to produce an unredacted version of the Log. The customer's identity is discoverable as the customer likely has information related to the dangerous condition, the scope of the notice given to Fred Meyer Defendants about the dangerous condition, and can provide testimony regarding the existence of warning signs related to the anti-theft mechanism, and whether the warning signs regarding the anti-theft mechanism were visible or obscured.

Ms. LaRocque brought an earlier motion to compel on this same issue.[1] (See Dkt Not. 25, Motion to Compel). In ruling on the earlier motion to compel, the Court required the parties to meet and confer. (Dkt No. 27). The Court ruled that if the parties could not reach agreement, Ms. LaRocque may bring a renewed motion to compel. (*Id.*).

Following an August 6, 2025 discovery conference, the Fred Meyer Defendants continue to refuse to produce an unredacted version of the Incident Report Log. The Fred Meyer Defendants erroneously argue that revealing the identity of a single Fred Meyer customer is confidential information and is not proportional to the needs of the case.

Ms. LaRocque brings this renewed motion to compel pursuant to Fed. R. Civ. P. 37 to compel the Fred Meyer Defendants to produce, in unredacted form, the Incident Report Log. Because there is no legitimate basis to withhold the identity of a potential witness in this case, Ms. LaRocque asks this Court to award her fees and costs associated with bringing this motion.

//

//

//

---

[1] Ms. LaRocque's earlier motion also asked the Fred Meyer Defendants to supplement their responses to Interrogatory Nos. 3 and 4 regarding employee witness statements. That issue has been resolved.

PLTF'S RENEWED MOTION TO COMPEL - 2 of 12
[4871-5472-8598]

## II. MEET AND CONFER CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1) AND LCR 37(A)(1)

Ms. LaRocque certifies that, pursuant to pursuant to Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1), her counsel has met and conferred with the Fred Meyer Defendants' counsel in good faith to try to resolve the present dispute without Court action. The parties conferred on August 6, 2025 regarding the Fred Meyer Defendants' refusal to identify the customer injured at the same Fred Meyer location and in the same manner. (Declaration of Robert Wilke in Support of Renewed Motion to Compel, "Wilke Renewed Motion Dec.", Ex. 1, Discovery Conference Emails).

## III. BACKGROUND

### A. Ms. LaRocque Was Injured When a Fred Meyer Shopping Cart's Anti-Theft Mechanism Activated and the Wheels Suddenly Locked

Ms. LaRocque had a total left knee replacement surgery on February 8, 2023. On May 6, 2023, Ms. LaRocque shopped at Fred Meyer for a magnesium supplement her husband needed to take before an upcoming operation. Ms. LaRocque used a Fred Meyer shopping cart that had an anti-theft shopping mechanism that, unbeknownst to her, abruptly locks when leaving the store if the shopping cart does not pass through the checkout stand. Ms. LaRocque attempted to leave the store without passing through the checkout stand because Fred Meyer did not have the magnesium supplement. When the shopping cart locked, it abruptly hit her left knee, injuring and shifting her left patella, requiring two subsequent surgeries.

In response to written discovery, the Fred Meyer Defendants assert that warning signs concerning the shopping cart wheel locking system were placed in March 2018. However, photos from the Fred Meyer location at issue confirm that the warning signs are placed on both entrance doors in such a manner that they are completely obscured when the doors are open:

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565



## B. The Fred Meyer Defendants Have Not Meaningfully Participated in Discovery

Ms. LaRocque filed this lawsuit in Pierce County Superior Court on April 14, 2025. On April 15, 2025, the Fred Meyer Defendants were served with the summons, complaint, and the same set of discovery that was subsequently served following the FRCP 26 conference, which occurred on May 12, 2025. (Dkt. 11). Ms. LaRocque re-served written discovery on May 12, 2025. The parties jointly agreed Initial Disclosures would be exchanged by June 13, 2025. (Dkt. 11).

On June 11, 2025 Fred Meyer sent an email asking for an extension to respond to the discovery requests until June 18:

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

> Would you kindly grant defendants a short extension to respond to the discovery requests issued on May 12th? We would like an extension until next Wednesday, May [*sic*] 18th. If possible, we will provide them sooner.

(Dkt No. 26-1, Ex. 1,  Emails at p. 3).  Ms. LaRocque's counsel agreed to the extension. (*Id.*).

On June 19, 2025, one day after the June 18 extended deadline, Ms. LaRocque's counsel sent an email asking for an update on the overdue discovery and overdue Initial Disclosures. (*Id.* at p. 2). Fred Meyer responded that it had mis-calendared the due dates and asked for a two-week extension to respond to discovery and provide Initial Disclosures, to July 3, 2025. (*Id.*).

Ms. LaRocque's counsel responded that any objections had been waived due to the overdue responses:

> One point of clarity, the responses are late and past the original extension due date—we aren't going to bring a motion at this point but our position is that your clients have waived any objections since the responses are overdue.

