EXHIBIT 1

From: Sarah Tuthill-Kveton
To: Rob Wilke; Hanna Lukes; Devon Haggart; Ian Leifer; Shane Ishii-Huffer; Sarah Weger; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Michelle Heilbrun; Larocque v. The Kroger Co. et al Clio Maildrop KRO224, 0010 (a5040417e+matter1805700019@maildrop.clio.com)
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP
Date: Wednesday, August 6, 2025 10:58:32 AM
Attachments: image001.png
image002.png
image003.png

Hi Rob,

Yes, we will have to agree to disagree on releasing the customers name for an unrelated matter for a number of reasons, as discussed.

We will timely respond to your motion when filed.

## Sarah Tuthill-Kveton

Partner
Direct: (971) 302-6426
Mobile: (503) 812-3073
Email: sarah@chockbarhoum.com | Service Email: e-service@chockbarhoum.com



**Mailing/Location:**
121 SW Morrison Street, Suite 500
Portland, OR 97204
Main: (503) 223-3000 | Fax: (503) 954-3321

PORTLAND | TACOMA

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at _____ for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

please consider the environment before printing this email

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Wednesday, August 6, 2025 10:49 AM
**To:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224, 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Sarah:

It was good to speak with you this morning during our meet and confer. I am glad we were able to resolve the outstanding issue regarding Interrogatory Nos. 3 and 4 after you confirmed that the Incident Report Log entry detailing Ms. LaRocque's injury was entered after Ms. LaRocque filed her lawsuit.

However, we could not reach agreement regarding the Fred Meyer Defendant's redaction of the name of the customer who was injured in a similar manner. Our position is that person has knowledge relevant to notice given to Fred Meyer about the dangerous condition and may be able to provide testimony regarding the existence, or visibility, of warning signs related to the anti-theft mechanism.

We do not believe there is a proportionality issue as it is the name of a single customer. Our position is there is no legal basis that the identity of a customer is confidential information that requires redaction and withholding from discovery. Because Fred Meyer Defendants will not agree to produce DEF KROGER_000108 in unredacted form, we will file a renewed motion to

compel.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

From: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
Sent: Tuesday, August 5, 2025 4:01 PM
To: Rob Wilke <rwilke@gth-law.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart
<devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>;
Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010
(a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Rob,

Of course we will participate in good faith. If I planned to participate in "bad faith" I wouldn't have taken the
time to respond in writing to aid the conversation for tomorrow.

I am assuming you are also participating in "good faith" unless you tell me otherwise.

**Sarah Tuthill-Kveton**
Partner
Direct: (971) 302-6426
Mobile: (503) 812-3073
Email: sarah@chockbarhoum.com | Service Email: e-service@chockbarhoum.com



Mailing/Location:
121 SW Morrison Street, Suite 500
Portland, OR 97204
**Main:** (503) 223-3000 | **Fax:** (503) 954-3321

PORTLAND | TACOMA

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be
copied to our service email at                               for electronic service to be accepted.
This message is intended only for the individual or entity to which it is addressed and may contain information that
is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended
recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that
any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to
return the original message to the sender and delete all messages from your system.

 please consider the environment before printing this email

From: Rob Wilke <rwilke@gth-law.com>
Sent: Tuesday, August 5, 2025 3:57 PM
To: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart
<devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>;
Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010
(a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Sarah:

It seems you are maintaining the same position Hanna articulated prior to filing our motion. Our position on why the identity of the customer is discoverable is set forth plainly in our motion. We are hopeful that you will participate in tomorrow's meet-and-confer in good faith.

As the party resisting discovery, please provide legal authority supporting your position that: (1) the identity of a single customer who was injured in the same manner and in the same location is not proportional to the needs of the case; (2) the identity of a single customer is privileged and/or confidential information that requires redaction and withholding from discovery.

Talk to you tomorrow.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
**Sent:** Tuesday, August 5, 2025 3:16 PM
**To:** Rob Wilke <rwilke@gth-law.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Rob,

See below in red.

