IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state

Defendant.

Civil Case No. 3:25-cv-05380-MJP

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGAINST FRED MEYER DEFENDANTS**

NOTE ON MOTION CALENDAR: **September 2, 2025**

## I.    INTRODUCTION

Defendant The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer ("Defendant"), by and through undersigned counsel, respectfully submits this Opposition to Plaintiff's Motion to Compel. Because the information Plaintiff seeks is already in her possession and because of the privacy concerns associated with releasing sensitive data, Plaintiff's Motion to Compel should be denied.

## II.    BACKGROUND

Plaintiff's superfluous Motion can be boiled down to a simple discovery disagreement between the parties that was not resolved during conferral: The singular issue before the Court is whether the identity of a customer is discoverable. Defendant provided Plaintiff with the redacted

DEFENDANT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Incident Report Log so that she could ascertain whether it would lead to the discovery of admissible evidence. Now that it is in Plaintiff's possession, it is clear that the identity of the customer will not lead to the discovery of admissible evidence.

The crux of this dispute is that Plaintiff believes that the identity of the customer was improperly redacted in an incident report log detailing a reported incident that is dissimilar to the Plaintiff's allegations. Despite the fact that the described incident is not logically related to any claim or defense in this matter, Plaintiff argues the customer's name must be produced to allow Plaintiff to discover information regarding warning signs related to the anti-theft mechanism and the scope of notice to the Defendant. Defendant believes that Plaintiff is not entitled to a customer's private information. Encroaching on a customer's privacy is too burdensome for Defendant, who does not have permission to release the names of a non-party. This is especially true here as there is no possibility that revealing the identity of a non-party will lead to the discovery of admissible evidence and when the information sought by Plaintiff is already in her possession. The parties were unable to reach an agreement and now require Court intervention.

## 1. ARGUMENT

The identity of the prior customer is not relevant under FRCP 26, and even if it were, it is not proportionate to the needs of this case. The non-parties have not given permission for their name or information to be released and was not intended for distribution when it was shared with Defendant. Nevertheless, even if Plaintiff contacted the customer, the reported incidents have nothing to do with wheels locking when a customer exits a store without merchandise. As such, there is no possibility that the identity of the customer will lead to the discovery of admissible evidence.

    a.   *The Evidence is Not Relevant*.

Under Fed Rules Civ Proc R 26, discovery is limited to information that is relevant to a party's claim or defense. Relevance is defined under Federal Rule of Evidence 401 as evidence that has a tendency to make a fact more or less probable and is of consequence in determining the action. Courts have emphasized that discovery must logically advance a material aspect of the requesting party's case *In re Glumetza Antitrust Litig.*, 2020 U.S. Dist. LEXIS 113361.

Here, Plaintiff seeks the names and contact information of customers who, in unrelated instances, reported potential defects in shopping carts. Dkt. 29 Pg. 6, ln. 14-17. Those incidents were provided for examination solely to demonstrate that they are materially distinct from the event alleged here. Plaintiff's incident arose from a theft-prevention mechanism intentionally designed to lock carts without merchandise beyond the store perimeter, and not from any defect or malfunction. Accordingly, the prior customer reports do not share the same cause, are not "substantially similar," and thus do not support discovery of private customer identities.

Plaintiff's allegations are not similar to the incident recorded in the incident log, making the knowledge of the unnamed customer irrelevant. Plaintiff alleges that the anti-theft mechanism injured Plaintiff after the anti-theft mechanism worked as intended. Dkt. 29, pg. 3.

The Incident Report Log, in contrast, describes an incident occurring nearly 5 years ago where a customer's wheels locked up inappropriately. *Id.* at pg. 6. Plaintiff's incident involves an issue with the product functioning as designed, while the unnamed customer's incident involves an issue with the product malfunctioning. Additionally, Plaintiff's alleged injury was caused by her striking the cart with her knee. *Id.* at pg. 3. The Incident Report Log states the unnamed customer did not strike the cart and instead attempted to use her momentum to push the stationary cart and dislodge it, causing her to twist her left knee. *Id.* Thus, any information provided by the unnamed customer is irrelevant.

The Court is particularly protective of non-party witnesses and do not allow for their disclosure unless critically necessary to the case. For example, in determining whether the identities of non-party the context of a civil subpoena that seeks to identity anonymous internet users posting on a message board, the Court stated:

> The standard for disclosing the identity of a non-party *witness* must be higher than that articulated in [cases where the information sought concerned unnamed defendants] When the anonymous Internet user is not a party to the case, the litigation can go forward without the disclosure of their identity.

*Doe v. 2themart.com Inc.*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001). Here, revealing customer identities would invite improper fishing expeditions, distract from the dispositive causation issue, and impose an undue invasion of privacy on individuals who never consented to involvement in this litigation.

Further, the issues identified by Plaintiff can be addressed through other means, like testimony from Fred Meyer employees, including corporate depositions to determine whether the establishment was on notice of any conditions based on the report, site visits, and the actual content of the Incident Report Log. This is especially true in this matter, where the information Plaintiff states is needed is already in her possession. Plaintiff states they need the identity of the customer "…as the customer likely has information related to the dangerous condition, the scope of the notice given to Fred Meyer Defendants about the dangerous condition, and can provide testimony regarding the existence of warning signs related to the anti-theft mechanism, and whether the warning signs regarding the anti-theft mechanism were visible or obscured." Dkt. 29, pg 2.

