UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>                            Plaintiff,<br><br>        v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>                          Defendants. | NO.  3:25-cv-05380<br><br>PLAINTIFF LINDA LAROCQUE'S REPLY IN SUPPORT OF HER RENEWED MOTION TO COMPEL AGAINST THE FRED MEYER DEFENDANTS<br><br><br>NOTED: SEPTEMBER 2, 2025 |

## I.   REPLY

Fred Meyer Defendants offer three bases for the Court to deny the motion. But none of the bases are supported by any applicable legal authority. As such, Ms. LaRocque's motion should be granted.

First, the Fred Meyer Defendants claim that the identity of the injured customer is irrelevant because that "incident involves an issue with the product malfunctioning." (Dkt. 32, p. 3).  But they never explain what the supposed malfunction was, nor do they

establish how it was different from Ms. LaRocque's incident. And they presented no evidence that the locking mechanism malfunctioned in the other case. (Dkt. 32).

The only evidence before the Court is the Incident Report Log, which states, "While pushing her cart she managed to lock its wheels ..." (Dkt. 26-1, Ex. 6, Incident Report Log). The log does not state whether that incident occurred inside the store, near the exit, or outside the store, which is where the anti-theft mechanism is supposedly designed to trigger. (*Id.*). Nor does the log identify how or why the shopping cart locked. (*Id.*). The log does not state that the anti-theft mechanism malfunctioned as Fred Meyer now claims. In fact, the log contains only scant details, and those details are the only information provided to Ms. LaRocque and the only evidence properly before the Court.

> WHILE PUSHING HER CART SHE MANAGED TO LOCK ITS WHEELS AND COULD NOT CONTINUE TO PUSH THE CART. SHE USED HER MOMENTUM TO PUSH THE CART WHICH WA STATIONARY AND TWIST HER LEFT KNEE. NO OTHER INJURIES. DID NOT SEEK MEDICAL TREATMENT AT THE TIME BUT STATED SHE WAS GOING TO SEEK TREATMENT.

(*Id.*).

The Fred Meyer Defendants' opposition suggests that they may be withholding additional responsive documents related to the earlier incident. Their ability to draw sweeping conclusions from the sparse details in the log only heighten Ms. LaRocque's concern as to what is being withheld and on what grounds. The Court should grant Ms. LaRocque's renewed motion to compel and order the Fred Meyer Defendants to produce the log in unredacted form and order the production of any withheld responsive items relating to that earlier incident.

The basis of Fred Meyer Defendants' proportionately argument is contrary to its earlier position and appears manufactured to oppose Ms. LaRocque's motion. Fred Meyer Defendants' amended response did not object or oppose producing the name based on

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

proportionately or relevance. Ms. LaRocque's narrowly tailored request for production asked Fred Meyer to:

Request for Production No. 7: Provide a copy of all accident reports relating to incidents **involving the wheel locking system** in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405 from January 1, 2020 to present.

(Dkt. 26-1, Ex. 2, Ms. LaRocque's discovery to Fred Meyer) (emphasis added). They simply responded, "See customer claims regarding shopping carts form January 2020 to the date of loss, produced by Defendant Kroger." The only document produced was the log.

Fred Meyer Defendants in their opposition now claim that the two incidents involve different dangerous conditions. This directly contradicted Fred Meyer Defendants' earlier admission that the two incidents were similar, and that the earlier incident provided notice to Fred Meyer of the dangerous condition: "My understanding of your claim is that you sought evidence of other similar incidents to determine whether or not the store had notice. As such, the incidents, themselves, are discoverable, but their identities are not relevant to this claim for damages." (Dkt. 26-1, pp. 12-13, Emails from Fred Meyer Defendants' counsel).

The Fred Meyer Defendants did not produce an incident log identifying *all* incidents involving shopping carts. They only produced a log identifying "similar incidents" to "determine whether or not the store had notice [of the dangerous condition.]" (*Id.*). Their attempt in the opposition brief to walk back this admission underscores just how untenable their position is.

