UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA LAROCQUE,

               Plaintiff,

     v.

THE KROGER CO., et al.,

               Defendants.

CASE NO. C25-5380 MJP

ORDER GRANTING MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Motion to Compel. (Dkt. No. 29.) Having reviewed the Motion, Defendants' Response (Dkt. No. 32), the Reply (Dkt. No. 34), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff Linda Larocque alleges that the anti-theft mechanism on a shopping cart she was using at a Tacoma Fred Meyer store abruptly locked, causing the cart hit her recently-replaced knee, rupture her patella tendon, and require multiple corrective surgeries. (Amended Complaint ¶¶ 6, 9, 12-20 (Dkt. No. 16).) She has filed suit against Fred Meyer Stores, Inc. and The Kroger

Co. (together "Fred Meyer"), as well as Gatekeeper Systems, Inc., the manufacturer of the anti-theft device. She pursues negligence claims against all Defendants and a product liability claim against Gatekeeper. (Id. ¶¶ 21-41.)

Through discovery, Larocque requested Fred Meyer to "provide a copy of all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405." (Exhibit 3 to the Declaration of Robert Wilke (Dkt. No. 26-3 at 9 (RFP No. 7)).) Fred Meyer objected on the grounds that the request was "vague, overly broad, unduly burdensome," and sought irrelevant material, as well as "documents that are confidential and proprietary in nature." (Id.) But ultimately Fred Meyer provided a log responsive to Larocque's RFP No. 7. (Id.) The log identifies one incident, where an individual was injured when using a cart at the Tacoma Fred Meyer store where Larocque was injured. The log describes the event as follows:

> While pushing her cart she managed to lock its wheels and could not continue to push the cart. She used her momentum to push the cart which wa[s] stationary and twist[ed] her left knee. No other injuries. Did not seek medical treatment at the time but stated she was going to seek treatment.

(Ex. 6 to the Wilke Decl. (capitalization altered).)

Larocque has filed the present Motion to Compel because Fred Meyer has redacted the individual's name and refuses to identify her. Fred Meyer claims that Larocque already has all of the discoverable information she needs on the log, and that the individual's identity is not relevant or necessary. (Defs. Resp. at 2.) Fred Meyer also claims it would be "too burdensome for Defendant" to release the name of the injured person, as it does not have permission to do so. (Id.) Although the Parties engaged in a meet and confer as required by the Local Rules, they were unable to reach an agreement. Counsel for Larocque has filed the necessary certification in compliance with LCR 37(a)(1), and the Court finds this requirement satisfied.

**ANALYSIS**

**A.      Legal Standard**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," among other considerations. Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

**B.      Fred Meyer Must Identify the Injured Customer**

The Court agrees with Larocque that Fred Meyer must provide the identity of the individual listed on the incident log. Like Larocque, this individual was apparently injured due to the anti-theft locking mechanism deploying, as Fred Meyer has conceded by identifying her in response to Larocque's RFP seeking information about "incidents involving the wheel locking system." (See RFP No. 7 (Dkt. No. 26-3 at 9).) While the log identifies some limited facts about the incident, Larocque reasonably argues that she desires to learn more from this individual about the incident, the locking mechanism, and any warnings she may have seen about the locking system. This information is relevant to Larocque's negligence claim, including Fred Meyer's knowledge of the claimed danger and warnings about it. And production of the identity imposes no burden on Fred Meyer—it merely requires producing the one-page incident log without a redaction. Thus, the discovery is proportional to the needs of the case. The Court therefore GRANTS the Motion and ORDERS Fred Meyer to produce an unredacted copy of the log within two days of entry of this Order.

