UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA LAROCQUE, | CASE NO. C25-5380 MJP |
| Plaintiff, | ORDER ON FEES |
| v. | |
| THE KROGER CO., et al., | |
| Defendants. | |

The Court granted Plaintiff's Motion to Compel (Dkt. No. 29), including Plaintiff's request for an award of fees. (Order on MTC (Dkt. No. 35).) Plaintiff has now provided a declaration from counsel outlining his request for fees. (Declaration of Robert Wilke (Dkt. No. 36).) The Court issues this Order on the request for fees having reviewed the declaration and all supporting materials.

**BACKGROUND**

Plaintiff's Counsel, Robert Wilke, has filed the sole declaration in support of the request for fees. Wilke graduated from Seattle University School of Law in 2015, the same year he

ORDER ON FEES - 1

became a barred attorney, and has since become a partner at Gordon Thomas Honeywell. (Wilke Decl. ¶¶ 10, 13.) He seeks approval of $700/hour rate, which he claims "is reasonable for an attorney with [his] experience and reputation and is consistent with the prevailing market rates for attorneys of comparable levels of expertise and reputation at Seattle area law firms that practice complex litigation." (Id. ¶ 18.) Wilke claims his practice is "primarily contingency based," and thus has supplied a contingency rate, not a rate that any client has paid. (Id.) Wilke provides two documents to support his request: (1) a 2015 survey published in the National Law Journal concerning nation-wide billing rates; and (2) an order granting fees in a January 2025 Pierce County Superior Court matter that did not involve him or his firm. (Id. Exs. 2 & 3.) Wilke also asks the Court to approve a $700/hour rate for his partner, Ian Leifer, who is a 2020 graduate of the Seattle University School of Law. (Id. ¶¶ 14-18.) Wilke bases Leifer's requested rate using the same supporting information. Lastly, Wilke seeks approval of a $165/hour rate for a paralegal, Shane Ishii-Huffer. (Id. ¶ 19.) Together, the two attorneys and paralegal billed 23 hours to the Motion to Compel, and seek a total of $15,672.00 in fees. (Id. Ex. 4.)

## ANALYSIS

A.   **Legal Standard**

"The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). To determine the fee award, the Court begins by calculating a lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461

1  U.S. at 435. And "[i]n these circumstances the fee award should not be reduced simply because
2  the plaintiff failed to prevail on every contention raised in the lawsuit." Id.

3       The Court determines the hourly rate by considering the "evidence produced by the
4  parties, including fee rates of other attorneys in similar practices, awards in comparable cases,
5  counsel's experience and reputation level, and the market rates, as well as two additional Kerr
6  factors: the novelty/difficulty of the issues and the preclusion of other work." Dang v. Cross, 422
7  F.3d 800, 814 (9th Cir. 2005). In determining hourly rates, the Court must look to the "prevailing
8  market rates in the relevant community." Bell v. Clackamas County, 341 F.3d 858, 868 (9th
9  Cir.2003). These are typical the rates for the forum district. See Gates v. Deukmejian, 987 F.2d
10 1392, 1405 (9th Cir.1992). The Court may also rely on its own knowledge and familiarity with
11 the legal market in setting a reasonable hourly rate. Ingram v. Oroudjiam, 647 F.3d 925, 928 (9th
12 Cir. 2011).

13      In deciding the number of hours "reasonably expended," the Court considers whether the
14 time on matter that was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at
15 434. The requesting attorney must provide reasonable documentation of the work performed to
16 enable this determination. Id. at 433. "Where the documentation of hours is inadequate, the
17 district court may reduce the award accordingly." Id. Additionally, hours that are block billed
18 "make[] it more difficult to determine how much time was spent on particular activities." Welch
19 v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). The Court may reduce hours that are
20 block billed, but it "should 'explain how or why . . . the reduction . . . fairly balance[s]' those
21 hours that were actually billed in block format." Id. (quoting Sorenson v. Mink, 239 F.3d 1140,
22 1146 (9th Cir. 2001)).

23

24

### B. The Court's Award

Having considered the materials provided, the Court finds that a reduced award from what counsel has requested is appropriate.

