IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state

Defendant.

Civil Case No. 3:25-cv-05380-TMC

**DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT**

**Oral Argument Requested**

**NOTE ON MOTION CALENDAR: April 13, 2026**

**<u>MOTION</u>**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Defendants The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer (hereinafter "Defendants") move the Court for summary judgment because a shopping cart with anti-theft wheel locking, working as intended, is not an unreasonably dangerous condition as a matter of law. This motion is supported by the following Memorandum of Law, the Declaration and the exhibits attached thereto, and the pleadings and other documents on file.

/ / /

/ / /

/ / /

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 1

KRO224.0010

3:25-cv-05380-TMC

## MEMORANDUM OF LAW

### 1. Introduction.

Plaintiff filed this lawsuit in state court seeking damages as a result of an alleged incident that occurred at a Fred Meyer on May 6, 2023. Compl. ¶ 4. The case was removed to this Court based on diversity of citizenship. In a diversity case, this Court is mandated to follow the applicable state law, so the laws of the State of Washington apply.

Plaintiff alleges that on or about May 6, 2023, Plaintiff exited the store with a shopping cart without passing through the checkout area. Am. Compl. ¶ 8. Plaintiff states Defendants' anti-theft mechanism caused the cart to stop, resulting in Plaintiff allegedly striking the back of the shopping cart with her knee. Am. Compl. ¶ 13. Plaintiff alleges this anti-theft device consists of a dangerous condition on Defendants' property to which Defendants are liable. Am. Compl. ¶ 26.

Defendants bring this motion because Washington does not allow plaintiffs to recover simply because they allege injury as a business invitee. Plaintiff's claims fail because Plaintiff cannot prove that an unreasonably dangerous condition was present. Even if the Court disagreed with this fundamental truth, Plaintiff's claims *still* fail because Defendants were not on notice of this allegedly unreasonably dangerous condition, and because Plaintiff *was* provided notice. Specifically, summary judgment is appropriate in this matter because, as a matter of law: 1) a shopping cart with an anti-theft locking device is not an unreasonably dangerous condition; 2) Defendants did not have notice of the alleged dangerous condition; and 3) Defendants had ample signage to identify that the carts utilized such a system and to warn Plaintiff why the cart may stop.

### Undisputed Facts

On May 6, 2023, Plaintiff went to Fred Meyer with her husband to Fred Meyer. Am. Compl. ¶ 5. Plaintiff alleges she retrieved a Fred Meyer shopping cart to utilize while shopping for a magnesium supplement, which was not available. Am. Compl. ¶ 7. Plaintiff alleges she intended to leave the store without purchasing any items and bypassed the checkout area. Am. Compl. ¶ 8. As Plaintiff attempted to exit the store, the anti-theft wheel locking device was triggered, causing the cart to stop, and allegedly causing injury. Am. Compl. ¶ 9. The anti-theft

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 2

KRO224.0010

3:25-cv-05380-TMC

wheel locking device is disabled when the cart passes through the checkout area to ensure that paying customers can leave the store. Am. Compl. ¶ 12.

Plaintiff was not utilizing the cart to hold merchandise, and instead, was utilizing the cart solely as a tactile cue to help her keep her balance after a recent total knee replacement surgery. STK Decl. ¶ 2, Ex. A, pg. 50-51, 79. Plaintiff required a mobility and balance aid to safely navigate the store, but chose to use her cart instead of utilizing her cane, which she had with her on the date of the incident. *Id.* at pg. 49

Plaintiff did not lean on the cart, only her two hands touched the cart as she pushed it in front of her with her arms extended. *Id.* Plaintiff stated that the cart stopped, causing her to hit her knee, stating "…I lifted my knee, walked right into [the cart] and that was it." *Id.* at pg. 82. Plaintiff was walking at a slow pace. STK Decl. ¶ 3, Ex. B, pg. 19.

The shopping carts at this Fred Meyer are equipped with warning signs that caution users about the possibility of the cart suddenly stopping. Further, there are signs posted at the entrance doors.



