IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

LINDA LAROCQUE,

                Plaintiff,

    v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state

                Defendant.

Civil Case No. 3:25-cv-05380-TMC

**DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Oral Argument Requested**

**NOTE ON MOTION CALENDAR: May 4, 2026**

## **<u>REPLY</u>**

Plaintiff's overlength response attempts to confuse issues and conflate standards applicable to product liability claims with standards for premises liability claims to drag a nonviable claim to trial. It is not compelling, and Defendant's Motion for Summary Judgment should be granted because the majority of Plaintiff's evidence, including expert testimony, is not admissible. The remaining admissible evidence does not establish that a dangerous condition existed, let alone that Defendant had notice of that condition or that the condition was reasonably foreseeable under the *Pimental* exception. As such, Plaintiff has failed to demonstrate facts sufficient to defeat summary judgment, and all claims against Defendants Kroger and Fred Meyer should be dismissed.

Defendant wants to focus on the law and chooses not to address the many falsehoods levveyed at Defendant, including various critiques of caselaw and Defendant's 30(b)(6) deposition as they are not relevant to this Court's decision. Defendant's silence should not be construed as agreement, and instead, as a show of respect of the process and in preserving judicial economy[1]

1. **<u>Plaintiff Cannot Demonstrate a Shopping Cart with a Wheel Lock System is Unreasonably Dangerous</u>**.

A premises is unreasonably dangerous when the risks of harm outweigh the utility of the activity. *DiLorenzo v. Costco Wholesale Corp.*, 515 F. Supp. 2d 1187, 1189 (W.D. Wash. 2007). Courts routinely recognize that commonplace features of the built environment, such as escalators and curbs, are not unreasonably dangerous as a matter of law. Those features carry inherent, obvious risks, yet they are deemed acceptable because they are ordinary, necessary, and function as intended.

This case presents an even stronger circumstance. Unlike escalators or curbs, which are optional design choices, this system exists because it has been broadly mandated and implemented across the state as part of a larger regulatory and commercial framework. That widespread adoption reflects a policy determination: the utility of the system outweighs its inherent, minimal risks. Here, the utility is so apparent that it is affirmatively required for modern operations.

This distinction is critical. Where a condition is not only commonplace but effectively required for the functioning of commerce and public safety, the threshold for deeming it "unreasonably dangerous" as a matter of law is necessarily higher. Courts should be reluctant to impose tort liability for the ordinary operation of a system that has been widely adopted, if not compelled, by governing bodies and industry standards.

---

[1] For example, Plaintiff alleges that Defendant took a break during a deposition while a question was pending. However, Counsel for Defendant requested a break prior to a question pending.
Q: What training is given to employees regarding taking incident reports?
A That's—that's formal training. We do have that. any new leader gets that formal training.
Q: And…
Ms. Tuthill-Kveton: Wait. This is—wait. Before you ask your next question, this is a good time to take a break. So I'm going to take a break.

Counsel for Plaintiff explains that he has a **series** of questions pending, despite the fact that Plaintiff had not asked a question. Plaintiff's counsel then states that he has a pending question, and by that, he means a pending series of questions. Dec. of STK ¶ 2, Ex. 1, Deposition of Chad Peterson, pg. 67-69.

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

3:25-cv-05380-TMC

2. **Plaintiff Fails to Demonstrate Defendant had Notice**.

Plaintiff cannot prove that a shopping cart with a wheel lock device is unreasonably dangerous. Plaintiff relies on the sixty-nine incident reports to prove that Defendant had actual or constructive notice of the alleged dangerous condition, or in the alternative, that it was reasonably foreseeable under the limited *Pimental* exception, but the evidence Plaintiff provides is irrelevant and inadmissible.  As such, Plaintiff fails to meet their evidentiary burden, and summary judgment must be granted.

Plaintiff offers sixty-nine incident reports from Fred Meyer stores all over Washington to demonstrate that Defendant had constructive notice or that the narrow *Pimental* exception applies, however, that evidence is irrelevant and inadmissible. Evidence is relevant if it tends to make a fact more or less probable than it would be without evidence and is a fact of consequence in determining the action. ER 401. Evidence must be relevant to be admissible. ER 402. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment" . *Williams v. Columbia Debt Recovery*, 579 F. Supp. 3d 1203 (2022), *Diemert v. City of Seattle*, 776 F. Supp. 3d 922 (2025).

