UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

_____

LINDA LAROCQUE,                    )
                                   )
          Plaintiff,               )
                                   )
    vs.                            )  No. 3:25-cv-05380
                                   )
THE KROGER CO., a foreign          )
corporation doing business in      )
Washington state; FRED MEYER       )
STORES, INC., a foreign            )
corporation doing business in      )
Washington state, a/k/a            )
TACOMA-STEVENS FRED MEYER;         )
GATEKEEPER SYSTEMS, INC.,          )
a foreign corporation doing        )
business in Washington state,      )
                                   )
          Defendants.              )

_____


REMOTE VIDEOTAPED 30(B)(6) DEPOSITION

UPON ORAL EXAMINATION OF

FRED MEYER STORES, INC. AND THE KROGER CO.

CHAD PETERSON
_____


9:00 a.m.
April 2, 2026
Witness Location:   Tacoma, Washington

Karmen Knudson, RPR, CRR, CCR 1935
Carrie Reporting, LLC
16212 Bothell-Everett Highway, Suite F-328
Mill Creek, Washington
CarrieReportingLLC@outlook.com

Exhibit 1 - Page 1 of 7

Q    Do you know whether an incident report was taken on the day she was injured?

A.    I do not.

Q.    Did you do anything to prepare for today by seeing if that was the case or not?

A.    I do not.  I didn't look into this case at all.  Just...

Q.    What training is given to employees regarding taking incident reports?

A.    That's -- that's formal training.  We do have that.  Any new leader gets that formal training.

Q.    And --

MS. TUTHILL-KVETON:  Wait.  This is -- wait. Before you ask your next question, this is a good time to take a break.  So I'm going to take a break.

MR. WILKE:  Counsel, we've only been 40 minutes now.  I have a pending series of questions. We'll take a break in just a few minutes.

I understand you want to coach your --

(Crosstalk)

MR. WILKE:  Let me finish, please.

I understand you want to coach your witness. I understand this testimony is not good for you. Believe me, I understand that.  But let me finish my pending series of questions.  You keep interrupting my

30(b)(6) Fred Meyer / Kroger Co. - Chad Peterson - April 02, 2026

Page 68

deposition --

MS. TUTHILL-KVETON:  I am a lawyer --

(Crosstalk)

MR. WILKE:  -- just because you want to coach your witness.

MS. TUTHILL-KVETON:  I am a lawyer who represents a client.  My client is here to testify today.  I get to advise my client.  It's not coaching. I get to talk to my client during the course of the deposition.

And let's -- let's be honest.  When a client comes prepared, then your job is also easier.  And so that's why I'm here.  I get to talk to my client.

So I would like to take a break --

MR. WILKE:  I have a pending question.  We'll take a break in five minutes.

MS. TUTHILL-KVETON:  But you haven't asked a pending question.  I asked to take a --

MR. WILKE:  I said pending series --

MS. TUTHILL-KVETON:  I asked to take a break before you asked the question.

MR. WILKE:  Okay.  We'll take a break in five minutes.

(Crosstalk)

MS. TUTHILL-KVETON:  That's proper procedure.

30(b)(6) Fred Meyer / Kroger Co. - Chad Peterson - April 02, 2026

Page 69

No.  I don't -- you don't get --

MR. WILKE:  This is twice you've --

(Crosstalk)

MS. TUTHILL-KVETON:  I know.  I get to -- you asked -- so how about this.  You asked [sic] Mr. Peterson that he gets to take a break at any point in time after you've asked the question.  You instructed him in that at the beginning.

(Crosstalk)

MR. WILKE:  I said pending series, pending --

(Crosstalk)

MR. WILKE:  That's not what I said.  So just for the record.

MS. TUTHILL-KVETON:  This is what you said.  Don't interrupt me either.

So, Mr. Peterson, would you like to take a break?

THE WITNESS:  Yes.

MS. TUTHILL-KVETON:  There.

MR. WILKE:  Okay.  We'll take a break after I finish this next -- after we finish this next question.

MS. TUTHILL-KVETON:  No.  It's not like that.  It's because -- whenever I ask to take a break, you say that you have multiple -- a multitude of questions, when I've taken it at the appropriate time.

30(b)(6) Fred Meyer / Kroger Co. - Chad Peterson - April 02, 2026

Page 163

done here as well?

A.    Yes.

Q.    You were asked whether or not you personally knew things and you testified "I assume."

Do you mean that based on your training and experience, that this is your testimony?

A.    Yes.

MR. WILKE:  Object to form.

Q    (By Ms. Tuthill-Kveton)  Okay.  You're here as a corporate deponent, not in your personal capacity; correct?

A.    Yes.  Which is something I'm not used to doing at all.

Q.    To the best of your knowledge, is there no surveillance in this video because it wasn't reported by Ms. LaRocque?

A.    Correct.

Q.    How many people go through this store, particular store, every day?

A.    We log about 4,000 transactions a day.  So those are just the transactions --

(Crosstalk)

A.    -- not to mention how many people.

Q.    Oh, you cut out there.

A.    Oh, sorry.

30(b)(6) Fred Meyer / Kroger Co. - Chad Peterson - April 02, 2026

Page 164

4,000 transactions a day.  That's not a people count, so it's probably -- obviously more people. That's just the one person --

(Crosstalk)

Q.    Unfortunately, we can't hear anything you're saying.

A.    Oh, sorry.  Can you hear me now?

THE VIDEOGRAPHER:  I'm hearing him fine.

THE COURT REPORTER:  Yeah, I heard everything.  I can read it back if you want me to.

Can you hear us, Sarah?

MR. WILKE:  I think we lost Sarah.

THE COURT REPORTER:  Do you want to go off for a second?

MS. TUTHILL-KVETON:  Yeah.  I might need to re-log in.

MR. WILKE:  Oh, we can hear you.  There you are.

MS. TUTHILL-KVETON:  No, I was just waiting for the -- oh, it might have been me.  Hold on.

MR. WILKE:  I think it was.

MS. TUTHILL-KVETON:  Okay.  One second.

THE COURT REPORTER:  There was one point where everybody froze on me for about 15 seconds, but I still heard the audio.

Page 176

REPORTER'S CERTIFICATE

I, KARMEN M. KNUDSON, the undersigned Certified Court Reporter, pursuant to RCW 5.28.010 authorized to administer oaths and affirmations in and for the State of Washington, do hereby certify that the sworn testimony and/or proceedings, a transcript of which is attached, was given before me at the time and place stated therein; that any and/or all witness(es) were duly sworn to testify to the truth; that the sworn testimony and/or proceedings were by me stenographically recorded and transcribed under my supervision, to the best of my ability; that the foregoing transcript contains a full, true, and accurate record of all the sworn testimony and/or proceedings given and occurring at the time and place stated in the transcript; that a review of which was reserved; that I am in no way related to any party to the matter, nor to any counsel, nor do I have any financial interest in the event of the cause.

WITNESS MY HAND and DIGITAL SIGNATURE this 13th day of April, 2026.


_____

Karmen M. Knudson, CCR, RPR, CRR

Certified Court Reporter No. 1935.