UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>                    Defendants. | NO.  3:25-cv-05380<br><br>JOINT STATEMENT REGARDING DISCOVERY ISSUES WITH GATEKEEPER SYSTEMS, INC. RE: EVENT HISTORY LOG FOR MS. LAROCQUE'S INCIDENT AND TENDER LETTERS |

Plaintiff Linda LaRocque and Defendant Gatekeeper Systems, inc. ("Gatekeeper") offer this joint statement to briefly identify the issue in dispute.  Discovery cutoff is May 8, 2026.

**<u>Ms. LaRocque's Brief Statement Regarding Tender Letters Gatekeeper Received from Fred Meyer Defendants and the Gatekeeper Event History for Ms. LaRocque's Incident</u>**

There are two categories of items Ms. LaRocque seeks that Gatekeeper has not produced. First, we learned from Gatekeeper's 30(b)(6) deposition that Gatekeeper

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

maintains an Event History that logs every shopping cart locking mechanism activation and categorizes each event as a push-out (theft attempt), or an empty cart scenario. Gatekeeper agrees the Event History for Ms. LaRocque's incident is responsive to earlier discovery requests but has not produced it. Ms. LaRocque respectfully requests this Court order Gatekeeper to produce the Event History for Ms. LaRocque's incident within three calendar days.

The second issue involves tender letters sent by Fred Meyer and Kroger to Gatekeeper. The tender letter involving Ms. LaRocque's injury asserts that Gatekeeper "failed to maintain the required maintenance signage, the cart's smart wheels and the smart exit controls leading to [Ms. LaRocque's injury and subsequent lawsuit"

and the smart exit controls to mitigate liability in the instance its Purchek Pushout Theft Prevention failed. In the present matter, Gatekeeper failed to maintain the required customer maintenance signage, the cart's smart wheels and the smart exit controls leading to Plaintiff's injury and subsequent lawsuit.

The tender letters sent by Fred Meyer and Kroger to Gatekeeper are highly relevant to notice and the determination of liability. Furthermore, the tender letters are responsive to discovery already the subject of a Joint Statement and Order by this Court. (See Dkt Nos. 51, 52, and 64).

The parties conferred on May 1, 2026. Ms. LaRocque agreed to narrow the scope of her request to tender letters sent to Gatekeeper by Fred Meyer and Kroger in Washington from January 1, 2020 to present. Gatekeeper's position is that the tender letters involving other incidents are not discoverable.

Ms. LaRocque respectfully requests this Court order production of tender letters sent to Gatekeeper by Fred Meyer and Kroger in Washington from January 1, 2020 to present within seven calendar days.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

## Gatekeeper's Position

Defendant Gatekeeper is not opposed to producing the Event History log, or related documents, specifically regarding Ms. LaRocque's subject incident. Gatekeeper is currently conducting a search for the Log and any responsive documents, and anticipates that responsive documents, if any, will be produced by next week.

Regarding Plaintiff's request for tender letters, Gatekeeper maintains that the production of any and all tender letters other than the specific letter regarding the subject incident, and any responses to that specific tender, is not likely to lead to the discovery of admissible evidence. Plaintiff is in possession of the tender letter from this specific incident. To date, no response has been provided. Gatekeeper does not oppose to producing any response to that tender letter. Unrelated tender letters from Fred Meyer and Kroger are overbroad and lack relevance to the specific claims at issue in this litigation. Further, unrelated responses to tender letter by Gatekeeper or its insurer, are protected as work product statement by the insurer, prepared in anticipate of litigation.

Finally, Gatekeeper respectfully requests that any hearing on this dispute be scheduled after May 13, 2026. Counsel for Gatekeeper is currently in trial in the U.S. District Court for the Eastern District of Washington and will be unavailable for a hearing prior to that date.

Dated this 6th day of May, 2026.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiffs

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

FFLOYD PLUEGER


By  */s/Skyler P. Urban*_____
       Francis S. Floyd, WSBA No. 10642
       ffloyd@nwtrialattorneys.com
       Skyler P. Urban, WSBA No. 58761
       surban@nwtrialattorneys.com
       Attorneys for Defendants

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565