UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>                    Defendants. | NO.  3:25-cv-05380<br><br>JOINT STATEMENT REGARDING DISCOVERY ISSUES INVOLVING FRED MEYER DEFENDANTS RE: FAILURE TO PRODUCE ALL RESPONSIVETENDER LETTERS |

Plaintiff Linda LaRocque and Defendants Fred Meyer Stores, Inc. and The Kroger Co. (collectively, "Fred Meyer Defendants") offer this joint statement to briefly identify the issues in dispute. Discovery cutoff is Friday, May 8, 2026.

### Ms. LaRocque's Statement Regarding Production of 2020, 2021, 2021 Fred Meyer and Kroger Tender Letters to Gatekeeper Systems, Inc.

On March 20, 2026, Ms. LaRocque served her Sixth Interrogatories and Fifth Requests for Production on The Kroger Co. and Fred Meyer Stores, Inc. Request for Production No. 33 asked Kroger and Fred Meyer to "Produce all communications that you

and your employees had with Gatekeeper Systems Inc. regarding the anti-theft wheel locking mechanism." Gatekeeper is the manufacturer of the anti-theft wheel locking mechanism and is a defendant in this case as well as other cases involving injuries caused by the mechanism purchased and used by Kroger and Fred Meyer on their grocery carts.

On April 17, 2026, Fred Meyer responded to RFP No. 33, objecting that was "overly broad, unduly burdensome, not limited in scope or time and is not proportional to the needs of the case.": (*See* Exhibit 1, April 29, 2026, Fred Meyer and Kroger's Response and Supplemental Response to RFP No. 33).

The parties conferred on April 23, 2026. (Exhibit 2, April 2026 emails Re: Tender Letters). Ms. LaRocque agreed to narrow her request for tender letters sent by Fred Meyer and/or Kroger to Gatekeeper from January 1, 2020 to present and limit the request to Washington state. (*Id.*).

Fred Meyer and Kroger agreed to produce responsive tender letters. On April 29, 2026, Fred Meyer and Kroger produced some tender letters dated between 2023 and 2026. Fred Meyer and Kroger did not produce any tender letters dated between 2020, 2021, or 2022. Those tender letters are relevant to the notice Fred Meyer Defendants had of the dangerous condition prior to Ms. LaRocque's 2023 injury.

Fred Meyer and Kroger only produced tender letters for injuries caused by Gatekeeper's anti-theft shopping cart locking mechanism occurring *at Fred Meyer Stores*, not at the other stores owned or operated by Kroger.

On April 29, 2026, Ms. LaRocque emailed Fred Meyer Defendants to confirm no tender letters were produced that are from 2020, 2021, or 2022. (Exhibit 2). Ms. LaRocque communicated her assumption that Fred Meyer and Kroger used a different third-party administrator than Sedgewick during that time period and asked Fred Meyer/Kroger to

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

confirm additional supplementation was forthcoming. (*Id.*). Fred Meyer Defendants' counsel did not respond.

On April 30, 2026, Ms. LaRocque communicated that because discovery cutoff was May 8, 2026, "if we do not receive confirmation that Fred Meyer and Kroger intend to provide additional supplementation of all Tender Letters from 2020 – Present in Washington State by end of day tomorrow, we will prepare a Joint Statement to raise the issue with the Court early next week." (Exhibit 2). Fred Meyer Defendants' counsel did not respond.

Ms. LaRocque respectfully requests this Court order Fred Meyer and Kroger to: (1) Produce all Fred Meyer and Kroger tender letters to Gatekeeper from 2020 – present in Washington state; (2) include tender letters for all Kroger stores, not only Fred Meyer stores.

### Fred Meyer Stores and Kroger Co.'s Statement

The data Plaintiff requests is not relevant or discoverable, especially considering that the scope of Plaintiff's requests includes requests for tender letters from other stores. That information has no bearing on whether the Tacoma Stevens location had notice. Defendant is not required to produce unrelated correspondences. Further, Plaintiff's assumption regarding the TPA is incorrect, Sedgewick was the TPA from 2020-2023. Despite this, Defendant produced what they had anyway.

There is no central system for Defendant to look through, so Defendant took the incident reports, then looked in all of those files for tender letters and produced them, if any. So while the incident reports might be made for those dates, that does not necessarily mean there will be tender letters for those years. Rather, it would have been whenever the tender letter was sent. This process is reasonable is in scope and proportion

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

to the needs of the case, and reasonably calculated to find what was needed by looking into the incident reports that Defendant has and pulling those specific files,

Defendant has attempted to be pragmatic and helpful in order to move the case forward despite acknowledging that these letters would be difficult for Fred Meyer and Kroger to find and are not discoverable. Defendant has also made it clear that Gatekeeper is the proper entity to direct this request at, as they are the recipient of all tender letters sent by Kroger and Fred Meyer as it pertains to their product. Defendant has explained that the collection and production of tender letters may not be complete or accurate. Defendant's counsel's firm is not the only office that represents Kroger and Fred Meyer. Further, tenders can also be sent when there is no lawsuit and just a claim. Tender letters can come from adjusters, as well as attorneys. See the attached correspondence on April 23, 2023.

Most importantly, Defendant did what Plaintiff asked. They made a reasonable search and produced what was found, despite the fact that it was overly broad and irrelevant. In their search, Defendant produced 21 tender letters. Further, Defendant has not found any tender letters from January 2020 to February 2023. There is no logical reason for Defendant to withhold these records, as evidenced by their production of the other 21. If Defendant had them, they would produce them, and Defendant cannot produce what they do not have. This request should be directed to Gatekeeper, who is the only party sufficiently situated to respond fully to this request.

//

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Dated this 6th day of May, 2026.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiffs

CHOCK BARHOUM LLP

By *s/Sarah Tuthill-Kveton* _____
John R. Barhoum, WSBA No. 42776
john.barhoum@chockbarhoum.com
Sarah Tuthill-Kveton, WSBA No. 51801
sarah@chockbarhoum.com
Attorneys for Defendants

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565