# EXHIBIT 1

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER,
GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington State

Defendants.

Case No. 3:25-cv-05380-TMC

**DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SIXTH REQUEST FOR INTERROGATORIES AND FIFTH REQUESTS FOR PRODUCTION**

**TO:** Linda Larocque, by and through Plaintiff's attorney, Robert C. Wilke:

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants object and respond to Plaintiff's First Request for Discovery as follows:

## PRELIMINARY OBJECTIONS

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation

doing business in Washington state (hereinafter "Defendants") make the following Preliminary Objections, whether or not such objections are separately set forth in response to each request.

1. Defendants object to Plaintiff's instructions, definitions, and requests to the extent that they exceed the requirements of the Federal Rules of Civil Procedure, and Defendants further object to the definitions to the extent that they exceed commonly accepted English usage.

2. Defendants object to each definition, instruction and request to the extent that it calls for production of documents and information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Defendants do not intend to produce any such documents or information except as ordered by the Court and does not waive any applicable privileges with respect to any such documents or information that are inadvertently produced. Defendants also reserve the right to redact documents Defendants produce to limit the disclosure of such information.

3. Defendants object to each definition, instruction, and request to the extent that it calls for it to search or produce documents not in Defendants' direct possession, custody, or control or of Defendants' agents, employees, or representatives.

4. Defendants object to the Requests on the grounds and to the extent that they purport to require the disclosure of any private or confidential information (including, without limitation, confidential business information, trade secrets or information subject to any confidentiality agreement, and/or obligation) other than pursuant to the terms of an appropriate protective order as approved by the Court.

5. Defendants object to the Requests on the grounds and to the extent they require the disclosure of private and confidential information about Defendants or Defendants' employees that would violate the privacy expectations of the persons involved. To the extent any such information is discoverable, it should only be produced pursuant to the terms of an appropriate protective order as approved by the Court.

/ / /

KRO224.0010

6. Defendants object to the Requests to the extent that they seek documents that do not exist. It should be understood that Defendants can only produce responsive documents to the extent those documents exist and can be located within its possession.

7. The foregoing objections apply to each and every request and are specifically incorporated into each response. The failure to repeat these objections in the specific response shall not constitute a waiver of said objection.

## RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 19:** Identify, by name, address, and telephone number all entities responsible for the design, manufacture, sale, and/or distribution of the anti-theft device, and specify each entity's role in the design, manufacture, sale, and/or distribution of the anti-theft device.

**ANSWER:** Defendant objects as this request is not reasonably calculated to lead to the discovery of admissible evidence nor is it information within Defendant's possession, custody or control. Without waiving objection, Defendant only knows that it contracts with a company called Gatekeeper regarding anti-theft wheel locking devices for its stores. Defendants do not design, manufacturer, sell or distribute Gatekeeper's product.


**INTERROGATORY NO. 20:** Identify the name, address and telephone number of all persons or entities responsible for the control and maintenance of shopping carts in the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405.

**ANSWER:** Plaintiff's request is vague and is compound when Plaintiff has exceeded the amount of discovery requests thus far. Further, there are no defects identified with the Cart. Plaintiff's own allegations indicate that the anti-theft device worked entirely as intended and thus this request is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving objection, Defendant controls the carts at it's various locations. As far as entities are concerned, for maintenance West Coast Cart Co., Americana Shopping Carts,

Inc., Peggs Co. Inc and Gatekeeper.

**INTERROGATORY NO. 2**1: Identify the date you purchased the anti-theft device that was installed on the shopping cart used by Linda LaRocque on May 6, 2023, the serial number of that device, and the order number for that purchase.

**ANSWER:** Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence because she alleges the cart worked as intended within her Amended Complaint ⁋ 5-9. Without waiving objection, Plaintiff never reported the incident to one of Defendant's employees nor did she fill out an incident report. Defendant first learned of this incident when Plaintiff filed a lawsuit. As such, Defendant has no information within its custody or control to answer such a discovery request.

**INTERROGATORY NO. 22:** Identify the name, address, and phone number of the seller of the anti-theft device that was installed on the shopping cart used by Linda LaRocque on May 6, 2023.

**ANSWER:** Co-defendant, Gatekeeper.

**INTERROGATORY NO. 23:** Identify the name, address, and phone number of any and all persons (including your employees) that you can reasonably expect to possess knowledge of the anti-theft device either being unsafe or locking up the wheel when it was not supposed to.

**ANSWER:** Defendant objects as this request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence regarding the wheels locking up when it "was not supposed to". Plaintiff's own Amended Complaint indicates the wheels locked as intended in paragraph 5-9. Further, all unredacted incident reports have been provided to Plaintiff. The Gatekeeper system, working as intended as outlined in the Amended Complaint, paragraphs 5-9 is not an unreasonably dangerous condition.

