EXHIBIT 3



**SARAH TUTHILL-KVETON**
*Admitted in Idaho, Oregon & Washington*
Direct: (971) 302-6426
Email: sarah@chockbarhoum.com

April 23, 2026

SENT VIA EMAIL ONLY: rwilke@gth-law.com

Rob Wilke
1201 Pacific Avenue, Suite 2100
Tacoma, Washington 98402

> RE: ***Larocque v. The Kroger Co., et al,***
> US District Court - Western District of Washington, Tacoma Division 3:25-cv-05380-TMC
>
> Our File No.: KRO224.0010

Dear Mr. Wilke,

Today we were scheduled for a call based on your discovery issues below.

Counsel: please let us know your availability for a discovery conference. We learned through Gatekeeper's deposition that Tacoma Stevens Fred Meyer purchased a system from Gatekeeper, the Video Classification System, that logs each cart activation as either a push out, empty cart scenario, etc. Those records or logs are responsive to a number of Requests for Production in the Fifth Requests for Production

Specifically, we'd like to discuss Fred Meyer Defendants' responses to Interrogatory No. 23, RFP Nos. 24, 25, 26, 27, 28, 29, 30, 31, 33, and 36.

In response to this, I extensively looked into the issue and drafted an 11-page letter regarding the testimony, the policies and procedures and went through each and every discovery request. The letter confirmed the testimony from Harter in the 30(b)(6) deposition shows that he was clear that Gatekeeper holds certain information. But, the testimony does not hold that Fred Meyer store personnel have a direct portal or local copy of the Wheel Event or Video Classification Reports as represented above. Defendant also went through and explained its process regarding the above.

When I called you had another issue that you wanted to discuss. Specifically, whether there was a response to the tender sent to Gatekeeper. The answer is no, we have not been provided with a response and that was a question within my knowledge that was easily answered. Second, you asked for all tender letters sent to Gatekeeper from 2021 forward in the State of Washington.

As you know, I have not had a chance to talk to my client about this, as this is the first time you've brought this up. Consistent with my prior requests, if you have issues with discovery, I need those issues outlined in writing before a discovery conference so that I can look into them. As you can see from the 11-page letter sent and extensive review of your last issue, I take the obligation of verifying the responses seriously and take the time to explain these issues in writing.

As discussed, I will talk to my client and provide you with an update by **April 28, 2026**. Last time, my main contact was out of town and so I had to reach out to other sources and you were asking for analysis of a number of discovery issues. If such an issue like that comes up again or anything else, I'll let you know.

I also have some concerns about your request from a legal perspective.

1. **Relevance under FRCP 26 is lacking.**

A tender letter is a litigation-driven communication and reflect' s counsel's legal position about indemnity or defense obligations under a specific contract and fact pattern. It reflects counsel's legal theories, strategies and legal advocacy based on a contract. It does not establish facts about the incident. It does not reflect corporate knowledge in evidentiary sense. It is not a business record of the company's operations. Each tender turns on contract language with fact specific information.

2. **Concerns Regarding Tender Collections**

If Defendant agrees to produce any tenders, and I have not had the chance to talk to my client, based on what I know, the collection and production of records may not be complete or accurate. For example, as you mentioned, my office is not the only office that represents Kroger. Tenders can also be sent when there is no lawsuit and just a claim. Tender letters can come from adjusters, as well as attorneys.

3. **Too Broad**

Even assuming for the sake of argument that some tender communications should have marginal relevance, discovery still must be proportional and appropriately tailored. As discussed, Defendant has provided extensive discovery in this case. The request inherently seeks materials from dissimilar incidents. Courts routinely reject these  types of "all incidents" absent a showing of substantial similarity. Especially here, when you have every single incident report in the state from 2021 and all of the contact information of each customer enumerated within.

From a legal perspective, these are some of my concerns. However, I will talk to my client about their willingness to provide the requested documents and what challenges, if any they would encounter with this required to provide documents, should they exist.

Very truly yours,

Sarah Tuthill-Kveton

STK