UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>Defendants. | NO. 3:25-cv-05380<br><br>PLAINTIFF LINDA LAROCQUE'S MOTION TO EXCLUDE FRED MEYER DEFENDANTS' UNTIMELY DISCLOSED EXPERTS<br><br>NOTED: JUNE 2, 2026 |

## I.      INTRODUCTION

Once again, Defendants The Kroger Co. and Fred Meyer Stores, Inc. ("Fred Meyer Defendants") have chosen to disregard the Federal Rules, while also ignoring this Court. As a result of Fred Meyer Defendants' transgression, Plaintiff Linda Larocque is once again asking this Court to force Defendants to comply with the rules.

On March 25, 2026, this Court denied Defendants' request to extend the expert disclosure deadline. (ECF 68). In the Court's Order, it noted

PLTF'S MOTION TO EXCLUDE - 1 of 11
[4871-5472-8598]

> Under Federal Rule of Civil Procedure 6(b)(1)(B), when an act "must be done within a specified time," and a party makes a motion to extend the time "after the time has expired," the Court may only grant the motion "if the party failed to act because of excusable neglect." Defendants have neither addressed nor met the excusable neglect standard for filing their motion after the deadline for expert disclosures had passed.

The Court also denied Gatekeeper's Motion to extend the rebuttal expert disclosure deadline. (ECF 78).

Despite the Court's Orders addressing expert disclosure, on May 8, 2026, the last day of discovery and several months past the expert witness disclosure deadline of March 2, 2026, Fred Meyer Defendants disclosed the opinions of the following experts: (1) Alan Brown, M.D.; (2) Manuel Meza-Arroyo; and (3) Gadir Hazime. Plaintiff Linda LaRocque now moves the Court for an order excluding each of Fred Meyer Defendants' late-disclosed experts.

The Court should exclude all three of Fred Meyer Defendants' experts because Fred Meyer Defendants did not timely disclose reports containing their offered experts' opinions as required by Fed. R. Civ. P. 26(a)(2)(B). Fred Meyer Defendants "disclosed" these three experts on April 21, 2026, but did not attach any written report, only providing their CVs and testimony list as a supposed placeholder for their forthcoming and untimely reports. Their actual opinions were not disclosed until their written reports were provided on May 8, 2026.

Instead of adhering to the Court's prior determinations regarding the expert disclosure deadline and seeking the proper relief of adjusting the expert deadline from the Court, Fred Meyer Defendants produced three expert reports on the final day of discovery. Given the significant prejudice to Ms. LaRocque and because there is no justification for the late disclosures, the Court should exclude Fred Meyer Defendants' experts.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Despite removing this case to this Court, Fred Meyer Defendants have failed to adhere to the Federal Rules governing discovery throughout this litigation. Because Fred Meyer Defendants continue to operate under the mistaken belief the Local and Federal Rules simply do not apply to them, Ms. LaRocque should also be awarded her reasonable fees and costs in bringing this motion.

## II.     BACKGROUND

The expert disclosure deadline in this case occurred over two months ago: March 2, 2026.

On January 29, 2026, Fred Meyer Defendants emailed all counsel asking if Ms. LaRocque would agree to a trial and case schedule adjustment, based, in part, because Ms. LaRocque did not produce her expert disclosures *before* the deadline. (ECF 62-1). Ms. LaRocque responded that a trial continuance and case schedule adjustment were not necessary or appropriate. (*Id.*).

On March 2, 2026, Ms. LaRocque timely produced her expert disclosure to Defendants. (ECF 62 at ¶ 14). Defendants did not disclose any expert witnesses by the expert disclosure deadline. (*Id.*).

Ms. LaRocque disclosed the following experts' opinions: (1) Dr. Bruce Rolfe, an orthopedic surgeon; (2) Levi Dixon, a human factors expert; and (3) Cloie Johnson, a lifecare planner. (Declaration of Robert Wilke in Support of Plaintiff's Motion to Exclude Untimely Experts, Ex. 1, Plaintiff's March 2, 2026 expert disclosure and attached expert reports).

