WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE, | Civil Case No. 3:25-cv-05380-TMC |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE** |
| v. | |
| THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state | NOTE ON MOTION CALENDAR: **June 2, 2026** |
| Defendant. | |

## I.     INTRODUCTION

COMES NOW, Defendant Kroger Co, and Fred Meyer Stores, Inc ( "**Defendant**"), by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and hereby respectfully submits this Response to Plaintiff's Motion to Exclude Defendant's Expert. Defendant's disclosure was in accordance with this Court's Order, the Federal Rules of Civil Procedure.

## II.     RELEVANT FACTS

Defendant largely agrees with the timeline Plaintiff presented. However, Defendant reasonably relied on this Court's chamber procedures, which state "Judge Cartwright's scheduling order contains a single deadline for the discovery cutoff, which includes fact and expert discovery.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE          3:25-cv-05380-TMC

The parties are expected to cooperate and manage their case to ensure any fact discovery that is needed for expert witness preparation is completed in advance of the deadline for expert disclosures. If a producing party is delaying discovery in a way that interferes with expert witness preparation, the requesting party should seek a conference with the Court as soon as possible."[1] As such, Defendant relied on the notion that there is a single deadline for discovery cut off, and provided their expert's opinions by May 8, 2026.

### III.     MEMORANDUM OF LAW AND ARGUMENT

This Court Ordered all discovery, including expert discovery under one deadline of May 8, 2026. Defendant provided their expert opinions before that date expired, and Defendant, in good faith, believed their actions to be in compliance with the case schedule and with Judge Cartwright's chamber procedures. As such, Defendant does not believe that their expert testimony was disclosed untimely. Nevertheless, even if this Court determines that Defendant's disclosures were untimely, the failure was substantially justified and harmless because Defendant believed they were following the chamber procedures and because trial is approximately 5 months away, which allows sufficient time to cure any perceived prejudice to Plaintiff.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party does not "provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, ***unless the failure was substantially justified or is harmless***." Further Fed. R. Civ. P. 37(c)(1) gives courts discretion to determine whether a failure to disclose was harmless and whether exclusion is the appropriate remedy. Fed. R. Civ. P. 37, Committee Notes on Rules—2015.

**A.     Defendant's Alleged Late Disclosure is Justified and Harmless.**

Rule 37(c)(1) indicates that exclusion is reserved for circumstances in which an alleged disclosure deficiency is neither substantially justified nor harmless. Fed. R. Civ. P. 37(c)(1). Here, the record demonstrates that any claimed prejudice was entirely avoidable, continues to be entirely

---

[1] It should be noted that Plaintiff's motion does not comply with Judge Cartwright's procedures, which states "[a]s required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. If agreement is not possible, before filing any discovery motions, Judge Cartwright requires the parties to request a conference with the Court."

avoidable, that Plaintiff failed to pursue available discovery, and that Defendant affirmatively offered reasonable measures to eliminate any alleged prejudice before motion practice became necessary.

Exclusion of Defendant's expert witnesses is an extraordinarily harsh sanction in this case because Defendant believes it complies with this Court's order indicating there was one discovery cutoff deadline for all discovery, and because there is no harm from Plaintiff's late disclosures. While it is true that Rule 37(c)(1) is self-executing, two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001). ). In determining whether the failure to comply with Rule 26(a) is justified or harmless, federal courts often weigh four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 953 (10th Cir. 2002) (quotations and citation omitted).

In In *ClearOne Communs., Inc. v. Biamp Sys*., 653 F.3d 1163, 1176 (10th Cir. 2011), a party argued it was an abuse of discretion to allow an expert to testify when a party disclosed its intent to call the expert one week prior to trial and four months after the expert discovery cutoff. *Id.* at 1177. Additionally, that party failed to serve *any* of the Rule 26(a) disclosures, including the required expert report. *Id.* Because the Court allowed the deposition of the expert to go forward on the eve of trial, and based on the four factors set forth above, it was determined that it was not an abuse of discretion to allow the expert to testify. *Id.*

Plaintiff's request to exclude Defendant's experts should be denied because Plaintiff cannot establish the prejudice necessary to justify that drastic sanction, as trial is almost 5 months away. Plaintiff is not surprised, Defendant has offered multiple avenues to cure the prejudice, the introduction of the testimony would not disrupt the trial as the trial is months away, and Defendant did not act willfully or with bad faith. Defendant's experts should not be excluded because all factors weigh in Defendant's favor, meaning the exception should be applied.

Indeed, Plaintiff states that they are prejudiced because Defendant retained a biomechanical engineer, but sufficient time remains for Plaintiff to depose Defendant's experts or retain a biomechanical engineer to rebut Defendant's biomechanical expert's opinion.

There is no harm because any prejudice can easily be cured, and any lingering prejudice is by Plaintiff's design. Rule 1 explicitly states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding" . Fed Rules Civ Proc R 1. This rule underscores the overarching goal of the federal procedural framework to prioritize substantive justice over procedural formalities. It is contrary to the spirit of the Federal Rules of Civil Procedure for a court to avoid a decision on the merits on the basis of mere technicalities. *Foman v. Davis*, 371 U.S. 178, 179, 83 S. Ct. 227, 228, 9 L.Ed.2d 222, 224 (1962).

