HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>　　　　　　　　Defendants. | NO.　3:25-cv-05380<br><br>PLAINTIFF LINDA LAROCQUE'S REPLY IN SUPPORT OF HER MOTION TO EXCLUDE FRED MEYER DEFENDANTS' UNTIMELY DISCLOSED EXPERTS<br><br><br>NOTED: JUNE 2, 2026 |

## I.　　REPLY

**A.　Fred Meyer Defendants Agree Permitting Their Late Disclosure of Experts Would Necessitate Significant Additional Discovery Beyond the Discovery Cutoff Date, Which Would Require Significant Alteration of the Pretrial Deadlines Including the Discovery Deadline, the Dispositive Motion Deadline and Trial Date, Prejudicing Ms. LaRocque**

Fred Meyer Defendants fail to justify their untimely expert disclosure or demonstrate that Ms. LaRocque will not be prejudiced by their late disclosure of all three of their expert witnesses on the last day of discovery. "Rule 37(c)(1) is a 'self-executing,' 'automatic'

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Id.* "[T]he Court must impose sanctions for this failure unless Defendants show that the failure was substantially justified or harmless." *Moreno*, 2020 WL 1281648, at *5.

While Fred Meyer Defendants argue that Ms. LaRocque is not prejudiced by Fred Meyer Defendants' late disclosure of experts, Fred Meyer Defendants acknowledge the late disclosure would require additional depositions, re-inspection of the property, additional written discovery, and retention of rebuttal experts (ECF 106-1). *See Wintice Group, Inc. v. Longleg,* 2011 WL 383039, at *7 (D. Nev. Feb. 3, 2011) (any argument that a party "sat on their hands" by not taking a deposition of a late disclosed expert before seeking exclusion is frivolous).

Permitting the expert late disclosure would require extending discovery deadline, extending the dispositive motion deadline, necessitate additional rebuttal reports, and require an extension of the current trial date. *See Williams v. City of Bremerton*, 2001 WL 36101298, at *1 (W.D. Wash. July 5, 2001) (Untimely disclosure is not harmless if it is made when "the discovery cutoff is imminent.").

Here, Ms. LaRocque is prejudiced because allowing the late disclosure would necessitate additional discovery and alteration of the case schedule deadlines. *LeDoux v. Outliers, Inc.*, 3:24-CV-05808-TMC, 2026 WL 76377, at *10 (W.D. Wash. Jan. 9, 2026) (prejudice exists where the late disclosure of experts would necessitate additional discovery and the alteration of case schedule deadlines).

The law does not support Fred Meyer Defendants' position. Fred Meyer Defendants,

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

seemingly unable to find any case law supporting the proposition that disclosure of three expert reports on the last day of discovery is not prejudicial, cite inapposite case law to justify their late disclosure. See *ClearOne Comm., Inc. v. Biamp Sys.,* 653 F.3d 1163, 1174 (10th Cir.). In *ClearOne,* the late disclosure of a single expert witness was justified because the plaintiff, despite its best efforts, did not receive discovery from the defendant until shortly before trial, and the expert addressed only the late-produced evidence.

Unlike in *ClearOne*, Fred Meyer Defendants' untimely disclosure is unjustified because they have possessed the evidence necessary for their experts to complete their reports since nearly the onset of this litigation. For example, Fred Meyer Defendants' experts, Gadir Hazime and Manuel Meza-Arroyo, conducted testing at the store that Fred Meyer Defendants control, and Fred Meyer Defendants offer no explanation as to why this testing did not occur until **April 29, 2026**—one week before the discovery deadline. Fred Meyer Defendants untimeliness is particularly problematic because it knew that Ms. LaRocque would be relying on her own human factors expert before the expert disclosure deadline because Ms. LaRocque worked with Fred Meyer Defendants to complete a Fed. R. Civ. P. 34 site inspection months before the expert disclosure deadline.

