UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>                    Defendants. | NO.  3:25-cv-05380<br><br>JOINT STATEMENT REGARDING DISCOVERY ISSUES WITH GATEKEEPER SYSTEMS, INC. RE: TENDER LETTERS AND RESPONSES |

Plaintiff Linda LaRocque and Defendant Gatekeeper Systems, inc. ("Gatekeeper") offer this joint statement to briefly identify the issue in dispute.

**Plaintiff Linda LaRocque's Statement of Relevant Facts and Issues**

On May 13, 2026, the Court ordered Gatekeeper to produce tender letters it received from Fred Meyer Defendants and its responses to those tender letters by Wednesday, May 27, 2026. (ECF 96). The temporal range of the tender letters and responses ordered produced were from January 1, 2020 to present, and only involving

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Washington State. (ECF 91).

To date, Gatekeeper has not produced any tender letters or responses. On May 27, the date its production was due, at 4:39 p.m. Gatekeeper indicated it would not produce responsive items by the court-ordered production date:

Rob -

Sending a quick update regarding the tender letter production ordered by the Court. Despite my best effort, Travelers has advised they are still in the process of locating and compiling responsive letters. Like Kroger advised, with Travelers, there is no central location where the letters are saved, and they are needing to search through individual files.

I had advised Travelers of the Court's deadline and reiterated that we need the letters asap.

Sincerely,

Skyler P. Urban

On May 28, Ms. LaRocque's counsel responded that Gatekeeper must provide a firm date by which letters will be produced. On June 2, Gatekeeper's counsel responded that its goal was to "have the letters produced ... by June 5."

Ms. LaRocque's counsel responded that if tender letters and responses are not produced by 5:00 p.m. on June 5, Ms. LaRocque would raise the issue with the Court.

Gatekeeper indicated it would not produce responsive tender letters and responses on June 5. On June 5, Gatekeeper indicated, for the first time, that it could not locate any tender letters or responses. However, it is undisputed that Gatekeeper received numerous tender letters, as Fred Meyer already produced some of the tender letters that it sent to Gatekeeper. None of Gatekeeper's responses to any tender letter have been produced. Moreover, Gatekeeper's current position that it cannot obtain the responsive documents is different from its earlier position regarding the production of the tender letters offered to the Court, in which Gatekeeper asserted the letters were not discoverable and protected by the work product privilege:

Regarding Plaintiff's request for tender letters, Gatekeeper maintains that the production of any and all tender letters other than the specific letter regarding the subject incident, and any responses to that specific tender, is not likely to lead to the discovery of admissible evidence. Plaintiff is in possession of the tender letter from this specific incident. To date, no response has been provided. Gatekeeper does not oppose to producing any response to that tender letter. Unrelated tender letters from Fred Meyer and Kroger are overbroad and lack relevance to the specific claims at issue in this litigation. Further, unrelated responses to tender letter by Gatekeeper or its insurer, are protected as work product statement by the insurer, prepared in anticipate of litigation.

(ECF 91 at p. 3).

Gatekeeper's position that its agent, Traveler's Insurance, will not produce the responsive documents without a subpoena is not credible, as the Court has already issued an Order requiring Gatekeeper to produce the tender letters and responses to tender letters.  (ECF 96). Traveler's is Gatekeeper's agent, and it is not credible that Traveler's would be unwilling to provide tender letters addressed to Gatekeeper to its insured, Gatekeeper, particularly when Gatekeeper can provide Traveler's with the Court's Order. Any responses written on behalf of Gatekeeper would similarly belong to Gatekeeper.

As the Court is well aware, this is not the first time Gatekeeper has failed to comply with an Order requiring production of responsive documents. (*See* ECF 72 ordering Gatekeeper to produce documents previously ordered by the Court; ECF 64). Given Gatekeeper's apparent reluctance to comply with the Federal Rules and this Court's orders, Ms. LaRocque requests that the Court order production of all responsive tender letters and responses within five calendar days, and to impose a reasonable daily monetary sanction for every day that Gatekeeper fails to comply with the Court's order requiring production of responsive tender letters and responses.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

<u>**Defendant Gatekeeper's Statement of Relevant Facts and Issues**</u>

Defendant Gatekeeper is continuing to work to produce the ordered tender letters in its possession to Plaintiff as soon as possible. As noted by Gatekeeper in the previous joint statement and prior hearing regarding the production of tender letters, and similar to the issues encountered by Defendant Fred Meyer / Kroger, there is no central location where tender letters and responses are saved with Gatekeeper. Instead, any tender letters and responses would exist as attachments to emails sent within Gatekeeper. In order to locate potentially responsive documents, Gatekeeper must, and currently is, individually searching for responsive terms or known claims (such as those identified in the tender letters produced by Kroger) in and effort to locate letters. As of this joint statement, Gatekeeper has not located any tender letters or responses within its emails.

To complicate locating tender letters, however, Gatekeeper does not have easy access to the prior risk manager's email account. The current risk manager, who is performing the search noted above, has been in his position for a little over two years and therefore does not have any tender letters in his own email history predating his start date. Consequently, Gatekeeper has requested that its IT department determine if it is possible to access the prior risk manager's email account and, if so, grant access to the current risk manager to search that account.

In addition to these internal efforts, Gatekeeper contacted its carrier, Travelers, to request all relevant tender letters and responses. After repeated follow up, requesting the status of the tender letters and responses, Traveler's informed Gatekeeper on June 2, for the first time, that it would not in fact, provide the letters or responses directly to Gatekeeper, advising that it will only produce the documents in response to a subpoena. This response by Travelers was despite Gatekeeper providing notice of the court's prior

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

order regarding the letters.

As noted above, Gatekeeper is actively searching the relevant email accounts—the only location where these tender letters would be saved—and will produce any that are located. To date, none have been found. Gatekeeper continues to search its email accounts and fully intends to produce any responsive documents that are located.Further, it is currently awaiting confirmation from its IT department regarding whether there is an ability to access the prior risk manager's email account. To date, Gatekeeper is not in possession of any responsive document to produce. To the degree the Court is inclined to impose a monetary sanction, Gatekeeper respectfully requests that this Court permit Gatekeeper the opportunity to submit a full brief on the matter.

Dated this 5th day of June, 2026.

GORDON THOMAS HONEYWELL LLP

By _____
    Robert C. Wilke, WSBA No. 49937
    rwilke@gth-law.com
    Ian M. Leifer, WSBA No. 56670
    ileifer@gth-law.com
    Attorneys for Plaintiffs

FFLOYD PLUEGER

By * /s/Skyler P. Urban*_____
    Francis S. Floyd, WSBA No. 10642
    ffloyd@nwtrialattorneys.com
    Skyler P. Urban, WSBA No. 58761
    surban@nwtrialattorneys.com
    Attorneys for Defendants

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565