(Dkt No. 26-1, Ex. 1 at p. 1).  The Fred Meyer Defendants responded to discovery on June 27, 2025. The Fred Meyer Defendants provided their Initial Disclosures on June 30, 2025.

In written discovery, Ms. LaRocque asked the Fred Meyer Defendants to "provide a copy of all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405." (Dkt No. 26-1, Ex. Nos. 2 and 3, Fred Meyer Defendants' Responses to Request for Production No. 7).  In its June 27 response, the Fred Meyer Defendants both objected to this Request For Production, asserting that it was vague, overbroad, and unduly burdensome, and seeks confidential and proprietary information.

//

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500 - FACSIMILE (253) 620-6565

**REQUEST FOR PRODUCTION NO. 7:** Provide a copy of all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405 from January 1, 2020 to present.

**RESPONSE:** Objection, this Request is vague, overly broad, unduly burdensome, and not sufficiently tailored to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents that are confidential and proprietary in nature.

(*Id.*).

The parties held a discovery conference on July 2, 2025. (Dkt No. 26-1., Ex. 1 at p. 5). On July 14, 2025, the Fred Meyer Defendants supplemented their responses to discovery, an Incident Report Log, Bates Labeled 000108, identifying two incidents related to the wheel locking system in place at the store. (Dkt No. 26-1, Ex. 6, Incident Report Log).

The Incident Report Log describes an earlier, similar injury that occurred on September 5, 2020:

> While pushing her cart she managed to lock its wheels and could not continue to push the cart. She used her momentum to push the cart which was stationary and twist her left knee. No other injuries. Did not seek medical treatment at the time but she stated she was going to seek treatment.

(*Id.*). The Fred Meyer Defendants redacted the name of this customer. (*Id.*).

On July 15, 2025, Ms. LaRocque's counsel emailed the Fred Meyer Defendants asking them to set forth the basis for the redaction of the person injured by the shopping cart and asked the Fred Meyer Defendants to produce the Log in unredacted form. (Dkt No. 26-1, Ex. 1 at p. 9). The Fred Meyer Defendants would not agree to produce the Incident Report Log in unredacted form.

Ms. LaRocque brought a motion to compel on July 24, 2025. (Dkt No. 25). The Court issued an Order denying the motion, requiring the parties to meet and confer without delay, and if the parties are unable to reach agreement, then Ms. LaRocque "may file a renewed

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

motion to compel" to include a proper certification as required by LCR 37(a)(1). (Dkt No. 27).

On July 28, 2025, Ms. LaRocque's counsel emailed the Fred Meyer Defendants to schedule a discovery conference. (Wilke Renewed Motion Decl., Ex. 1). The parties scheduled a discovery conference for August 1, 2025. (*Id.*). Two hours before the conference, the Fred Meyer Defendants' counsel asked to reschedule the conference to allow time for the Fred Meyer Defendants to "talk to my client about your request ... had we been able to do that last time, you would have gotten more before filing your motion." (*Id.* at p. 7).

Ms. LaRocque responded, "we are concerned—and it is surprising to learn—that Hanna took the previous position to withhold discoverable information without first speaking with your client" and agreed to reschedule the conference. (*Id.* at p. 8). The parties agreed to confer on August 6, 2025.

Prior to the conference, Ms. LaRocque asked the Fred Meyer Defendants to provide legal authority supporting their position that: (1) the identity of a single customer who was injured in the same manner and in the same location is not proportional to the needs of the case; (2) the identity of a single customer is privileged and/or confidential information that requires redaction and withholding from discovery. (*Id.* at p. 3). To date, the Fred Meyer Defendants have been unable to provide any such legal authority.

The parties conferred on August 6. The parties were able to resolve the issues regarding Interrogatory Nos. 3 and 4. (Wilke Renewed Motion Decl., Ex. 1). However, the Fred Meyer Defendants refused to produce the Incident Report Log in unredacted form, asserting that revealing the identity of the injured customer is not proportional to the needs of the case and contains confidential information, necessitating this renewed motion.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

## IV.    ARGUMENT

### A.    The Identity of a Customer Previously Injured by the Same Dangerous Condition is Discoverable

Fed. R. Civ. P. 26(b)(1) provides that "Parties may obtain discovery regarding *any nonprivileged matter* that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." (emphasis added). "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Fed. R. Civ. P. 26 is "to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The discovery rules "should be liberally construed in favor of discovery where possible." *Klausen v. Sidney Printing & Pub. Co.*, 271 F. Supp. 783, 784 (D. Kan. 1967); *see also Sci. Games Corp. v. AGS LLC*, 2017 WL 3013251, at *2 (D. Nev. July 13, 2017) ("Even after the 2015 amendments, courts continue to recognize that discovery relevance remains 'broad' in scope.").