**Sarah Tuthill-Kveton**
Partner
Direct: (971) 302-6426
Mobile: (503) 812-3073
Email: sarah@chockbarhoum.com | Service Email: e-service@chockbarhoum.com



Mailing/Location:
121 SW Morrison Street, Suite 500
Portland, OR 97204
Main: (503) 223-3000 | Fax: (503) 954-3321

PORTLAND | TACOMA

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at _____ for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

please consider the environment before printing this email

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Tuesday, August 5, 2025 2:12 PM
**To:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>;

Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Sarah:

The issues are twofold. The first issue is the redacted incident log produced by Fred Meyer in response to RFP No. 7. Fred Meyer redacted the name of the individual involved in the prior incident. Our position is there is no basis for redacting that information and Fred Meyer should produce an unredacted version of the incident log. Please provide an explanation of why the names of the customers will lead to the discovery of admissible evidence. I don't believe that it will and the customers have not agreed to have their personal information disclosd.

Second, Ms. LaRocque's incident was described in the incident log. A Fred Meyer employee prepared the description of the incident. **This is an inaccurate assumption. This was entered into the system when the lawsuit was filed based on the allegations in the complaint. As you know, your client did not file a report, which is confirmed on page 16 of her interrogatories that nobody took down any of her information. I cannot produce information that we do not have.**

The identity or identities of the employee or employees involved in documenting Ms. LaRocque's incident are responsive to Interrogatory Nos. 3 and/or 4.

ROG 3 Asks for this:

There was no incident report form filled out and no witness statements taken. We confirmed in the response that there is nothing to produce. We have verified this with the carrier and the store itself.

We do not know of any. We gave you a list of people who were working at the time. I know your client will testify that she talked to a number of people. Is she willing to provide a description of those individuals? If she did talk to someone, we want to know too. But there was no incident report filled out and we have not identified any **people we believe to have witnessed the incident,** except for Plaintiff and her husband. If we learn that there was a witness at a later time, we can certainly supplement this, but we have nothing to add to the response.

I'm attaching our motion to compel in case you would like further clarity and/or discussion on these very narrow, and frankly straightforward, issues.

I'll plan to call your office line tomorrow at 10:30 a.m.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

From: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
Sent: Tuesday, August 5, 2025 1:59 PM
To: Rob Wilke <rwilke@gth-law.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>;

Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010
(a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Rob,

Please provide a list of exactly what you want to confer on. I want a clear agenda, like I did for you. In cases where there has been some contention, I think it helps to have a set agenda with no surprises. Otherwise, I can't promise that conferral will be complete by the end of our call tomorrow and I don't want to delay further.

## Sarah Tuthill-Kveton
Partner
Direct: (971) 302-6426
Mobile: (503) 812-3073
Email: sarah@chockbarhoum.com | Service Email: e-service@chockbarhoum.com



**Mailing/Location:**
121 SW Morrison Street, Suite 500
Portland, OR 97204
**Main:** (503) 223-3000 | **Fax:** (503) 954-3321

PORTLAND | TACOMA

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at [illegible] for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

please consider the environment before printing this email

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Friday, August 1, 2025 9:12 AM
**To:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010
(a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Sarah:

The Court ordered that we confer. Our position and the discovery items at issue are discussed in multiple prior emails, as well as the underlying motion. In advance of our conference, we suggest you confer with Hanna because we exchanged multiple emails identifying and discussing all the specific issues set forth in our motion.

I will call your direct line on August 6 at 10:30 a.m.

I hope you have a chance to enjoy the weekend.

Thanks,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

From: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
Sent: Friday, August 1, 2025 8:51 AM
To: Rob Wilke <rwilke@gth-law.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Rob,

I think your perception of events and assumptions are different than ours. Regardless, nothing about this needs to be contentious.

I do think given your comments below, we need a very accurate and detailed conferral. As an effort to make sure that happens, please provide a detailed list of anything you believe is outstanding for the conferral and why you believe it is discoverable, in writing. My current understanding is that your only issue is over the redaction of the names for the prior incidents reported. If that is the case, please confirm and provide your analysis why it would be discoverable. If that is not the case and there is more, please provided a detailed list and explanation.

I can confer at 10:30 a.m. on August 6, assuming that you provide me with the information necessary to meaningfully confer.