Plaintiff then provides a photograph of the warning signs, evidencing the fact that there are warning signs on the doors, and that the warning signs may be obscured when the doors are completely open, thus, Plaintiff has information regarding the existence of warning signs related to the anti-theft mechanism and whether or not the signs are visible or obscured. *Id.* pg. 4. Defendant disagrees that the incidents are similar, but Plaintiff states that the incident report log describes an "earlier, similar injury" that occurred previously, and the description of the incident already in Plaintiff's possession provides Plaintiff with information about the dangerous condition and the scope of the notice given to the Defendant about the dangerous condition. *Id.* at pg. 6.

Under Fed. R. Evid. 401 and 402, evidence is admissible only if it is relevant to a fact of consequence. Further, the information sought must logically advance a party's claim. The names of unrelated customers who experienced mechanical failures of carts rather than theft-prevention activations bear no relevance to whether Plaintiff's cart properly locked under store policy, and disclosure of their identities would not make Plaintiff's claims any more or less probable. Plaintiff has failed to demonstrate the relevance of the identity of the customer, and therefore, the motion

DEFENDANT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

should be denied.

### b. The Evidence Sought is Not Proportionate to the Needs of This Case.

Even if Plaintiff could demonstrate that the customer's identity logically advanced a material fact in their case, discovery is limited to nonprivileged material that is proportional to the needs of the case. FRCP 26(b)(1). In order to succeed on a motion to compel, a moving party bears the burden to show that it has satisfied proportionality and other requirements of Rule 26. *See Rodriguez v. Barrita, Inc.*, No. 09-04057 RS-PSG, 2011 U.S. Dist. LEXIS 134079, at *4 (N.D. Cal. Nov. 21, 2011).

Plaintiff has failed to satisfy the proportionality requirement. Proportionality considers factors such as the importance of the issues at stake, the amount in controversy, the parties relative access to information, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *In re Glumetza Antitrust Litig.,* 2020 U.S. Dist. LEXIS 113361. Courts consistently hold that discovery into nonparties' private information must be tightly constrained, particularly when less intrusive means exist, and Courts are required to limit discovery if its burden or expense outweighs its likely benefit.

The Court recognizes privacy concerns as a burden and should be carefully weighed when considering proportionality. *See, e.g., In re Premera Blue Cross Customer Data Security Breach Litig.,* 329 F.R.D. 656 (D. Or. 2019). Indeed, privacy is a non-pecuniary burden that must be weighed when considering proportionality. This is "the essence of proportionality," a frequently ignored or overlooked discovery principle. *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-0630-LHK (PSG), 2013 U.S. Dist. LEXIS 116493, at *34-36 (N.D. Cal. Aug. 14, 2013)). Plaintiff cites to zero federal precedent requiring third-party customer names when the incidents are unrelated and have provided zero justification for compelled intrusion on a non-party's privacy.

This court should issue a protective order under FRCP 26(c) and allow Defendant to redact the names of the customers to prevent undue burden, annoyance, or invasion of privacy on non-parties. Protecting the identities of uninvolved customers who reported dissimilar issues that do not support Plaintiff's theory of recovery is squarely within that authority.

/ / /

## IV. CONCLUSION

Privacy, proportionality, and relevance all tip the scales against disclosure in this matter. Plaintiff has failed to demonstrate the relevance of the identity of the customer in the Incident Report Log, and Plaintiff's own Motion reveals Plaintiff already has the information she seeks in her possession. Further, the information Plaintiff has been provided balances their discovery needs with Defendant's need to protect sensitive information. Revealing the identity of the prior customer imposes a burden on the Defendants, as it involves disclosing potentially sensitive or private information about a nonparty. That type of intrusion is not proportionate in this type of case because the marginal utility of this information is low, if not zero, because Plaintiff can (and has) obtained the evidence sought through other, less intrusive means. The privacy concerns of a private, non-party citizen outweigh the extremely limited benefit of disclosing the prior customer's identity. If necessary, this Court should also issue a protective order under FRCP 26(c) to protect the identities of uninvolved customers.

WHEREFORE, for the foregoing reasons, Defendant's pray that this Court find pursuant to 28 U.S.C. § 1332(a) that removal was proper and request that this Court deny Plaintiff's Motion for Remand and retain jurisdiction over this matter.

Dated this 27th day of August, 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
Attorneys for Defendant The Kroger Co. and Fred
Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

Dated this 27th day of August, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorneys for Defendant The Kroger Co. and Fred
Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

DEFENDANT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state

Defendants.

Civil Case No. 3:25-cv-05380-MJP

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals. Additionally, I hereby certify that a true copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGAINST FRED MEYER DEFENDANTS** was served as stated below on:

/ / /

/ / /

/ / /

/ / /

CERTIFICATE OF SERVICE                                    KRO224.0010

Robert C. Wilke
Gordon Thomas Honeywell, LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
*Attorneys for Plaintiff*

- ☐ By hand delivery
- ☐ By first-class mail*
- ☐ By facsimile transmission
- ☐ Fax #: (253) 620-6565
- ☒ By e-mail:
  rwilke@gth-law.com
  ileifer@gth-law.com
  sishii-huffer@gth-law.com
  sweger@gth-law.com
- ☒ By court eFiling Application

Francis S. Floyd
Skyler P. Urban
Floyd Pflueger, P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121
*Attorneys for Defendant Gatekeeper Systems, Inc.*

- ☐ By hand delivery
- ☐ By first-class mail*
- ☐ By facsimile transmission
- ☐ Fax #:
- ☒ By e-mail:
  ffloyd@nwtrialattorneys.com
  surban@nwtrialattorneys.com
  ecampbell@nwtrialattorneys.com
  skatinas@nwtrialattorneys.com
- ☒ By court eFiling Application

**\*With first-class postage prepaid and deposited in Portland, Oregon.**

Dated this 27th day of August, 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
Attorneys for Defendant The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

Dated this 27th day of August, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorneys for Defendant The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

CERTIFICATE OF SERVICE

KRO224.0010