Because the Fred Meyer Defendants now contend the incidents were dissimilar and implicitly that Fred Meyer might not have been on notice of the dangerous condition, that is even more reason that Ms. LaRocque must be allowed to conduct discovery on the earlier incident, including the injured customer's identity. The redacted customer is a witness who

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

has information regarding the dangerous condition that may confirm or refute the Fred Meyer Defendants' knowledge regarding the locking system. The customer's identity is plainly relevant to notice, warnings, and the dangerous condition itself, and the Fred Meyer Defendants should not be permitted to simply withhold the identity of a witness that may provide testimony that undermines their position.

Second, the Fred Meyer Defendants seek to create a legal framework that is untenable and unsupported by any authority, citing an unrelated case discussing the First Amendment contours of anonymity on the internet. Specifically, the Fred Meyer Defendant argue that the identity of witnesses should be shielded in discovery due to privacy concerns. (Dkt. 32, pp. 3-5).

In their misguided attempt to manufacture legal support for this untenable position, defendants look to *Doe v. 2themart.com Inc.,* 140 F. Supp. 2d 1088, and provide a significant block quote from it, eliding key language from the excerpt that confirms that case dealt specifically with First Amendment anonymity rights of internet users. They either overlooked or ignored the central fact that the *2themart.com* court's analysis turned on those First Amendment concerns, which have no bearing here. This type of brazen omission further establishes the untenable nature of the Fred Meyer Defendants' position. The language the Fred Meyer Defendants omitted from the citation is not picayune:

> The standard for disclosing the identity of a non-party witness must be higher than that articulated in *Seescandy.Com* and *America Online, Inc.* **When the anonymous Internet user** is not a party to the case, the litigation can go forward without the disclosure of their identity. Therefore, non-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought **outweighs the First Amendment rights of the anonymous speaker.**

*Doe v. 2themart.com Inc.,* 140 F. Supp. 2d 1088, 1095 (emphasis added). Taking Fred Meyer's suggested framework to its logical conclusion, parties would be able to shield the identity of any witness who may offer unfavorable testimony under the guise of protecting

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

anonymity. Such a result is patently absurd and unsupported by any legal authority. There are no First Amendment issues present here. The injured customer provider their name to Fred Meyer. It is Fred Meyer, *not the customer*, who insists on anonymity.

Lastly, revealing the identity of a single customer who *reported* their injury to Fred Meyer is proportional to the needs of the case. The Fred Meyer Defendants have taken several different positions regarding whether this earlier incident provided notice regarding the dangerous condition. Ms. LaRocque should be permitted to interview or depose this witness to discover what happened in that earlier incident. Ms. LaRocque should not have to rely on the Fred Meyer Defendants' self-serving narrative of what purportedly occurred in the earlier incident involving the anti-theft locking mechanism.

The Fred Meyer Defendants seem to acknowledge that discovery on the identity of potential witnesses is a core function of the discovery process when they ask the Court to enter a protective order pursuant to Fed. R. Civ. Pro. 26(c). (Dkt. 32, p. 6). But the Fred Meyer Defendants did not move for a protective order, nor did the Fred Meyer Defendants certify that they conferred[1] with Ms. LaRocque about entering a protective order, two requirements set forth in the rule. *See* Fed. R. Civ. Pro. 26(c). Moreover, because they did not file a motion, the Fred Meyer Defendants failed to properly seek the protective order they now seek, leaving Ms. LaRocque and the Court unable to respond to the specifics of the Fred Meyer Defendants' request.

Under Fed. R. Civ. Pro. 26(c), to establish good cause for a protective order a party must make a particular showing, rather than reciting stereotyped and conclusory statements, to demonstrate that some consequential harm that will result if protection is denied. "'Broad allegations of harm, unsubstantiated by specific examples or articulated

---

[1] The Fred Meyer Defendants cannot certify they conferred with counsel about entering a protective order because they did not. They simply refused to produce an unredacted version of the Incident Report Log.