The Court finds Fred Meyer's arguments in opposition devoid of merit. First, the Court rejects Fred Meyer's assertion that the log itself already provides all of the relevant and discoverable information. The terse entry provides a very basic explication of the incident, but much remains to be learned about it, particularly regarding any notices the individual saw regarding the locking mechanism and the details about how the anti-theft mechanism deployed and injured her. The log itself is no substitute, nor is testimony from other Fred Meyer employees, as Fred Meyer suggests. (Def. Resp. at 4.) Neither source would enable Larocque to learn what about the customer's actual experience and personal knowledge. Second, the Court rejects Fred Meyer's proportionality argument. Invoking "privacy concerns" of the injured customer, Fred Meyer claims that discovery of her identity is disproportional to the needs of the case. (Id. at 1.) But the sole case Fred Meyer cites to support this strained theory bears no resemblance to the issues presented here. (Id. at 3-4.) In Doe v. 2TheMart.com Inc., the court granted an anonymous third-party's request to quash a subpoena issued by the defendant that would have identified a third party who had anonymously posted critical messages about the defendant. Id., 140 F. Supp. 2d 1088, 1091 (W.D. Wash. 2001). The court agreed with the third party that disclosure of their identity would unreasonably and unduly burden their First Amendment rights, and that the information was not sufficiently relevant to justify the intrusion. Id. at 1095-97. But here, Fred Meyer has not claimed to represent the injured customer, and has not even apparently warned her of Larocque's demand. More importantly, Fred Meyer has not identified any First Amendment or other constitutional right that might be infringed by providing the individual's name. Instead, Fred Meyer waves its hands by citing "privacy concerns" writ large as one possible concern in weighing proportionality. (Defs. Opp. at 5.) But Fred Meyer has failed to articulate how disclosure of the injured customer's name might adversely impact her

privacy rights or be disproportional to the very clear need for the information. Nor has Fred Meyer explained how giving Larocque the customer's name would immediately harm that individual. If Fred Meyer truly had this concern, it could have spoken with the individual and elicited her point of view. But it has apparently not taken that simple step. And there is no guarantee that Larocque will be able to speak to the third party even with her name in hand. Additionally, the other customer may move to quash any subpoena Larocque might issue or seek a protective order to limit disclosure of any sensitive information that Larocque might obtain. Having considered Fred Meyer's arguments in opposition, the Court finds its refusal to provide the requested information wholly unsupported.

The Court also notes that Fred Meyer's request that the Court issue a protective order is procedurally defective. (Defs. Resp. at 5-6.) A response brief is not the proper means of obtaining affirmative relief, and a party seeking a protective order must file its own motion. The Court lastly notes that Fred Meyer presents a bizarre request that the Court find removal proper and deny a motion to remand that Larocque has never filed and is not pending before the Court. (Id. at 6.) Counsel would do well to proof read their brief before filing.

**C.     Fred Meyer Must Pay Larocque's Fees and Costs**

The Court agrees with Larocque that Fred Meyer must pay her the reasonable attorneys' fees and costs associated with bringing the Motion to Compel.

Federal Rule of Civil Procedure 37(a)(5)(A) authorizes the Court to "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court may do so only after giving the non-movant an opportunity to be heard. Id. And the Court may not order payment if: "(i) the movant

filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

Here, Fred Meyer has had an opportunity to be heard and failed to explain any reason why fees and costs should not be awarded. First, Fred Meyer did not engage in any way with Larocque's request for fees and costs. Second, its briefing has not otherwise demonstrated any reason why its refusal to identify the injured customer was substantially justified or why an award would be unjust. The refusal was not meritorious and needlessly forced Larocque to expend time drafting the Motion and Reply. The Court therefore GRANTS the request for fees and costs. Within ten days of entry of this Order, Larocque must file a declaration of counsel identifying the reasonable fees and costs incurred in filing the Motion. The Court will then issue an order on the request.

## CONCLUSION

Larocque reasonably seeks the identity of another customer who was injured at the same Fred Meyer store as a result of the deployment of the same anti-theft locking mechanism that injured her. The identity of this individual is relevant and discoverable, and highly proportional to the needs of the case. Fred Meyer has failed to identify any burden, and its efforts to resist discovery were grossly unjustified. The Court therefore GRANTS the Motion to Compel and ORDERS Fred Meyer to produce an unredacted copy of the log within two days of entry of this Order. The Court also GRANTS Larocque's request for attorneys' fees and costs, which it shall be awarded after the Court reviews the declaration of counsel that shall be filed within ten days of entry of this Order. No additional briefing from either Party shall be filed regarding the fees and costs requested.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 10, 2025.

Marsha J. Pechman
United States Senior District Judge