First, the Court finds inadequate support for the hourly rates requested by Wilke, Leifer, and Ishii-Huffer. The materials submitted omit: (1) the hourly rate Wilke or Leifer charges for non-contingency work; (2) any court approval of either attorney's hourly rate; (3) recent data on hourly rates for the greater Seattle/Tacoma market; (4) a statement of support from any attorney from the local area; or (5) any indication why Leifer's rate should be the same as Wilke's, despite having half the experience. In addition, the Pierce County Order provides no support because it does not concern the specific attorneys or the law firm. And the Order does not indicate the relevant experience and education of counsel whose hourly rates were approved. The Court also finds inadequate support for the requested $165/hour rate for Ishii-Huffer. Wilke has provided no information about the paralegal's background, skill, or experience, or any prior court order finding the requested rate appropriate.

The Court also finds the requested rates to be out of line with rates it has approved in other cases involving contingent work. For example, the undersigned approved a $525/hour rate for counsel in an employment discrimination case where counsel had 22 years of experience, obtained a $6.8 million verdict for her client, regularly billed clients at that rate, and provided three declarations attesting to the reasonableness of the rate. See Goldstine v. Fedex Freight Inc., C18-1164 MJP, Dkt. No. 410 at 4-5 (W.D. Wash. Mar. 12, 2021). In that same case, the Court approved $375/hour for counsel with eight years of experience, who provided no evidence what clients regularly paid her and did not convince the Court that her skills were sufficiently comparable to those closer to her requested $425/hour rate. Id. at 5-6. In another employment

discrimination case, the Court approved a $375/hour rate for an attorney with seven years of experience who assisted in the recovery of an $11 million verdict for his client. See Kingston v. IBM, C19-1488 MJP, Dkt. No. 192 (W.D. Wash. June 29, 2021). In that same case, the Court approved $525/hour for an attorney from the same firm with 15 years of experience who regularly charged $725/hour nationally and showed excellent trial work, as well as $525/hour for highly-skilled local counsel with nearly twenty years of experience. Id.; see id., Motion for Attorneys' Fees, Dkt. No. 146. Both attorneys provided supporting declarations from local practitioners. As to paralegals, the Court has found a rate of $175/hour reasonable for a paralegal with 40 years of experience in the local Seattle market. See Deane v. Pacific Financial Group Inc., et al., C19-722 MJP, Dkt. No. 185 at 7 (W.D. Wash. Feb. 10, 2021). The Court has also approved a rate of $175/hour for a paralegal who filed supporting information attesting to her being "one of the most skilled and experienced paralegals with whom [the declarant has] ever worked." Gamble v. State Farm, C19-5956 MJP, Order on Post-Trial Motions, Dkt. No. 149 (W.D. Wash. Jan. 10, 2022).

Having considered the prior awards, the relative skill shown by counsel, their experience, and the lack of adequate supporting materials, the Court finds an award of $400/hour for Wilke and $300/hour for Leifer. This amount reflects the relative skill demonstrated, their experience, and the results obtained. Additionally, the Court awards $125/hour for Ishii-Huffer, given the lack of evidence as to his experience and the skill shown. This amount reflects the Court's best approximation of a reasonable rate.

Second, the Court also finds that a reduction in the hours billed is reasonable given the straight-forward nature of the Motion to Compel. Counsel has identified over fourteen hours spent drafting the Motion and nearly six hours spent drafting the Reply. (Dkt. No. 36-4.) The

ORDER ON FEES - 5

Motion and Reply involved a narrow factual record and straight-forward legal issues that did not require so much time to be expended. Given the lack of complexity, the Court finds that the time billed is excessive, and reduces it by 20%.

Applying these reductions, the Court AWARDS $6,864.00.

## CONCLUSION

The Court finds that an award of $6,864.00 is appropriate given the information provided by counsel, the experience and skill shown, and the lack of complexity in the briefing. The Court notes that this Order does not necessarily constrain any future awards of fees, which may be based on a different record and posture.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 14, 2025.

Marsha J. Pechman
United States Senior District Judge