STK Decl. ¶ 4, Ex. C.

Plaintiff shopped at that Fred Meyer multiple times per week for over 25 years. STK Decl. ¶¶s 2 & 3, Ex. A, Pg. 44-45 & Ex. B, Pg. 17. Plaintiff used a shopping cart every time she shopped at Fred Meyer. Id. at Ex A., pg. 44-45 &, Ex. B, Pg. 23-24. Plaintiff was becoming uncomfortable with shopping at that Fred Meyer due to violence and criminals in the area. STK Decl. ¶ 2, Ex. A, pg. 54-55. Plaintiff attributes the crime and violence in that area to the homeless population, who are known to steal shopping carts. *Id.* at pg. 56-57.

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 3

KRO224.0010                                                3:25-cv-05380-TMC

**2. Summary Judgment Standard**

Summary Judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and the admissions on file, if any, show "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 324. In evaluating a summary judgment motion: 1) all reasonable doubts as to the existence of a material fact should be resolved against the moving party; and 2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Servs. v. Pacific Elec. Contractors,* 809 F.2d 626, 630 (9th Cir. 1987).

**3. Premise Liability**

The operator of a business is not an insurer of the safety of all patrons. *Hendrickson v. Brill,* 45 Wn.2d 766, 766-767 (1954). In Washington, the standard for a business owner in a premise liability case requires the plaintiff to prove:

1) An unreasonably dangerous condition existed on the premise;

2) The unsafe condition was caused by the business; or

3) The business had actual or constructive notice of the dangerous conditions.

*Coleman v. Ernst Home Ctr*, 70 Wn. App. 213, 217 (1993).

Summary judgment is appropriate in this case. First, and most notably, the anti-theft wheel lock system is not an unreasonably dangerous condition. Defendants have no duty to rectify that which is not dangerous. Second, even if the court disagrees, Plaintiff cannot prove that Defendants had notice of an "unsafe condition" because there are no prior complaints of injuries when the anti-theft wheel lock system worked as intended (meaning it was triggered absent any malfunction) while a customer was exiting the store. Finally, multiple warning signs were affixed to the store entrance and the carts, themselves, warning patrons of the possibility of the cart coming to a stop.

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 4

KRO224.0010                                    3:25-cv-05380-TMC

Plaintiff's case fails in myriad ways, and this case should be dismissed with prejudice.

A. *An Anti-Theft Wheel Locking Device is Not an Unreasonably Dangerous Condition.*

The anti-theft wheel lock device is not unreasonably dangerous, and the simple fact that injury occurred cannot negate this truth: it is undisputed that the wheels locked when Plaintiff tried to exit the store after bypassing the checkout station, meaning the wheel lock device worked exactly as intended and without any malfunction. Under Washington law, the courts have consistently held that to be liable for injuries, there must be evidence of a defect or negligence.

The mere existence of a condition, such as an anti-theft wheel locking device, does not make it dangerous, and retailers are not strictly liable for all injuries that occur on their property. Not every condition that causes injury is unreasonably dangerous. Curbs, escalators, wheel stops in parking lots, all are ordinary features of the built environment that can and do cause injuries, yet none gives rise to liability because they are open, obvious, and expected. A shopping cart equipped with an anti-theft wheel-locking device is no different. These devices are a common, readily apparent feature of modern retail, particularly in urban areas where cart theft is a well-documented concern. Their presence is neither concealed nor surprising.

Defendants owe no duty to warn of conditions that are not unreasonably dangerous. To hold otherwise would impose liability for every commonplace object that could foreseeably cause harm, a result that is not only unsupported by the law but would lead to absurd consequences. If an anti-theft locking mechanism on a shopping cart is an unreasonably dangerous condition, then so is every curb, every revolving door, and every speed bump. The law does not require that result, and this Court should not create it.