Where the negligence of a storekeeper is predicated upon his failure to keep his premises in a reasonably safe condition, it must be shown that the condition has either been brought to his notice or has existed for such time as would have afforded him sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger. *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 40, 666 P.2d 888, 888 (1983). Therefore, any event occurring subsequent to the subject incident on May 6, 2023 is irrelevant as to whether or not, at the time of the event, that Defendant had notice. As such, the incident reports subsequent to the May 6, 2023 are not admissible as they do not tend to prove or disprove whether or not Defendant had notice on the date of Plaintiff's alleged injury.

Further, in a negligence case, other accidents and injuries are inadmissible to show a general lack of care or negligence, but may be admissible on other, more limited issues if the conditions are sufficiently similar and the actions are sufficiently numerous. The admitted reports

of prior accidents need not be identical, only substantially similar. Courts have upheld admission of evidence of previous fights in a specific tavern, and other near-accidents at the same railroad crossing. *Id.* It follows that a high degree of specificity is a prerequisite.

The other incident reports are irrelevant and inadmissible because they do not tend to prove or disprove the events at the subject premises and are not substantially similar enough to be admitted as they did not occur at the subject premises and, in the vast majority of cases, involved malfunctions of the wheel lock system. This exclusion makes sense, as Defendant cannot be considered to have actual or constructive notice of a dangerous condition on their premises due to alleged unsafe conditions on a separate premises. Similarly, the *Pimental* exception applies only to the existence of unsafe conditions on the premises that are reasonably foreseeable. *Tavai v. Walmart Stores, Inc.*, 176 Wn. App. 122, 125, 307 P.3d 811, 813 (2013). As such, evidence tending to prove or disprove whether or not a condition was unsafe, or whether or not a landowner was on notice must come from the subject premises to be admissible and must involve substantially similar circumstances. This leaves one (1) singular incident report occurring on September 15, 2020, but under closer scrutiny, this report is also inadmissible. Additionally, Plaintiff's expert, Levi Dixon opines on liability partially based on **2026** events – none of which would be relevant in the analysis of this case.

Reports with no similarity should be excluded. *Blood v. Allied Stores Corp.,* 62 Wn.2d 187, 189, 381 P.2d 742 (1963), Further, while it is permissible to admit evidence of previous fights on the occasion of New Years Eve after a patron was injured in a fight occurring on New Years Eve, it is an error to admit evidence of customs from other establishments. *Miller v. Staton*, 58 Wn.2d 879, 885, 365 P.2d 333, 336 (1961).

In contrast, prior incidents may be admissible when they are not too remote in time or circumstance, involve the same location, and result from the same mechanism of injury. In *Toftoy v. Ocean Shores Props.*, a plaintiff was dancing smoothly when his foot caught in a quarter to half inch crack in the floor. The Court allowed evidence of a prior similar incident because it was only two months before the subject incident, involved the same crack where the prior accident victim

caught his foot and broke his leg, and involved a similar mechanism of injury as both patrons were dancing smoothly, then got their foot caught in the crack *Toftoy v. Ocean Shores Props.,* 71 Wn.2d 833, 834, 431 P.2d 212, 213 (1967). In other words, the prior accident was admissible because it occurred due to the same exact crack in the same place and caused when both patrons were dancing smoothly and got their foot caught and occurred only two months prior.

Here, the remaining report must be excluded as the mechanism of injury is not the substantially similar and the incident occurred approximately three years prior to the subject-incident. Here, Plaintiff alleges she was injured due to the cart suddenly and abruptly stopping, causing her to run her knee into the cart, causing injury. Pltf's Opp to Def's MSJ pg. 1-2. In the singular remaining report, the patron was injured because she tried to move a cart once it had locked. Indeed, the patron reported that she injured her knee not because the cart she was pushing unexpectedly locked up, but because she attempted to push the stationary cart after it had stopped with her momentum, which twisted her knee. STK Decl. ¶ 3, Ex. 2. Unlike *Toftoy*, the mechanism of injury in the report differs from the mechanism of injury in subject-incident, and the report was from 3 years prior, making it inadmissible.