**FIRST SUPPLEMENTAL ANSWER:** Defendant objects as this request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence regarding the wheels locking up when it "was not supposed to". Plaintiff's own Amended Complaint indicates the wheels locked as intended in paragraph 5-9. Further, all unredacted incident reports have been provided to Plaintiff. The Gatekeeper system, working as intended as outlined in the Amended Complaint, paragraphs 5-9 is not an unreasonably dangerous condition. Without waiving objections, employees, representatives or agents of Defendant Gatekeeper Systems, Inc.

**INTERROGATORY NO. 24:** Describe your understanding of the reasons why the anti-theft device may lock up the wheel when it was not supposed to.

**ANSWER:** Defendant objects as this request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence regarding the wheels locking up when it "was not supposed to". Plaintiff's own Amended Complaint indicates the wheels locked as intended in paragraph 5-9. Without waiving objection, Defendant has no information as to why ta anti-theft device may not work as intended.

**INTERROGATORY NO. 25:** Identify the name, address, and phone number of the people who performed inspections, maintenance, repairs, and/or installation of the anti-theft device installed on the shopping cart used by Linda LaRocque in the Fred Meyer store on May 6, 2023.

**ANSWER**: Defendant has no way of identifying the cart used by Ms. LaRocque because the incident was not reported. Further, she indicated that the cart worked as intended, thus no repairs would be necessary. Nonetheless, routine inspection and maintenance done on all of the carts by West Coast Cart Co., Americana Shopping Carts, Inc., Peggs Co. Inc. and Gatekeeper.

///

///

///

KRO224.0010

**REQUEST FOR PRODUCTION NO. 22:** Please produce color photographs depicting the packaging for the anti-theft wheel locking device.

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all communications you received from anyone or any entity regarding the incident.

**RESPONSE:** Defendant objects as this request is overly broad, unduly burdensome and seeks materials covered by attorney client privilege or the work product doctrine. Without waiving objection, Defendant had no knowledge of this incident prior to the filing of this lawsuit, thus received no communications regarding the incident prior to the lawsuit.

**REQUEST FOR PRODUCTION NO. 24:** Please produce all communications between or among your employees regarding situations where the anti-theft wheel locking mechanism may lock up the wheel when the customer is not attempting to steal items from the premises.

**RESPONSE:** Defendant objects as this is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, this discovery is disproportionate to the needs of this case. Without waiving objection, Defendant has already provided 70 incident reports statewide.

**REQUEST FOR PRODUCTION NO. 25:** Please produce all videos or other media in your possession depicting situations where the anti-theft wheel locking mechanism may lock up the wheel when the customer is not attempting to steal items from the premises.

**RESPONSE:** Defendant objects as this is overly broad and not reasonably calculated to lead to the discovery of admissible evidence and is disproportionate to the discovery needs of the case. Without waiving objection, Defendant has no video of the incident at issue in this case.

/ / /

KRO224.0010

**REQUEST FOR PRODUCTION NO. 26:** Please produce all documents and records related to any test, study, or other analysis conducted by you concerning possible safety or health hazards of the anti-theft wheel locking mechanism.

**RESPONSE:** Defendant objects as this is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents and records related to the results of any test, study, or other analysis conducted by you concerning possible safety or health hazards of the anti-theft wheel locking mechanism.

**RESPONSE:** Defendant objects as this is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents and records related to any test, study, or other analysis conducted on your behalf concerning possible safety or health hazards of the anti-theft wheel locking mechanism.

**RESPONSE:** Defendant objects as this is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 29:** Please produce all documents and records related to the results of any test, study, or other analysis conducted on your behalf concerning possible safety or health hazards of the anti-theft wheel locking mechanism.

**RESPONSE:** Defendant objects as this is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, Defendant has no

responsive documents.

**REQUEST FOR PRODUCTION NO. 30:** Please produce all documents evidencing or relating to quality control testing procedures you performed on all anti-theft wheel locking mechanism from January 1, 2018 through the present.

**RESPONSE:** Defendant objects as this is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 31:** Please produce all documents evidencing or relating to the results of quality control testing you performed on all anti-theft wheel locking mechanism from January 1, 2018 through the present.

**RESPONSE:** Defendant objects as this is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 32:** Please produce the shopping cart with the anti-theft wheel locking mechanism used by Plaintiff Linda LaRocque when she was injured at the Fred Meyer store on the date of the incident at issue in this lawsuit.

**RESPONSE:** Defendant objects because Plaintiff contents that the anti-theft wheel locking mechanism worked as intended thus an inspection would not lead to the discovery of admissible evidence. Further, Plaintiff's request for physical inspection of an item is improper under requests for the production of documents. Also, Defendant has already permitted Plaintiff to inspect the store. Finally, Plaintiff failed to report the incident when it happened and for several years precluding her own inspection, if sought.

/ / /

KRO224.0010

**REQUEST FOR PRODUCTION NO. 33:** Please produce all communications that you and your employees had with Gatekeeper Systems, Inc. regarding the anti-theft wheel locking mechanism.