On March 4, 2026 Fred Meyer Defendants filed a motion to continue the case schedule, including the expert disclosure deadline, and the trial date. ECF 56. Gatekeeper joined Fred Meyer's motion to extend the expert disclosure deadline. (*See* ECF 58,

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Declaration of Skyler Urban in Support of Motion to Continue). The Court denied Defendants' request to extend the deadline for expert disclosures. (ECF 68).

On March 31, 2026, Gatekeeper brought a separate motion to extend the rebuttal expert disclosure deadline. (ECF 73). On April 15, 2026, the Court denied Gatekeeper's request to extend the rebuttal expert disclosure deadline. (EFC 78).

On April 21, 2026, Fred Meyer Defendants produced what it purports to be its "disclosure of expert testimony." (Wilke Decl., Ex. 2, Fred Meyer Defs' April 21 disclosure). The ostensible expert disclosure does not contain any expert opinions or reports. (*Id.*). Fred Meyer apparently offered the April 21 disclosure as a placeholder for its experts' forthcoming and untimely opinions. The disclosure does not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

On May 8, 2026, the last day of discovery, Fred Meyer Defendants produced its First Supplemental Expert Disclosure containing expert reports for: (1) Alan Brown, M.D., an orthopedic surgeon; (2) Manuel Meza-Arroyo, a bio-mechanical engineer; and (3) Gadir Hazime, a human factors expert. (Wilke Decl., Ex. 3, Fred Meyer Defs' May 8, 2026 disclosure).

### III.     ARGUMENT

**Fred Meyer Defendants' Late-Disclosed Experts Should Be Excluded Pursuant to Fed. R. Civ. P. 37(c)(1).**

A party must testifying experts at "the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A) & (D). Fed. R. Civ. P. 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. Here, Fred Meyer Defendants first provided its experts' written reports on the

[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

last day of discovery, May 8, 2026. (Willke Decl., Ex. 3).

Moreover, a party cannot simply identify an expert witness as a "placeholder" so that the party can later serve an untimely report from that expert. *Delashaw v. Seattle Times Co.*, 2020 WL 6375878, at *5 (W.D. Wash. Oct. 30, 2020) (excluding expert where proponent served an "incomplete and untimely report as a placeholder so that he could later serve a more developed, even more untimely report"). Here, Fred Meyer Defendants offered a placeholder disclosure on April 21, 2026 that did not contain any expert reports, but even that placeholder was offered past the March 2, 2026 expert disclosure deadline. (Wilke Decl., Ex. 2).

Similarly, a party also cannot justify late disclosure by characterizing the expert as a "rebuttal" expert. "Rebuttal expert reports may respond to 'new unforeseen facts brought out in the other side's case.'" *Baker v. SeaWorld Entm't, Inc.*, 423 F. Supp. 3d 878, 896 (S.D. Cal. 2019). Rebuttal expert testimony "is 'intended solely to contradict or rebut evidence on the same subject matter identified' by an initial expert witness." *Century-Nat'l Ins. Co. v. Gardner*, 460 F. Supp. 3d 1059, 1064 (D. Nev. 2020) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). "If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *Id.*; *see also Daly v. Far E. Shipping Co. PLC.*, 238 F. Supp. 2d 1231, 1241 (W.D. Wash. 2003) (excluding expert testimony regarding experimental results not disclosed in expert's initial report that were submitted under the guise of rebuttal testimony), 108 Fed. Appx. 476, 480 (9th Cir. 2004) (affirming exclusion).