In other words, the Federal Rules are intended to promote the resolution of disputes based upon their substantive merits, rather than allowing procedural technicalities to dictate outcomes. Plaintiff attempts to achieve the opposite, and wishes to win this case by capitalizing on any perceived procedural deficit on Defendant's end so they may win a meritless claim on the basis of a technicality. This is obvious when one considers Plaintiff's litigation games. For example, Plaintiff has never once requested to depose any defense expert despite the fact that almost 5 months remain before trial. Decl. of STK, Ex. 1. That fact is dispositive of Plaintiff's claimed prejudice. Plaintiff cannot credibly maintain that it was unable to evaluate, test, or respond to Defendant's expert opinions when Plaintiff chose not to take the most obvious and routine discovery step available under the Federal Rules: an expert deposition. This is especially true because the parties did, in fact, accommodate expert discovery after the discovery deadline when Plaintiff's own expert, Mr. Dixon, was deposed by agreement of all parties, even though his deposition had been requested for months. Thus, the record does not reflect an inability to conduct expert discovery. Instead, it reflects Plaintiff's decision not to pursue discovery from Defendant's experts.

This example highlights Plaintiff's true aim, which is to subvert a hearing on the merits of their case. Defendant made multiple requests to depose Plaintiff's expert Dixon, and that

deposition ultimately proceeded after the discovery deadline with the consent of all parties. Plaintiff, by contrast, made no comparable request concerning Defendant's experts. Plaintiff cannot now ask the Court to impose the severe remedy of exclusion after having failed to seek those depositions when expert discovery was open and having failed to request them even after raising alleged prejudice, which could have been (and can still be ) easily cured.

Nor can Plaintiff show that Defendant ignored or compounded any alleged prejudice. To the contrary, Defendant affirmatively reached out to Plaintiff's counsel to determine whether any practical accommodation was needed. Decl. of STK. Ex. 1.  Defendant did so despite maintaining that its disclosures were timely and proper. Defense counsel expressly advised Plaintiff that, although Plaintiff had never previously requested to depose any defense expert, Defendant would not object to such depositions if Plaintiff believed additional expert discovery was necessary to address the alleged timing issue. Defense counsel stated, in substance: "I have no objection to you deposing our experts to minimize any alleged prejudice, even though you did not request that before." *Id*. Defense counsel further invited Plaintiff to identify dates or propose any alternative remedy that Plaintiff believed was necessary: "Let me know if you would like to exercise that option and I can get available dates." *Id*.

And Defendant went further still, asking Plaintiff to identify any other proposed cure short of exclusion: "If you have any alternative proposal because you believe there has been prejudice to Plaintiff, again, I think we were timely, but I am open to suggestions on how to resolve this and eliminate alleged prejudice." *Id*.

That correspondence shows both that Defendant attempted to confer in good faith after the motion, when that should be Plaintiff's duty prior to the motion. Plaintiff indicated that it was not interested in deposing Defendant's experts, while vaguely suggesting that a number of additional discovery tools would be needed. Defendant responded that it would be accommodating of discovery requests related to the experts. Defendant did not agree, however, that Plaintiff was entitled to reopen unrelated discoveries such as a Rule 30(b)(6) deposition having no connection to the experts or their opinions.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE     3:25-cv-05380-TMC

Plaintiff had, and still has, the opportunity to have all prejudice cured, cannot state that there is any surprise, prejudice, or disruption, making exclusion unnecessary and harsh.

**B**.　　**Plaintiff's Expert is Not Prejudiced**

During the deposition of Plaintiff's human factors expert, Mr. Levi Dixon, Mr. Dixon was specifically asked if he had read the report of Defense expert Meza-Arroyo. Decl. of STK, Ex. 2. p. 109: lns. 9-25. Mr. Dixon answered that he had not. *Id*. When asked why he had not read the report, Mr. Dixon stated that he was not provided the report by Counsel because the current motion was pending before the Court. *Id*. Mr. Dixon was then asked if whether reading the report of Meza-Arroyo may change his opinion, absent extreme circumstances like finding a video.[2] *Id* at pp.109-110: lns. 19-25; 1-12. Dixon was adamant that no matter what was in the report, his opinions would not change. *Id*. Dixon also testified that no additional inspection of the location would be necessary nor would he be authoring an addendum report.