B.      **Fred Meyer Defendants Offer a Blatant Misrepresentation to the Court to Justify Their Untimely Disclosure and Refuse to Acknowledge Their Disclosure was Untimely**

Instead of accepting responsibility for their dilatory conduct, Fred Meyer Defendants brazenly offer a blatant falsehood to justify their late disclosure, asserting Fred Meyer Defendants do "not believe that their expert testimony was disclosed untimely." (ECF 105 at p. 2). Fred Meyer Defendants disingenuously claim that they did not understand the expert disclosure deadline date was March 2, 2026, and instead believed "there is a single deadline for discovery cut off" of May 8, 2026. (ECF 105 at p. 2)

PLTF'S REPLY MOTION TO EXCLUDE - 3 of 9
[4871-5472-8598]

That position is untenable. Fred Meyer Defendants' professed misunderstanding of the Federal Rules rests on an unreasonable reading of this Court's chambers rules. They point to language stating that "Judge Cartwright's scheduling order contains a single deadline for the discovery cutoff, which includes fact and expert discovery." But no reasonable party could interpret that sentence as authorizing disclosure of three expert reports on the final day of discovery. Such an interpretation would effectively nullify the expert-disclosure requirements by depriving the opposing party of any meaningful opportunity to: (1) depose the expert; (2) retain and disclose a rebuttal expert; or (3) conduct additional discovery necessitated by the expert's opinions.

However, when the record is viewed in totality, it becomes apparent that Fred Meyer Defendants' feigned ignorance of the expert disclosure deadline is disingenuous.

In its March 4, 2026 Motion to Continue Case Schedule and Trial Schedule, Fred Meyer Defendants acknowledged the expert disclosure deadline of March 2, and specifically requested the Court extend the expert disclosure deadline from March 2, 2026 to May 31, 2026. In fact, Fred Meyer Defendants argued that because Ms. LaRocque was waiting until the March 2 deadline to disclose her experts, the March 2 deadline should be extended:

> Plaintiff has been unequivocal on producing documents such as expert reports only by deadline day, and Defendants plan to file a motion requesting an extension to allow for their own retention and disclosure of expert witnesses and their reports. This necessitates an extension, as the Defendants cannot adequately act without access to all relevant evidence. The exchange of critical information, such as expert reports, on the deadline day significantly impairs the opposing party's ability to effectively retain their own rebuttal experts and depose Plaintiff's expert.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

(ECF 56 at p. 4).

In its motion, Fred Meyer Defendants specifically asked that the March 2 expert disclosure deadline be extended to May 31, 2026:

For the foregoing reasons, the Defendants jointly believe good cause exists to adjust all remaining deadlines by approximately three months (90 days) as shown below.

|  | Current Deadline | New Deadline |
| --- | --- | --- |
| **JURY TRIAL DATE** | **August 3, 2026** | **November 2, 2026** |
| Deadline for joining additional parties | November 7, 2025 | February 5, 2026 |
| Deadline for filing amended pleadings | December 15, 2025 | March 15, 2026 |
| Reports from expert witness under FRCP 26(a)(2) due | March 2, 2026 | May 31, 2026 |

(ECF 56 at p. 5).

Fred Meyer Defendants' counsel's declaration also correctly identified and acknowledged Fred Meyer Defendants' expert disclosures were due March 2:

2. Attached hereto as **Exhibit A** is a true and correct copy of Order Correcting Case Scheduling Order. The Order specifies the following deadlines: the trial date is set for August 3, 2026; expert reports are due by March 2, 2026; discovery must be completed by April 3, 2026;

(ECF 57, Declaration of Counsel).

There can be no dispute that Fred Meyer Defendants were aware that expert disclosures were due March 2. Fred Meyer Defendants specifically brought a motion asking the Court to extend that deadline because it knew its reports were late on March 4. (ECF 56; ECF 57). Fred Meyer Defendants' feigned confusion is an egregious and self-

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

serving falsehood offered to the Court that should be sanctioned pursuant to Fed. R. Civ. P. 11(b), (c).

Instead of properly raising the issue again with the Court, Fred Meyer Defendants produced untimely expert reports on the last day of discovery. Fred Meyer Defendants now falsely represent to the Court that their expert disclosure was not untimely and that they were confused by the March 2 deadline. Such blatant and cynical misrepresentations to the Court should not be tolerated or rewarded, particularly when this case is viewed in totality and the hoops that Ms. LaRocque has had to jump through to obtain discovery to which she is entitled.