"Proportionality focuses on the marginal utility of the discovery sought." *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D. N.Y. 2016) (internal quotation marks and citation omitted). The party resisting discovery bears the burden of showing why discovery should not be allowed. *Doutherd v. Montesdeoca*, 2018 WL 3008867, at *2 (E.D. Cal. June 15, 2018) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Here, Ms. LaRocque is entitled to discover the identity of a Fred Meyer customer who was injured by the shopping cart locking mechanism before Ms. LaRocque was injured by the same mechanism.  There is no legitimate basis for redacting the name of the customer who was injured by the shopping cart locking mechanism before Ms. LaRocque.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500 - FACSIMILE (253) 620-6565

The identity of that witness is highly relevant to this case. That customer likely has information relevant to the dangerous condition itself, i.e. the anti-theft locking mechanism, notice given to the Fred Meyer Defendants, the location and/or existence of warning signs related to the anti-theft mechanism, and whether the warning signs were obscured entirely or partially by the automatic doors. Revealing the identity of a single customer is not unduly burdensome or otherwise disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b). Ms. LaRocque is not asking for a voluminous customer list, she is simply seeking the name of a single customer who was injured by the same dangerous condition at the same location as Ms. LaRocque.

Notably, the Fred Meyer Defendants have not moved for a protective order or demonstrated good cause allowing them to redact or otherwise limit the information contained in the Incident Report Log. Even if the identity of the customer injured by the shopping cart were confidential information, the proper mechanism to deal with that information would be to move for a protective order rather than simply withhold the information from discovery. *See* Fed. R. Civ. P. 26(c)(1). The Fred Meyer Defendants likely did not move for a protective order because there is no legitimate basis or good cause to shield or limit the identity of a witness to the dangerous condition from discovery, even if that witness happened to be a customer of Fred Meyer.

Moreover, the Fred Meyer Defendants have waived any objections to the discovery requests. After being served with interrogatories, requests for production, or requests for admission, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). The failure to timely respond to discovery requests will generally constitute a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

the court, for good cause, excuses the failure"); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). "Although Rule 34 does not contain an express provision that untimely objections are waived, courts have interpreted the rule regarding waiver consistent with Rule 33." *Sicilia v. State Farm Mut. Auto. Ins. Co.*, No. 214-CV-00812 GMN GWF, 2015 WL 3448680, at *3 (D. Nev. May 29, 2015) (citations omitted). Generally, in the absence of an extension of time or good cause, the failure to object to discovery requests within the time provide constitutes a waiver and "[t]his is true even of an objection that the information sought is privileged." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

In other words, the Fred Meyer Defendants simply are not adhering to the rules governing discovery. Ms. LaRocque's renewed motion to compel should be granted.

**B. Ms. LaRocque Should Be Awarded Her Reasonable Fees and Costs Associated With Bringing this Motion**

Rule (37)(a)(5)(A) provides that if a motion to compel discovery is granted, or if discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the motion to pay the moving party reasonable expenses incurred in making the motion, including attorneys' fees. Ms. LaRocque should be permitted to submit to the Court, following a ruling on this motion to compel, a declaration of counsel setting forth attorneys' fees and other costs necessarily incurred in filing this motion.

## V. CONCLUSION

The Court should enter an order compelling Fred Meyer Defendants to produce its Incident Report Log, Bates Label -00008, in unredacted form. The Fred Meyer Defendants have had multiple opportunities to turn over the unredacted Incident Report Log and have refused to do so, despite not having a legitimate basis to withhold this discoverable

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

information. Accordingly, the Fred Meyer Defendants should pay Ms. LaRocque's reasonable expenses, including attorneys' fees, incurred in bringing this motion.

Dated this 12th day of August, 2025.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

**DECLARATION OF SERVICE**

I hereby declare that on August 12, 2025, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

| | | |
|---|---|---|
| John R. Barhoum, WSBA No. 42776<br>Sarah Tuthill-Kveton, WSBA No. 51801<br>Hanna R. Lukes, WSBA No. 62610<br>Chock Barhoum LLP<br>121 SW Morrison Street, Suite 500<br>Portland, OR 97204<br>john.barhoum@chockbarhoum.com<br>sarah@chockbarhoum.com<br>hanna.lukes@chockbarhoum.com<br>michelle.heilbrun@chockbarhoum.com<br>devon.haggart@chockbarhoum.com<br>e-service@chockbarhoum.com | ☐<br>☐<br>☒<br>☒ | Via Legal Messenger<br>Via U.S. Mail<br>Via CM/ECF E-Filing<br>Via Email |
| Francis S. Floyd, WSBA No. 10642<br>Skyler P. Urban, WSBA No. 58761<br>Floyd, Pflueger, Kearns, Nedderman, & Gress, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>ffloyd@nwtrialattorneys.com<br>surban@nwtrialattorneys.com<br>ecampbell@nwtrialattorneys.com<br>skatinas@nwtrialattorneys.com | ☐<br>☐<br>☒<br>☒ | Via Legal Messenger<br>Via U.S. Mail<br>Via CM/ECF E-Filing<br>Via Email |

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

Sarah M. Weger, Legal Assistant
sweger@gth-law.com

PLTF'S RENEWED MOTION TO COMPEL - 12 of 12
[4871-5472-8598]