**Sarah Tuthill-Kveton**
Partner
Direct: (971) 302-6426
Mobile: (503) 812-3073
Email: sarah@chockbarhoum.com | Service Email: e-service@chockbarhoum.com



| | Mailing/Location: |
| --- | --- |
| | 121 SW Morrison Street, Suite 500 |
| | Portland, OR 97204 |
| | **Main:** (503) 223-3000 | **Fax:** (503) 954-3321 |

PORTLAND | TACOMA

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at _____ for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

 please consider the environment before printing this email

From: Rob Wilke <rwilke@gth-law.com>
Sent: Friday, August 1, 2025 8:34 AM
To: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Sarah:

We are concerned—and it is surprising to learn—that Hanna took the previous position to withhold discoverable information without first speaking with your client. Still, our preference is to avoid motion practice, and we'll agree to delay the conference

until next week with the assurance that you'll explain to your client that the position is untenable.

I am available next Wednesday between 9:00 a.m. and 1:00 p.m. Please let us know what time works best.

Thanks,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

From: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>
Sent: Friday, August 1, 2025 8:27 AM
To: Rob Wilke <rwilke@gth-law.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart
<devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>;
Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010
(a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
Subject: Re: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Rob,

I would like to have a chance to talk to my client about your request, as envisioned by conferral, to avoid
unnecessary motion practice. Had we been able to do that last time, you would have gotten more before filing
your motion. As such, we need to postpone. What is your availability?

Sarah

Get Outlook for iOS

From: Rob Wilke <rwilke@gth-law.com>
Sent: Friday, August 1, 2025 8:21:32 AM
To: Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer
<ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>;
ffloyd@nwtrialattorneys.com <ffloyd@nwtrialattorneys.com>; surban@nwtrialattorneys.com <surban@nwtrialattorneys.com>
Cc: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque
v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com)
<a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Hanna:

We'd like to proceed with the conference given the Court asked us to confer as soon as possible—I understand there is more
than one attorney in your office on this case. Is Sarah still available today at 10:00 a.m.? Let us know.

Thanks,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

From: Hanna Lukes <hanna.lukes@chockbarhoum.com>

**Sent:** Friday, August 1, 2025 8:15 AM
**To:** Rob Wilke <rwilke@gth-law.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** Re: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Rob ,

My apologies for the late notice, I am unavailable for the CR 26 conference today. I have availability next Wednesday, Thursday and Friday, let me know when works for you.

Thanks,

Hanna

Get Outlook for iOS

---

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Tuesday, July 29, 2025 12:31:33 PM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com <ffloyd@nwtrialattorneys.com>; surban@nwtrialattorneys.com <surban@nwtrialattorneys.com>
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Hanna:

That sounds good, I will call your cell Friday at 10:00 a.m.

Thank you,

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Hanna Lukes <hanna.lukes@chockbarhoum.com>
**Sent:** Tuesday, July 29, 2025 11:19 AM
**To:** Rob Wilke <rwilke@gth-law.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Rob,

Sarah would like to join this call as well. I believe we are both available on Friday at 10am, so lets plan on that. You can call my cell at 801-550-3314 and I will conference Sarah in.

Thanks,

Hanna

**From:** Rob Wilke <rwilke@gth-law.com>
**Sent:** Monday, July 28, 2025 1:43 PM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Hanna:

Pursuant to the Court's Order that we meet and confer as soon as possible, please let me know your availability for a discovery conference this week. I am available Wednesday 7/30 any time except noon to 1:00 p.m. I am available Thursday 7/31 before 10:00 a.m., between noon and 1:30 p.m., and after 3:00 p.m. I am free any time Friday August 1. Please let me know.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Rob Wilke
**Sent:** Thursday, July 17, 2025 12:07 PM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <SIshii-Huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Hanna:

Respectfully, your clients' position is untenable and not supported by the Federal Rules governing discovery.

Your email acknowledges the prior shopping cart incident provided notice to your client and is relevant to the claims and defenses in this lawsuit. That injured customer has information regarding whether the warning signs were visible, which as you agree is relevant to notice, as well as how the anti-theft mechanism activated upon leaving the store, as well as your clients' response to the incident. The identity of that witness is discoverable. I want to be clear that we will be seeking our fees and costs in bringing a motion on this inappropriate redaction.

I didn't see a response regarding the information requested in Interrogatory No. 3 and 4. If those responses are not supplemented by Friday, July 18 to identify the employees involved in drafting the incident report regarding Ms. LaRocque's injury we will also move to compel responses to those interrogatories and seek our fees and costs.