PLTF'S REPLY ISO RENEWED MOTION TO COMPEL - 5 of 8
[4871-5472-8598]

reasoning, do not satisfy the Rule 26(c)test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Instead, "[f]or good cause to exist, the party seeking protection bears the burden of showing [that] specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002);

Here, the Fred Meyer Defendants cannot demonstrate good cause or specific prejudice or harm. Nor have they met their burden to show that the identity of a customer who reported an injury at a grocery store is the type of confidential, proprietary, or trade secret information that warrants a protective order. Ms. LaRocque is not asking for a customer database of Fred Meyer Customers. *See Rimkus Consulting Group, Inc. v. Cammarata,* 255 F.R.D. 417, 437 (S.D. Tex. 2008) (holding business plan, pricing lists, and customer database protectable as trade secrets when current, but no longer had competitive value after 12-18 months); *see also* RCW 19.108.010(4) (defining trade secrets)). Ms. LaRocque is simply asking for the name of single witness.

The Court should reject each of the Fred Meyer Defendants' arguments and order that they produce the Incident Report Log in unredacted form, identifying the witness who was injured by the shopping cart anti-theft mechanism at the same Fred Meyer store.

## II.   CONCLUSION

There is simply no legitimate basis to withhold the identity of a witness in this case. The Fred Meyer Defendants' shifting position shows they first chose not to disclose the witness's name and are only now inventing a rationale to justify that choice—the reverse of how discovery is supposed to work. The Court should grant Ms. LaRocque's motion and

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

require the Fred Meyer Defendants produce an unredacted copy of the log and any other documents related to the incident.

> A spirit of cooperation and forthrightness during the discovery process is necessary for the proper functioning of modern trials. Our civil rules require parties to engage in discovery in good faith and provide sanctions for violations of the rules... Our liberal discovery rules aim to make civil trials a fair contest with the basic issues and facts disclosed to the fullest practicable extent. This system obviously cannot succeed without the full cooperation of the parties, so courts have authority to deter unjustified or unexplained resistance to discovery through sanctions.

*Henderson v. Thompson,* 200 Wn.2d 417, 440, 518 P.3d 1011 (2022) (cleaned up). The Fred Meyer Defendants have shunned the fundamental principles of Washington law by refusing to identify a witness in this case and, more troubling, by continually shifting their rationale for withholding that basic information. Instead of meaningfully and fairly engaging in discovery, the Fred Meyer Defendants have necessitated Court intervention and caused unnecessary expenditure of resources and time.

To ensure that the Fred Meyer Defendants meaningfully and fairly engage in discovery throughout the remainder of this case, the Court should award Ms. LaRocque her fees and costs in bringing her motion to compel and renewed motion to compel.

Dated this 2nd day of September, 2025.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiff

*I certify this reply memorandum contains fewer than 2,100 words pursuant to LCR 7(e)*

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

# DECLARATION OF SERVICE

I hereby declare that on September 2, 2025, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

| | |
|---|---|
| John R. Barhoum, WSBA No. 42776<br>Sarah Tuthill-Kveton, WSBA No. 51801<br>Hanna R. Lukes, WSBA No. 62610<br>Chock Barhoum LLP<br>121 SW Morrison Street, Suite 500<br>Portland, OR 97204<br>john.barhoum@chockbarhoum.com<br>sarah@chockbarhoum.com<br>hanna.lukes@chockbarhoum.com<br>michelle.heilbrun@chockbarhoum.com<br>devon.haggart@chockbarhoum.com<br>e-service@chockbarhoum.com | ☐ Via Legal Messenger<br>☐ Via U.S. Mail<br>☒ Via CM/ECF E-Filing<br>☒ Via Email |
| Francis S. Floyd, WSBA No. 10642<br>Skyler P. Urban, WSBA No. 58761<br>Floyd, Pflueger, Kearns, Nedderman, & Gress, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>ffloyd@nwtrialattorneys.com<br>surban@nwtrialattorneys.com<br>ecampbell@nwtrialattorneys.com<br>skatinas@nwtrialattorneys.com | ☐ Via Legal Messenger<br>☐ Via U.S. Mail<br>☒ Via CM/ECF E-Filing<br>☒ Via Email |

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Sarah M. Weger, Legal Assistant
sweger@gth-law.com

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565