1. A Shopping Cart is a Usual and Expected Feature of the Premises.

A grocery cart with an anti-theft wheel lock mechanism is a usual and expected feature at a grocery store, and as a matter of law, are not unreasonably dangerous. In Washington, usual, expected, or ordinary features of a property, such as a rug inside a door, or in this case, a shopping cart, are conditions that do not pose an unreasonable risk of harm and are not unreasonably dangerous as a matter of law. *Wiltse v. Albertson's, Inc., 116 Wn.2d 452 (1991).* Carts with anti-

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 5

theft wheel lock systems are ordinary and expected conditions at retail stores across the nation, and *especially* in the Pacific Northwest, where there is a sizeable, unhoused population.

Federal courts have also addressed conditions that are usual and expected at a retail premises. In *Cox v. Wal-Mart Stores,* the court held that features such as thresholds, curbs, and steps are not unreasonably dangerous because they are conditions that customers normally expect to encounter. *Cox v. Wal-Mart Stores, East, L.P.*, 755 F.3d 231 (2014) [internal citations omitted]. The court noted that such conditions are not hazardous as a matter of law unless there is evidence of a defect or unusual danger. *Id.* Similarly, federal courts have held that a shopping cart, without evidence of a defect, is not unreasonably dangerous as a matter of law. *See, e.g., Oberstein v. Mayfair Super Mkts., Inc., 298* A.D.2d 446, 748 N.Y.S.2d 271 (App. Div. 2002).

It cannot reasonably be disputed that a shopping cart with an anti-theft wheel locking system is anything but a usual, ordinary, and expected feature at a grocery store, and Plaintiff's assertion to the contrary is not compelling. Plaintiff herself states that shopping cart theft is an issue in the subject-area, and her husband acknowledges that there are anti-theft wheel lock systems installed at other stores she patronizes, like Win-Co. STK Decl. ¶ 3, Ex. B. Pg. 25-26.

2.  Many Cities Mandate the Use of Anti-Theft Wheel Lock Systems.

A device that lawmakers encourage, or mandate cannot be deemed unreasonably dangerous as a matter of law. Retailers who install anti-theft wheel-locking systems do so to comply with city and municipal codes designed to address cart theft, litter, and public safety. Penalizing compliance with those codes would produce an irreconcilable contradiction: a retailer would face liability for installing the very device the law requires it to use.

Washington law recognizes that legislative standards define the contours of reasonable conduct. Under RCW 5.40.050, breach of a duty imposed by statute, ordinance, or administrative rule constitutes evidence of negligence, and conversely, compliance with such standards is evidence of due care. *See* WPI 60.03 (instructing juries that violation of a statute, ordinance, or administrative rule may be considered as evidence of negligence in determining whether a party exercised reasonable care). Courts routinely examine whether property owners complied with

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 6

3:25-cv-05380-TMC

code-prescribed specifications, railing heights, stair dimensions, lighting requirements, curb designs, to assess whether a condition was unreasonably dangerous. Washington's express codification of this framework reflects the significant weight code compliance carries in that analysis.

Here, the weight cuts decisively in Defendants' favor. Multiple major cities, including several in Washington, have enacted ordinances that encourage or outright require grocery stores to equip shopping carts with anti-theft wheel-locking devices. These are not rogue installations by an overzealous retailer; they are legislatively sanctioned safety and loss-prevention measures. A device adopted in compliance with municipal law, serving a recognized public purpose, and deployed across the retail industry nationwide is not an unreasonably dangerous condition. It is the opposite, and evidences due care. Below are cities in Washington that encourage or require retailers to install the anti-theft wheel lock device at issue in this lawsuit:

- **Federal Way, Washington**: Federal Way Revised Code Section 7.25.050 requires retailers to engage in security measures to prevent removal of shopping carts from the premises, including installing electrically active self-braking wheels. FWRC 7.25.050.

- **Shelton, Washington**: The Covington City Council passed a new Shopping Cart Ordinance in November of 2024 that requires retailers to mitigate the removal of shopping carts from their business, noting that most retailers meet that requirement by installing wheel lock systems. [1]

- **Longview, Washington**: Longview Municipal Code, Chapter 7.34 (LMC), *Shopping Cart Regulation* requires retail establishments to deter, prevent, or mitigate the removal of shopping carts from their business premises including encouraging the use of electronically activated self-breaking wheels. LMC 7.34.030(13).