Plaintiff requests that this Court allow a jury to consider the outrageous. Defendant's 30(b)(6) deponent testified that there are approximately 4,000 transactions at the subject premises per day, meaning there are more than 1,460,000 customers per year, and more than 7,300,000 million customers in the past 5 years. Decl. of STK ¶ 2, Ex. 1, pg. 163-64. There has been 1 incident with dubious similarity to the subject incident in the past 5 years. 1 in 7,300,000, or .000000137 percent chance of injury. The chances of being struck by lightning in any given year is 1 in 1,222,000. [2] To consider the anti-theft shopping cart mechanism as anything but extremely safe is as absurd.

Defendant cannot have notice of a condition that has not occurred at their premises, and to hold otherwise would allow any accident at any store to serve as evidence that a proprietor is on notice for virtually any conceivable accident. If a patron in Renton tripped on a curb, they could

---

[2] https://www.weather.gov/safety/lightning-odds

comb through every incident report at every store in the nation until they found a similar accident, and could then use it to assert that a shopkeeper had notice. This would essentially make any proprietor strictly liable for any injury occurring, so long as something similar happened anywhere else.

Plaintiff has zero evidence that the cart locking mechanism is unreasonably dangerous. Even if Plaintiff had evidence that it was unreasonably dangerous, Plaintiff has zero evidence that Defendant had actual or constructive notice, or that the alleged dangerous condition was reasonably foreseeable. Plaintiff's claims fail as a matter of law and must be dismissed.

Dated this 30th day of April, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison St, Suite 500
Portland, OR 97204
(503) 223-3000
Attorneys for Defendant The Kroger Co. and Fred Meyer Stores, Inc.

Dated this 30th day of April, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
121 SW Morrison St, Suite 500
Portland, OR 97204
(503) 223-3000
Attorneys for Defendant The Kroger Co. and Fred Meyer Stores, Inc.

DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br>          Plaintiff,<br><br>   v.<br><br>THE KROGER CO., a foreign corporation doing<br>business in Washington state; and, FRED<br>MEYER STORES, INC., a foreign corporation<br>doing business in Washington state, a/k/a<br>TACOMA-STEVENS FRED MEYER,<br>GATEKEEPER SYSTEMS, INC., a foreign<br>corporation doing business in Washington state<br><br>          Defendants. | Civil Case No. 3:25-cv-05380-TMC<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this 30th day of April, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANTS THE KROGER CO. AND FRED MEYER STORES, INC.'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was served as stated below on:

/ / /

/ / /

/ / /

/ / /

/ / /

CERTIFICATE OF SERVICE
KRO224.0010

| | |
|---|---|
| Robert C. Wilke<br>Gordon Thomas Honeywell, LLP<br>1201 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402<br>    *Attorneys for Plaintiff* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>    Fax #: (253) 620-6565<br>☑ By e-mail:<br>    rwilke@gth-law.com<br>    ileifer@gth-law.com<br>    sishii-huffer@gth-law.com<br>    sweger@gth-law.com<br>☑ By court eFiling Application to the<br>    extent registered |
| Francis S. Floyd<br>Floyd Pflueger, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>    *Attorneys for Defendant Gatekeeper Systems,<br>    Inc.* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>    Fax #: (206) 441-8484<br>☑ By e-mail:<br>    ffloyd@nwtrialattorneys.com<br>    surban@nwtrialattorneys.com<br>    ecampbell@nwtrialattorneys.com<br>    skatinas@nwtrialattorneys.com<br>☑ By court eFiling Application to the<br>    extent registered |

\*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 30th day of April, 2026.

**CHOCK BARHOUM LLP**

*Sarah Tuthill-Kveton*

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison St, Suite 500
Portland, OR 97204
(503) 223-3000
    Attorneys for Defendant The Kroger Co. and Fred
    Meyer Stores, Inc.

Dated this 30th day of April, 2026.

**CHOCK BARHOUM LLP**

*Samuel ben Behar*

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
121 SW Morrison St, Suite 500
Portland, OR 97204
(503) 223-3000
    Attorneys for Defendant The Kroger Co. and Fred
    Meyer Stores, Inc.

CERTIFICATE OF SERVICE
KRO224.0010