**RESPONSE:** Plaintiff's request is overly broad, unduly burdensome, not limited in scope or time and is not proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE: Defendant objects to the extent this request seeks attorney client privileged information or joint defense communications and/or work product. Defendant further objects to the extent this request is overbroad, not limited in time or scope and seeks documents not likely to lead to the discovery of admissible evidence. Without waiving objections, see the attached correspondence (DEF FRED MEYER_000500-000561).**

**REQUEST FOR PRODUCTION NO. 34:** Please produce all communications that you and your employees had with Gatekeeper Systems, Inc. regarding the incident.

**RESPONSE:** Defendant objects to the extent this request seeks attorney client privleged information or joint defense communications and/or work product. Without waiving objections, see the attached correspondence (DEF FRED MEYER_000497-000499).

**REQUEST FOR PRODUCTION NO. 35:** Please produce all communications that you and your employees had with Gatekeeper Systems, Inc. regarding the Plaintiff.

**RESPONSE:** See Defendant's response to Request for Production No. 34, incorporated herein.

/ / /

/ / /

/ / /

DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SIXTH REQUEST FOR INTERROGATORIES AND FIFTH REQUESTS FOR PRODUCTION - 9                                                    3:25-cv-05380-TMC

KRO224.0010

**REQUEST FOR PRODUCTION NO. 36:** Please produce all communications that you and your employees had with Gatekeeper Systems, Inc. regarding the implementation of the anti-theft wheel locking mechanism on Fred Meyer shopping carts.

**RESPONSE:** Plaintiff's request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 37:** Please produce all documents exchanged between you and Gatekeeper Systems, Inc., regarding the implementation of the anti-theft wheel locking mechanism on Fred Meyer shopping carts.

**RESPONSE:** Plaintiff's request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case.

Dated this 29th day of April, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland, OR
(503) 223-3000
Attorneys for Defendants The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

Dated this 29th day of April, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland, OR
(503) 223-3000
Attorneys for Defendants The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SIXTH REQUEST FOR INTERROGATORIES AND FIFTH REQUESTS FOR PRODUCTION - 10                3:25-cv-05380-TMC

KRO224.0010

# ATTORNEY CERTIFICATION

I, Sarah Tuthill-Kveton, as attorney for the Defendants named herein, hereby certify that I have read the answers and responses of my clients to the above Interrogatories and Requests for Production, along with any objection that I have interposed, and that such responses, answers and objections are grounded in fact, not interposed for an improper purpose and otherwise are in compliance with the civil rules.

Dated this 29th day of April, 2026.

**CHOCK BARHOUM** LLP

_____
Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland, OR
(503) 223-3000
 Attorneys for Defendants The Kroger Co. and Fred
 Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

Dated this 29th day of April, 2026.

**CHOCK BARHOUM** LLP

_____
Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland, OR
(503) 223-3000
 Attorneys for Defendants The Kroger Co. and Fred
 Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

## VERIFICATION

I, _____, declare under penalty of perjury under the laws of the State of Washington that I am the authorized signatory for Defendant Fred Meyer Stores, Inc./The Kroger Co. in the above-entitled action; I have read the foregoing interrogatories and requests for production and answers, know the contents of the answers, and believe them to be true.

*To be supplemented once received*

DATED this _____ day of _____, 2026, at _____, Washington.

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER,
GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington State

Defendants.

Case No. 3:25-cv-05380-TMC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SIXTH REQUEST FOR INTERROGATORIES AND FIFTH REQUESTS FOR PRODUCTION** was served as stated below on:

/ / /

/ / /

CERTIFICATE OF SERVICE - 1
KRO224.0010

/ / /

| | |
|---|---|
| Robert C. Wilke<br>Gordon Thomas Honeywell, LLP<br>1201 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402<br>*Attorneys for Plaintiff* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>☐ Fax #: (253) 620-6565<br>☒ By e-mail:<br>rwilke@gth-law.com<br>ileifer@gth-law.com<br>sishii-huffer@gth-law.com<br>sweger@gth-law.com<br>☐ By court eFiling Application |
| Francis S. Floyd<br>Skyler P. Urban<br>Floyd Pflueger, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>*Attorneys for Defendant Gatekeeper Systems, Inc.* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>☐ Fax #:<br>☒ By e-mail:<br>ffloyd@nwtrialattorneys.com<br>surban@nwtrialattorneys.com<br>ecampbell@nwtrialattorneys.com<br>skatinas@nwtrialattorneys.com<br>☐ By court eFiling Application |

**\*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 29th day of April, 2026.

**CHOCK BARHOUM LLP**

_Sarah Tuthill-Kveton_

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland, OR
(503) 223-3000
        Attorneys for Defendants The Kroger Co. and Fred
        Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

Dated this 29th day of April, 2026.

**CHOCK BARHOUM LLP**

_Samuel ben Behar_

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland, OR
(503) 223-3000
        Attorneys for Defendants The Kroger Co. and Fred
        Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

CERTIFICATE OF SERVICE - 2
KRO224.0010