Failure to comply with the disclosure requirements precludes a party from using the expert as a witness, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "In light of the obvious prejudice caused by hiding expert opinions

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

until the last moment, a party who fails to make timely disclosures is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Peeler v. Boeing Co.*, 2015 WL 13841120, at *1 (W.D. Wash. Oct. 1, 2015); *see also Moreno v. Corr. Healthcare Companies, Inc.*, 2020 WL 1281648, at *5 (E.D. Wash. Mar. 3, 2020) (noting late disclosure hinders the opposing party's ability to prepare). "[E]ven absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Yeti v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

"Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Id.* "[T]he Court must impose sanctions for this failure unless Defendants show that the failure was substantially justified or harmless." *Moreno*, 2020 WL 1281648, at *5. This is necessary "to ensure an orderly trial and prevent unfair prejudice to the parties[.]" *Delashaw*, 2020 WL 6375878, at *5. Even if any of the Fred Meyer Defendants' experts could be considered rebuttal experts, the rebuttal expert disclosure deadline was April 1, 2026, and they are untimely.

Fred Meyer Defendants cannot offer substantial justification for their late disclosure. Nor is Fred Meyer Defendants' untimely disclosure harmless because it would require extending discovery or altering other pretrial deadlines and necessitate additional rebuttal reports. *Williams v. City of Bremerton*, 2001 WL 36101298, at *1 (W.D. Wash. July 5, 2001) (Untimely disclosure is not harmless if it is made when "the discovery cutoff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

is imminent."). As a result, the testimony of Fred Meyer Defendants' experts should be excluded.

Ms. LaRocque is significantly prejudiced by the late disclosure of Fred Meyer Defendants' experts. Ms. LaRocque did not retain a biomechanical expert. If Fred Meyer Defendants are permitted to offer Meza-Arroyo's biomechanical engineer opinion, Ms. LaRocque would have to retain biomechanical expert to rebut his opinion (and offer that rebuttal opinion well past the expert rebuttal disclosure deadline).

Moreover, Meza-Arroyo conducted testing at the subject Fred Meyer store on April 29, 2026. Meanwhile, Ms. LaRocque was injured on May 6, 2023. The report fails to address whether there were any changes to the stopping mechanism/settings or shopping carts during the last three years. This would require re-opening 30(b)(6) deposition and conducting additional written discovery to determine the changes made during the last three years, which would have implications to the biomechanical calculations. This only further demonstrates the substantial prejudice associated with this untimely disclosure.

Fred Meyer Defendants' untimely disclosure of their biomechanical and human-factors experts is especially egregious because, when previously seeking relief from the expert-disclosure deadline, they represented to the Court that: "Defendants' expert analysis necessarily depends on completed document discovery, including all medical records. Requiring disclosure before those materials are available would result in incomplete reports." (ECF 66 at page 4).

But the joint report of Fred Meyer Defendants' biomechanical and human-factors experts reveals otherwise. The experts state that they reviewed only "selected medical records," and the report's sole substantive reference to those records concerns Ms. LaRocque's height and weight. Those facts undermine Defendants' earlier

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

representation that they delayed their expert disclosures because they were awaiting complete medical records.

The record instead shows that the delay resulted from Defendants' lack of diligence. Fred Meyer Defendants did not even have their biomechanical expert conduct testing until April 29, 2026—the week before discovery closed. Meanwhile, Dr. Brown is an orthopedic surgeon. (Wilke Decl., Ex. 3). In his report, Dr. Brown concludes that Ms. LaRocque "was not injured as a result of the subject accident" when she struck her knee on the shopping cart (Wilke Decl., Ex. 3, Brown report at p. 20). Dr. Brown concludes that Ms. LaRocque's patellar tendon disruption was not caused by Ms. LaRocque striking the shopping cart—a conclusion at odds with Ms. LaRocque's own treating providers 'conclusions contained in the medical records—because "there would be no reasonable way she could injure the inferior patella if her leg was bent at that time [of striking the cart]. Also, she reported ... she was wearing a brace, which would have been expected to give her additional protection from any impact to her knee." (*Id.* at p. 21).