> Q. Did you have a chance to review our experts eport?
> A. No.  I understand that experts have been designated but it's my understanding there's a  motion to exclude them for not being timely, so I have not reviewed them.
> Q.  So you reviewed it because -- you haven't reviewed it because there's a pending motion?  Were
> you provided it?
> A.  No, I haven't been provided them.
> Q.  Do you think it's important that you understand the other expert before you assume that  the court's going to rule one way or the other?
> STPHO object to form.
> A.  **With the opinions that I'm offering I don't need to review other expert reports because I'm confident in my opinions based on my education,  training, experience and all of the evidence I have reviewed.**
> Q.  So no matter what is in his report, you're  not changing your opinions.
>  STPHAO:  Object to form.
>  A.  Unless other evidence comes out. For example, a video showing something completely different than what is all of the evidence indicates, there's nothing that would change my opinion --
> Q.  Do you think there's any --
>  A.  -- in the defense expert report. Apologize.  **Do you think there's any  additional testing that's needed from your perspective?**
> **A. Nothing comes to mind for the sake of my opinions.**
> **Q.  And are you ready to testify at trial as we are here sitting today?**

---

[2] Ex. 3 contains the report of Dr. Meza-Arroyo where there is no such evidence and the items reviewed are the same that have been previously been exchanged in discovery. In sum, no evidentiary surprises.

**A. You bet I am.**

*Id* at p. 110: lns. 13-20. (emphasis added)

Even if the Court finds, arguendo, that the disclosure was late, the testimony of Plaintiff's own expert clearly settles the issue of harmlessness. Additionally, Plaintiff's claims of harm are belied by the fact that Plaintiff's counsel did not find it important to provide Dixon with the report which had been disclosed well before his deposition. In fact, the Plaintiff's counsel appears to have intentionally withheld the report due to the pendency of this motion. If Plaintiff's own expert is not interested in conducting any additional inspections or authoring any additional opinions regardless of Meza-Arroyo's report, then there is no harm to the Plaintiff at all regarding Meza-Arroyo's opinion in relation to their ability to prepare for trial.

D. Plaintiff's Request to Exclude Dr. Brown's Testimony Under ER 702 Should be Denied.

This is a motion to enforce the sanctions of Rule 37, not a motion to exclude expert testimony based on ER 702 and/or a Daubert analysis, and is more appropriately addressed in a separate Motion. Nevertheless, there is no Dr. Brown is an orthopedic surgeon and the scientific basis for his opinion is based on his medical training and expertise. He plans to testify regarding the nature and extent of Plaintiff's injuries based on his knowledge as an orthopedic surgeon, which includes causation. His report is attached. STK Decl. ¶ 7, Ex. 6.

## IV.    CONCLUSION

Plaintiff attempts to make the relevant standard based upon Plaintiff's dissatisfaction with the timing or content of an expert disclosure in the abstract, but that is not the standard. The question is whether any harm occurred, meaning any alleged deficiency causing prejudice that cannot be cured by lesser measures. It plainly did not. Plaintiff had (and has) the opportunity to depose Defendant's experts per Defendant's suggestion, even though Plaintiff had never asked. Plaintiff declined. Plaintiff had the opportunity to request targeted expert discovery. Defendant offered to accommodate it. Plaintiff did not pursue it. Plaintiff had the opportunity to propose a focused cure. Defendant invited one. Plaintiff did not provide one. STK Decl. Ex. 1.

Exclusion would therefore be disproportionate. When one consider the prejudice or surprise to the opposing party, the ability to cure that prejudice, the potential disruption of trial,

and the moving party's conduct, one must conclude that those factors weigh decisively against exclusion here. Any claimed prejudice could have been (and still can be) cured by expert depositions, targeted expert-related follow-up, or a reasonable rebuttal schedule before the October 19, 2026 trial date, which is months away. Defendant offered precisely those types of accommodations. Plaintiff rejected or abandoned them.

WHEREFORE, for the foregoing reasons, Defendants pray that this Court denies Plaintiff's motion and does not award them any fees and costs.

Dated this 27th day of May, 2026.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
121 SW Morrison Street, Suite 500
Portland, OR 97204
(503) 223-3000
     Attorneys for Defendant The Kroger Co. and Fred
     Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

Dated this 27th day of May, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500
Portland, OR 97204
(503) 223-3000
     Attorneys for Defendant The Kroger Co. and Fred
     Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state

Defendants.

Civil Case No. 3:25-cv-05380-TMC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals. Additionally, I hereby certify that a true copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE** was served as stated below on:

/ / /

/ / /

/ / /

/ / /

Robert C. Wilke
Gordon Thomas Honeywell, LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
    *Attorneys for Plaintiff*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
☐ Fax #: (253) 620-6565
☒ By e-mail:
    rwilke@gth-law.com
    ileifer@gth-law.com
    sishii-huffer@gth-law.com
    sweger@gth-law.com
☒ By court eFiling Application

Francis S. Floyd
Skyler P. Urban
Floyd Pflueger, P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121
    *Attorneys for Defendant Gatekeeper Systems, Inc.*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
☐ Fax #:
☒ By e-mail:
    ffloyd@nwtrialattorneys.com
    surban@nwtrialattorneys.com
    ecampbell@nwtrialattorneys.com
    skatinas@nwtrialattorneys.com
☒ By court eFiling Application

**\*With first-class postage prepaid and deposited in Portland, Oregon.**

Dated this 27th day of May, 2026.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
121 SW Morrison Street, Suite 500
Portland, OR 97204
(503) 223-3000
    Attorneys for Defendant The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

Dated this 27th day of May, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500
Portland, OR 97204
(503) 223-3000
    Attorneys for Defendant The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

CERTIFICATE OF SERVICE          KRO224.0010