**C.     The Court Should Order a Show Cause Hearing on Why Fred Meyer Defendants' Misrepresentation to the Court is not Sanctionable Pursuant to Fed. R. Civ. P. 11(b), (c).**

Fed. R. Civ. P. 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.' " *Ledoux v. Outliers, Inc.*, 3:24-CV-05808-TMC, 2026 WL 291023, at *1 (W.D. Wash. Feb. 4, 2026). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

Because Fred Meyer Defendants have offered a patently false justification for their untimely expert disclosure that directly contradicts their prior, sworn representations to the Court, the Court should order Fred Meyer Defendants to show cause why their conduct has not violated Fed. R. Civ. P. 11 (b), pursuant to Rule 11(c).

Ms. LaRocque believes a significant sanction is warranted, and suggests a $25,000 to $50,000 sanction made payable to a non-profit organization of the Court's choosing is appropriate.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

### D. The Court Should Sanction Fred Meyer Defendants Pursuant to Fed. R. Civ. P. 37(c)

Fred Meyer Defendants waited until the last day of discovery to disclose three experts' reports. Ms. LaRocque is prejudiced by the late disclosure because allowing Fred Meyer's experts to offer their late-disclosed opinions would require extending the discovery deadline to permit significant additional discovery, extending the dispositive-motion deadline, and obtaining additional rebuttal reports. As a result, all three of Fred Meyer Defendants' experts should be excluded, and the Court should also award Ms. LaRocque reasonable attorneys' fees and costs associated with this motion. *See* Fed. R. Civ. P. 37(c)(1)(A).

## II. CONCLUSION

Enough is enough. Despite removing this case to this Court, Fred Meyer Defendants have failed to adhere to the Federal Rules governing discovery throughout this litigation. Ms. LaRocque complied with all of the deadlines of the case schedule. Fred Meyer Defendants have not.

Instead, Fred Meyer Defendants attempted to offer three expert opinions on the last day of discovery. Fred Meyer Defendants also now offer false representations to the Court in an attempt to justify their late disclosure. Fred Meyer Defendants' disclosure defied the Court's prior rulings regarding the expert disclosure deadline and simply ignored that the Court rejected their request to extend the expert disclosure deadline. Fred Meyer failed to exercise diligence in meeting the expert disclosure deadline, and instead of addressing that issue with the Court, have forced Ms. LaRocque to file another motion. Fred Meyer Defendants' untimely disclosed experts should be excluded.

Because Fred Meyer Defendants continue to operate under the mistaken belief that the Local and Federal Rules simply do not apply to them, Ms. LaRocque should also be

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

awarded her reasonable fees and costs in bringing this motion. *See* Fed. R. Civ. P. 37(c)(1)(A).

The Court should also order a show cause hearing to address Fred Meyer Defendants' false representations to the Court pursuant to Fed. R. Civ. P. 11(c)(3).

Counsel certifies that this memorandum contains 1,630 words, in compliance with the Local Civil Rules.

Dated this 2nd day of June, 2026.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

# DECLARATION OF SERVICE

I hereby declare that on June 2, 2026, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

John R. Barhoum, WSBA No. 42776
Samuel ben Behar, WSBA No. 46586    ☐ Via Legal Messenger
Sarah Tuthill-Kveton, WSBA No. 51801    ☐ Via U.S. Mail
Hanna R. Lukes, WSBA No. 62610    ☒ Via CM/ECF E-Filing
Chock Barhoum LLP    ☒ Via Email
121 SW Morrison Street, Suite 500
Portland, OR 97204
john.barhoum@chockbarhoum.com
sam.behar@chockbarhoum.com
sarah@chockbarhoum.com
hanna.lukes@chockbarhoum.com
michelle.heilbrun@chockbarhoum.com
devon.haggart@chockbarhoum.com
e-service@chockbarhoum.com

Francis S. Floyd, WSBA No. 10642    ☐ Via Legal Messenger
Skyler P. Urban, WSBA No. 58761    ☐ Via U.S. Mail
Floyd, Pflueger, Kearns, Nedderman, & Gress, P.S.    ☒ Via CM/ECF E-Filing
3101 Western Avenue, Suite 400    ☒ Via Email
Seattle, WA 98121
ffloyd@nwtrialattorneys.com
surban@nwtrialattorneys.com
ecampbell@nwtrialattorneys.com
skatinas@nwtrialattorneys.com

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Sarah M. Weger, Legal Assistant
sweger@gth-law.com

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565