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

From: Hanna Lukes <hanna.lukes@chockbarhoum.com>
Sent: Thursday, July 17, 2025 10:20 AM
To: Rob Wilke <rwilke@gth-law.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>;
Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com;
surban@nwtrialattorneys.com
Cc: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque
v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com)
<a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Hi Rob,

Sorry for the delay. Those names are redacted because it is someone else's personal information. We don't have their consent to provide that, and they have a reasonable expectation that their identities will remain private. Even if we did have their consent, the request is not reasonably calculated to lead to the discovery of admissible evidence.

My understanding of your claim is that you sought evidence of other similar incidents to determine whether or not the store had notice. As such, the incidents, themselves, are discoverable, but their identities are not relevant to this claim for damages.

Thanks,

Hanna

From: Rob Wilke <rwilke@gth-law.com>
Sent: Thursday, July 17, 2025 7:22 AM
To: Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer
<ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>;
ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
Cc: Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque
v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com)
<a5040417e+matter1805700019@maildrop.clio.com>
Subject: RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Good morning, Hanna:

I am following up on this—we do not see any basis for redacting the name of the customer who was injured by a shopping cart at the Fred Meyer store. Please produce the responsive incident log in unredacted form by end of day Friday, July 13.

I'm also inserting our summary of our last CR 26 conference below. It is obvious that an employee entered the information regarding Ms. LaRocque's injury in the incident log. That employee's identity—and the employee(s) who reported it to the employee who entered it into the Fred Meyer incident log—would be responsive to Interrogatories Nos. 3 and/or 4. Neither Fred Meyer's nor Kroger's responses were supplemented with that information. Please supplement by end of day Friday, July 13.

We have already met and conferred on these issues. Our position is that we have already satisfied our meet and confer obligations, but please let me know right away if you disagree.

Thank you,

Rob

From: Rob Wilke <rwilke@gth-law.com>
Sent: Wednesday, July 2, 2025 12:24 PM
To: Hanna Lukes <hanna.lukes@chockbarhoum.com>; Heather Medwedeff <heather@chockbarhoum.com>;

Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>
**Cc:** a5040417e+matter1805700019@maildrop.clio.com; Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>
**Subject:** RE: Larocque v. The Kroger Co., et al

Hi Hanna:

Thank you for the phone call today. Below I have summarized our conference. Please let us know right away if you disagree with any of my summary.

Regarding, Interrogatory No. 2, asking for all employees who were working at the subject Fred Meyer store between noon and 8:00 p.m. on the date of the incident, we discussed some of the objections raised by your clients Kroger and Fred Meyer (there was a numbering issue with one set, but for purposes of the discovery requests at issue, they are identical and your clients' responses are identical). We agreed that the request was not vague, but your clients took issue with the request being overbroad despite our attempt to limit the temporal scope. We agreed to limit the temporal scope even further, from 2:00 p.m. to 8:00 p.m. on the date of the incident. I explained why the identity of the employees working at the store on the date of the incident is relevant. We also discussed that Fred Meyer did not identify any employee or manager working on the date of the incident in its Initial Disclosures. You agreed to check with your client and confirm whether you will supplement discovery with the responsive employee information by Monday, July 14.

Regarding Interrogatory No. 3, which asks your clients to identify any employees who provided witness statements regarding the incident, we disagreed that the names of witnesses are protected by either the attorney-client or work-product privilege. You agreed to confirm whether any employees provided witness statements and if so, to provide the identify of those witnesses. If those employees provided witness statements, those statements would be responsive to other Requests for Production—if the statements are being withheld, they should be identified in a privilege log. You agreed to follow up by Monday, July 14 to confirm whether you have responsive information to supplement.

Regarding Interrogatory No. 4, which asks your clients to provide the name, address, telephone numbers, and addresses of people who witnessed the accident, we disagreed that the identity of witnesses would be protected by either the attorney-client or work-product privileged. You agreed to follow up by Monday, July 14 to confirm whether you have responsive information to supplement.