- **Mill Creek, Washington**: Mill Creek Municipal Code 8.06.100(2) requires retailers to contain shopping carts on site, using methods including electronic wheel lock devices on all carts.

[1] https://www.covingtonwa.gov/businesses/shoppingcarts.php

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 7

3:25-cv-05380-TMC

- **Renton, Washington**: Requires retailers to use the means available to them to implement security measures, including electronically activated self-braking wheels, to deter, prevent or mitigate the removal of shopping carts from their business premises. RMC 6-27 1.

Additionally, there are similar ordinances in many major cities, including cities like Phoenix, Arizona[2] and Glendale, Arizona[3], which explicitly require retailers to install anti-theft wheel lock devices to their carts. On February 22, 2026, USA Today published an article called "Laws Across the Nation Promise a Shopping Cart Crackdown," noting that lawmakers across the country are requiring stores to implement shopping cart security measures, and specifically highlighting Gatekeeper's SmartWheel technology as an effective, and in some cases, mandatory, way to stop carts from getting out in the first place.[4] The article is linked below for convenience and also attached as an exhibit. STK Decl. ¶ 5, Ex. D.

It would be legally untenable to hold a retailer liable for installing a device that local governments mandate retail stores to implement. These ordinances reflect a legislative judgment that such devices are a safe, effective, and preferred method of addressing the well-documented problem of shopping cart removal. To suggest a device lawmakers are actively encouraging and/or demanding retailers to utilize is unreasonably dangerous is absurd, and Plaintiff cannot establish that this widely recommended security measure constitutes an unreasonably dangerous condition. As such, her claim must be dismissed.

3. <u>A Sudden Stop or Jolt Alone Cannot Establish a Condition is Unreasonably Dangerous</u>.

Plaintiff's claim cannot survive because a shopping cart with a wheel lock device is an ordinary and expected feature, and certainly cannot survive in the face of nationwide legal requirements for the implementation of this anti-theft device, but it does not stop there. In cases where an injury occurred due to a sudden stop or jolt, the case law could not be clearer: a sudden stop, without evidence of defect or negligent conduct, does not give rise to an inference of

---

[2] https://phoenix.municipal.codes/CC/39_ArtX
[3] https://www.glendaleaz.gov/Live/City-Services/Code-Compliance/Shopping-Cart-Ordinance
[4] https://www.usatoday.com/story/news/nation/2026/02/22/shopping-cart-crackdown-laws/88479792007/

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 8

KRO224.0010

3:25-cv-05380-TMC

negligence. Plaintiff's claim is nothing short of dead in the water because a sudden stop or jolt is not sufficient to establish negligence.

In *Tinder v. Nordstrom, Inc.*, a plaintiff descended down an escalator while carrying multiple packages. 84 Wash. App. 787, 793-94 (1997). The escalator stopped suddenly, allegedly injuring plaintiff. *Id.* No malfunction was found either before or after the incident. *Id.* The court held that a sudden stop, without evidence of a defect or negligent conduct, does not give rise to an inference of negligence and that to hold otherwise would improperly transform the store into an insurer of passenger safety. *Id*. at 794. Further, Washington courts have long held that common carriers are not liable for ordinary jolts or stops incident to normal operation, and liability requires evidence of conduct outside the ordinary experience from which negligence reasonably be inferred. *See Gentry v. Greyhound Corp*., 46 Wash.2d 631, 633–34 (1955); *see also Benton v. Farwest Cab Co*., 63 Wash.2d 859, 862–63 (1964); *Wade v. N. Coast Transp. Co.*, 165 Wash. 418, 420–21 (1931). Descriptions such as "violent" or "abrupt" do not, standing alone, establish negligence. See *Wilcoxen v. Seattle*, 32 Wash.2d 734, 738 (1949).