Under Federal Rule of Evidence 702, "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In the case of jury trials, *"Daubert* is meant to protect juries from being swayed by dubious scientific testimony." *United States v. Flores,* 901 F.3d 1150, 1165 (9th Cir. 2018) (emphasis omitted). "In evaluating proffered expert testimony, the trial court is a gatekeeper[.]" *City of Pomona v. SQMN. Am. Corp.,* 750 F.3d 1036, 1043 (9th Cir. 2014)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

(quotation omitted). The court should therefore close the gate to unreliable opinions. *Id.* at 1044. "The court has discretion to make the *Daubert* determination via any procedure that gives it an adequate record." *Kumar v. Williams Portfolio 7, Inc.,* No. C140657RAJ, 2015 WL 4494126, at *2 (W.D. Wash. July 23, 2015) (citation omitted).

Dr. Brown fails to offer any scientific basis for his conclusions that: (1) the force of striking the shopping cart was insufficient to cause injury; and (2) the mechanism of injury was not possible on a bio-mechanical basis. Dr. Brown is not a bio-mechanical engineer, he is an orthopedic surgeon. Yet Dr. Brown concludes Ms. LaRocque's injuries could not possibly be caused by the forces involved in the incident without articulating a scientific basis for his opinion.[1]

Here, Ms. LaRocque complied with all of the deadlines of the case schedule. Fred Meyer Defendants have not. Instead, Fred Meyer Defendants attempted to offer expert opinions on the last day of discovery. Fred Meyer Defendants' disclosure defied the Court's prior rulings regarding the expert disclosure deadline (and ignoring that the Court rejected their request to extend the expert disclosure deadline). Fred Meyer simply failed to exercise diligence in meeting the expert disclosure deadline, and instead of addressing that issue with the Court, have forced Ms. LaRocque to file another motion. Fred Meyer Defendants' untimely disclosed experts should be excluded.

## IV.      CONCLUSION

Fred Meyer Defendants waited until the last day of discovery to disclose their experts' reports.  Ms. LaRocque is prejudiced by the late disclosure because allowing Fred Meyer's experts to offer their late-disclosed opinions would require extending discovery or

---

[1] A separate, alternative basis to exclude Dr. Brown's opinion is that there is no scientific basis for his opinion that the force involved in Ms. LaRocque striking the shopping cart was insufficient to cause injury.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

altering other pretrial deadlines, including the dispositive motion deadline, and necessitate additional rebuttal reports. As a result, all three of Fred Meyer Defendants' experts should be excluded, and the Court should award Ms. LaRocque reasonable attorneys' fees and costs associated with this motion. *See* Fed. R. Civ. P. 37(c)(1)(A).

Counsel certifies that this memorandum contains 2,511 words, in compliance with the Local Civil Rules.

Dated this 12th day of May, 2026.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

# DECLARATION OF SERVICE

I hereby declare that on May 12, 2026, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

| John R. Barhoum, WSBA No. 42776 | |
|---|---|
| Samuel ben Behar, WSBA No. 46586 | ☐ Via Legal Messenger |
| Sarah Tuthill-Kveton, WSBA No. 51801 | ☐ Via U.S. Mail |
| Hanna R. Lukes, WSBA No. 62610 | ☒ Via CM/ECF E-Filing |
| Chock Barhoum LLP | ☒ Via Email |

121 SW Morrison Street, Suite 500
Portland, OR 97204
john.barhoum@chockbarhoum.com
sam.behar@chockbarhoum.com
sarah@chockbarhoum.com
hanna.lukes@chockbarhoum.com
michelle.heilbrun@chockbarhoum.com
devon.haggart@chockbarhoum.com
e-service@chockbarhoum.com

| Francis S. Floyd, WSBA No. 10642 | ☐ Via Legal Messenger |
|---|---|
| Skyler P. Urban, WSBA No. 58761 | ☐ Via U.S. Mail |
| Floyd, Pflueger, Kearns, Nedderman, & Gress, P.S. | ☒ Via CM/ECF E-Filing |
| 3101 Western Avenue, Suite 400 | ☒ Via Email |

Seattle, WA 98121
ffloyd@nwtrialattorneys.com
surban@nwtrialattorneys.com
ecampbell@nwtrialattorneys.com
skatinas@nwtrialattorneys.com

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Sarah M. Weger, Legal Assistant
sweger@gth-law.com

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565