Regarding Request for Production No. 5, which asks your clients to produce "all reports, notes, communications, summaries, photographs, and/or investigation documents related to the May 6, 2023 accident at issue in this lawsuit," we confirmed we are not asking for communications between your clients and their attorneys. I confirmed we are asking for Kroger/Fred Meyer's internal reports, notes, communications, summaries, photographs, and/or investigation documents. No responsive documents were produced. You agreed to confirm whether responsive documents exist and either produce them or identify them in a privilege log by Monday, July 14.

Request for Production No. 6 seeks surveillance footage of the incident. You confirmed that any surveillance footage does not exist and was written over.

Request for Production No. 7 asks for all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer store at issue in this lawsuit from January 1, 2020 to present. You offered to confirm whether any responsive accident reports exist—we asked that you review the incident logs and/or accident reports to confirm whether any incident relates to the wheel locking system. We agreed you would follow up by Monday, July 14 to confirm. (*See* discussion regarding Interrogatory No. 3).

Request for Production No. 9 asks for "all policies and procedures you [have] regarding shopping carts that were in existence in May of 2023." I confirmed we are only asking for shopping cart policies and procedures in effect at the specific Fred Meyer store at issue in this lawsuit. We agreed you would confirm that all responsive policies and procedures have been produced by Monday, July 14.

Regarding Request for Production No. 10, which asks for "a copy of all claims and complaints against you arising out of an allegation that a patron was injured by shopping carts at the accident site between January 1, 2020 to April 2025," we agreed you would confirm whether your clients have any responsive items by Monday, July 14 and either produce those items or provide a privilege log.

I hope you have a chance to enjoy the Fourth.

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Rob Wilke
**Sent:** Tuesday, July 15, 2025 9:09 AM
**To:** Hanna Lukes <hanna.lukes@chockbarhoum.com>; Devon Haggart <devon.haggart@chockbarhoum.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <SIshii-Huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** RE: Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Good morning, Hanna:

Can you please explain the basis for the redaction of the person injured by a shopping cart, Bates Number 00108?

Thank you,

Rob

**Robert Wilke**
Attorney at Law
T 206 676 7536
F 253 620 6565

**From:** Devon Haggart <devon.haggart@chockbarhoum.com>
**Sent:** Monday, July 14, 2025 3:25 PM
**To:** Rob Wilke <rwilke@gth-law.com>; Ian Leifer <ileifer@gth-law.com>; Shane Ishii-Huffer <sishii-huffer@gth-law.com>; Sarah Weger <sweger@gth-law.com>; ffloyd@nwtrialattorneys.com; surban@nwtrialattorneys.com
**Cc:** Sarah Tuthill-Kveton <sarah@chockbarhoum.com>; Hanna Lukes <hanna.lukes@chockbarhoum.com>; Michelle Heilbrun <michelle.heilbrun@chockbarhoum.com>; Larocque v. The Kroger Co. et al Clio Maildrop KRO224. 0010 (a5040417e+matter1805700019@maildrop.clio.com) <a5040417e+matter1805700019@maildrop.clio.com>
**Subject:** Larocque v. The Kroger Co., et al - Western District of Washington Court Case No. 3:25-cv-05380-MJP

Greetings Counsel:

Attached please find the following documents:

1. Defendant The Kroger Co.'s Amended Response to Plaintiff's First Request for Interrogatories and First Request for Production (with appending attachments); and
2. Defendant Fred Meyer Stores, Inc.'s Amended Response to Plaintiff's First Request for Interrogatories and First Request for Production (no other documents to produce).

We do not Intend to follow with hard copies unless specifically requested

Warmly,

*Devon Haggart*
**Legal Assistant**
**Direct:** (503) 943-2299 x 6440
**Mobile:** (503) 740-3914
**Email:** devon.haggart@chockbarhoum.com | **Service Email:** e-service@chockbarhoum.com



| | **Mailing/Location:** |
| --- | --- |
| | 121 SW Morrison Street, Suite 500 |
| | Portland, OR 97204 |
| | **Main:** (503) 223-3000 | **Fax:** (503) 954-3321 |
| **PORTLAND | TACOMA** | Website | vCard | LinkedIn | Facebook |

PLEASE NOTE: We require any correspondence, pleadings or discovery that is sent electronically to be copied to our service email at e-service@chockbarhoum.com for electronic service to be accepted.

This message is intended only for the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to return the original message to the sender and delete all messages from your system.

please consider the environment before printing this email