Here, like in *Tinder*, a sudden stop occurred, causing alleged injury to Plaintiff. The stop, while allegedly unexpected by Plaintiff, was incident to normal operation of a cart equipped with an anti-theft device that is triggered when someone attempts to leave after bypassing the checkout stand, unlike the unexplained stop in *Tinder*. Here, there is zero evidence of any defect, improper maintenance, or operational failure. To the contrary, all parties admit that the cart functioned exactly as designed.

A common carrier owes a duty of the highest care for its passengers' safety compatible with the practical operation of its business. *Knutson v. Macy's W. Stores, Inc.*, 1 Wash. App. 2d 543, 545 (2017). The standard of care imposed on a common carrier is harsher than the standard owed by a proprietor to a business invitee in a premises liability matter. Even a common carrier, who owes the highest degree of care, is not an insurer of passenger safety. *Rathvon v. Columbia Pac. Airlines*, 30 Wash.App. 193, 204 (1981), *review denied*, 96 Wash.2d 1025 (1982). If a sudden, unexpected, or abrupt stop or jolt cannot establish negligence for a common carrier, it certainly

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 9

KRO224.0010                                                    3:25-cv-05380-TMC

cannot establish negligence in a premises liability matter.

    4.    The Subject Shopping Cart had No Mechanical Defects.

    Washington precedent is silent on what constitutes an unreasonably dangerous shopping cart, but other states with similar premises liability laws have noted **that shopping carts without defects cannot be considered unreasonably dangerous**.

- In *Oberstein v. Mayfair Super Mkts., Inc., 298* A.D.2d 446, 748 N.Y.S.2d 271 (App. Div. 2002), a plaintiff was injured after she fell when her foot became caught in a vertical section of a shopping cart railing underneath the basket. *Id.* The Court held that a shopping cart was not an inherently dangerous condition, meaning Defendant had no duty to warn Plaintiff of its existence. *Id.*

- In *Landreau v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 1318, 1320-21 (M.D. Ala. 1999), a plaintiff was injured after a shopping cart she pushed off the curb of a sidewalk flipped and landed on top of her. *Id.* The premises were not liable because plaintiff chose to push the cart over the curb instead of walking to a sloped break in curb specifically designed for maneuvering carts from the sidewalk to the parking lot. *Id.* at 51. The Court notes that plaintiff's injury resulted not from a dangerous condition, but rather, her choice to proceed over the curb, and plaintiff's belief that the premises were responsible for her injury relies on the proposition that the premises forced plaintiff to push her cart over the curb. *Id.* at 1322-23.

- In *Bosslet v. Wal-Mart Stores, Inc., No. TJS-12-2392, 2013 U.S. Dist. LEXIS 154442, at *12-13 (D. Md. Oct. 25, 2013)*,a plaintiff was injured after her pants leg was caught in the shelf of a shopping cart when the shelf swung outward and startled her. She then pushed her cart, but because her pants leg was caught, she fell to the ground. *Id.* at 1. The Court held that the store was not liable because the type of fall that occurred was not the type of accident that ordinarily occurs because of negligence conduct by the store. *Id.* at 10.

- In *Rice v. PetSmart LLC*, 649 F. Supp. 3d 673, 675 (M.D. Tenn. 2023) a plaintiff was injured after her shopping cart filled with 250 pounds of cat litter and cat food fell as she

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 10

KRO224.0010                                                    3:25-cv-05380-TMC

navigated the cart over a speed bump in the parking lot. *Id.* Plaintiff argued that the cart was unreasonably dangerous because the wheel did not have sufficient cushioning. *Id.* at 678. The Court granted summary judgment, stating if no dangerous or defective condition exists, a premises owner cannot be liable for failing to take action. *Id.*

Taking the above cases in totality, it is clear that a shopping cart, by itself, is not unreasonably dangerous, and to survive summary judgment, Plaintiff must present evidence that the subject-cart was defective in some way. Here, no such evidence exists. While Plaintiff contends that Defendants were negligent for implementing a wheel lock system, the fact remains that there is no evidence that the subject-cart was defective in any way. As the cart allegedly causing injury to Plaintiff was free from defects and cannot be considered unreasonably dangerous, Plaintiff's claims must be dismissed.

Carts and anti-theft wheel lock systems are not unreasonably dangerous. They are encouraged and even mandated by lawmakers in Washington and across the country, and a sudden stop or jolt incident to ordinary use is not unreasonably dangerous. Plaintiff cannot establish that an unreasonably dangerous condition existed, meaning Defendants cannot be liable.

### B. Plaintiff Cannot Establish Notice.

To be clear, notice is only required if a condition is unreasonably dangerous. Here, Defendants contend that there is no unreasonably dangerous condition as the cart, as everyone agrees, was free of defects. But, in the event the court disagrees, Plaintiff's case still fails as a matter of law. Plaintiff must provide evidence that Defendants had notice. Specifically, in a premises liability case, a plaintiff must prove that "the defendant had actual or constructive notice of the alleged unsafe condition." *Galassi v. Lowe's Home Centers, LLC,* 4 Wn.3d 425, 428 (2025). Without evidence of actual or constructive notice, a plaintiff usually cannot establish breach of duty. *Id.*

For the possessor of land to be liable to invitees for the unsafe condition of his land, he must have actual or constructive notice of that unsafe condition. Where the negligence of a storekeeper or restaurateur is predicated upon his failure to keep his premises in a reasonably safe

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 11

KRO224.0010                                          3:25-cv-05380-TMC

condition, it must be shown that the condition has either been brought to his notice or has existed for such time as would have afforded him sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger. *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 40, 666 P.2d 888, 888 (1983).

Further, if the alleged "unsafe condition" arose only because of a plaintiff's actions, notice cannot be established because a defendant cannot have known of or remedied said condition before it occurred. *Price v. Dick's Sporting Goods Inc.,* No. 3:24-cv-05585-TLF, 2026 U.S. Dist. LEXIS 8517, at *11 (W.D. Wash. Jan. 15, 2026). This remains true even with stoppage, as there is no evidence of a defect and "…stoppage itself does not constitute notice of a pre-existing danger." *Id.*

Here there is no evidence that Defendants had actual or constructive notice of this alleged dangerous condition as Plaintiff cannot provide specific instances where the anti-theft wheel lock device caused injury when it worked as intended by locking the wheels of a customer's empty cart who was exiting the store after bypassing the check stand. Further, Plaintiff created this allegedly dangerous condition when Plaintiff, who requires a mobility device to safely navigate the store, chose to utilize a shopping cart as a mobility device as opposed to her cane, despite the fact that she had her cane with her. STK Decl. ¶ 2, Ex. A, pg. 49, 50-51. As such, Defendants cannot possibly have notice of this alleged dangerous condition because, like in *Price*, it was created by the Plaintiff, there is no evidence of a defect, and the stoppage itself is not notice of a pre-existing danger.

C. *Fred Meyer Warned Plaintiff of the Anti-Theft Wheel Lock System.*

Even if Plaintiff could overcome the insurmountable hurdles above, and could show that the condition was dangerous, that there was notice of the condition, and that it was not open and obvious, her claim would still fail as Defendants sufficiently warned Plaintiff that the cart may suddenly or abruptly stop.

A business owner is not an insurer of an invitee's safety. Rather, the duty owed to a business invitee is one of reasonable care, which includes warning of dangerous conditions so that the invitee may avoid harm or protect herself against it. *Tincani v. Inland Empire Zoological Soc'y,*

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 12

KRO224.0010

3:25-cv-05380-TMC

124 Wn.2d 121 (1994). The question is whether the warning was sufficient to allow the invitee the opportunity to protect herself. Here, it plainly was.

Defendants posted warning signs in multiple conspicuous locations, on the entrance doors to the store and *on the shopping carts themselves*, stating that the carts are equipped with anti-theft wheel lock devices and that the cart may stop unexpectedly or abruptly. STK Decl. ¶ 4, Ex. C. These warnings communicated the precise risk at issue, which is that the cart could come to a sudden stop. They were placed where any patron entering the store or taking a cart would encounter them, and they conveyed exactly the information a customer would need to avoid the harm Plaintiff alleges.

The adequacy of these warnings is further underscored by Plaintiff's own testimony. Plaintiff was not an occasional visitor. By her own account, she shopped at this Fred Meyer location approximately two to three times per week for twenty-five years, and always used a shopping cart. STK Decl. ¶¶s 2 & 3, Ex. A, pg. 44-45, Ex. B, pg. 16-17. The security system was installed in 2019, meaning Plaintiff made roughly 416 visits to this store since installation, had approximately 416 occasions to walk through the entrance doors bearing these warnings, and 416 occasions to retrieve a cart displaying them. Against that backdrop, Plaintiff's claim that she was unaware of the anti-theft system strains credulity. But, the relevant inquiry is whether the warnings were *sufficient*, and warnings posted at every entrance and on every cart are more than sufficient.

There is no dispute. Defendants did what reasonable care required: it identified the risk, communicated it clearly, and placed that communication where patrons would see it. Plaintiff's claim fails on yet another independent basis.

## CONCLUSON

Plaintiff's claim fails at every level. Plaintiff cannot prove that a shopping cart with an anti-theft wheel lock system is unreasonably dangerous and cannot prove that Defendants had notice that the cart was unreasonably dangerous. Further, Plaintiff was warned as Defendants had signs in multiple locations warning of the possibility that the cart may stop suddenly. For the foregoing

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 13

3:25-cv-05380-TMC

reasons, Defendants respectfully requests this Court grant Defendants' motion and order Plaintiff's case to be dismissed with prejudice.

Pursuant to Local Court Rules, to the extent required, the undersigned certifies this motion is in compliance as to word count or number of pages.

Dated this 11th day of March, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500
Portland, OR 97204
503-223-3000
Attorney for Defendants The Kroger Co. and Fred Meyer Stores, Inc.

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 14

KRO224.0010

3:25-cv-05380-TMC

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| LINDA LAROCQUE, | ) | Civil Case No. 3:25-cv-05380-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF FILING AND** |
| | ) | **SERVICE** |
| THE KROGER CO., a foreign corporation doing | ) | |
| business in Washington state; and, FRED | ) | |
| MEYER STORES, INC., a foreign corporation | ) | |
| doing business in Washington state, a/k/a | ) | |
| TACOMA-STEVENS FRED MEYER, | ) | |
| GATEKEEPER SYSTEMS, INC., a foreign | ) | |
| corporation doing business in Washington state | ) | |
| | ) | |
| Defendants. | ) | |

I hereby certify that on this 11th day of March, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF SARAH TUTHILL-KVETON IN SUPPORT OF DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR SUMMARY JUDGMENT and proposed ORDER** was served as stated below on:

Robert C. Wilke
Gordon Thomas Honeywell, LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
*Attorneys for Plaintiff*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
  Fax #: (253) 620-6565
☑ By e-mail:

CERTIFICATE OF SERVICE
KRO224.0010

rwilke@gth-law.com
ileifer@gth-law.com
sishii-huffer@gth-law.com
sweger@gth-law.com

☑ By court eFiling Application to the extent registered

☐ By hand delivery

☐ By first-class mail*

☐ By facsimile transmission
Fax #: (206) 441-8484

Francis S. Floyd
Floyd Pflueger, P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121
   *Attorneys for Defendant Gatekeeper Systems, Inc.*

☑ By e-mail:
ffloyd@nwtrialattorneys.com
surban@nwtrialattorneys.com
ecampbell@nwtrialattorneys.com
skatinas@nwtrialattorneys.com

☑ By court eFiling Application to the extent registered

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 11th day of March, 2026.

**CHOCK BARHOUM** LLP

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison St, Suite 500
Portland, OR 97204
(503) 223-3000
   Attorneys for Defendant The Kroger Co. and Fred Meyer Stores, Inc.

CERTIFICATE OF SERVICE
KRO224.0010