UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>                    Defendants. | NO.  3:25-cv-05380<br><br>PLATINTIFF LINDA LAROCQUE'S PARTIAL MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTED: JULY 6, 2026 |

## I.    INTRODUCTION

This is a personal injury case. Ms. LaRocque had a left knee total knee replacement on February 8, 2023. Ms. LaRocque was recovering well from her surgery and completed her physical therapy on May 4, 2023.

Two days later, on May 6, 2023, Ms. LaRocque struck her left knee on a Fred Meyer shopping cart after the shopping cart anti-theft mechanism abruptly stopped the cart as Ms. LaRocque was exiting the store. Ms. LaRocque was in immediate pain following the

PLTF'S PARTIAL MSJ - 1 of 12
[4871-5472-8598]

incident. Her medical providers documented the shopping cart incident and her treating surgeon determined, following imaging, that she suffered a left patellar tendon rupture. Ms .LaRocque had to undergo two additional surgeries to repair her injuries.

Ms. LaRocque timely disclosed her orthopedic surgeon expert, Dr. Bruce Rolfe, MD. Dr. Rolfe opines that on a more probable than not basis and to a reasonable degree of medical certainty that that the medical treatment Ms. LaRocque received following the May 6, 2023 incident, including the two surgeries, was necessitated by the May 6 incident. (*See* Declaration of Bruce Rolfe, MD and attached reports).

Ms. LaRocque timely disclosed her lifecare planner expert, Cloie Johnson. Ms. Johnson reviewed the medical billing records and opines that the medical charges are reasonable. (*See* Declaration of Cloie Johnson and attached reports).

The dispositive motion deadline is June 8, 2026. Ms. LaRocque filed a pending motion to exclude Fred Meyer Defendants' untimely disclosed experts. (ECF 94). If Ms. LaRocque's motion to exclude is meritorious, Defendants do not have any expert testimony with which to challenge Ms. LaRocque's medical treatment was necessary and that her related medical bills are reasonable.

Accordingly, Plaintiff Linda LaRocque moves the Court to establish as a matter of law that (1) the medical treatment and amounts of expenses incurred by Ms. LaRocque were necessary; and (2) the amounts of Ms. LaRocque's medical expenses were reasonable.

## II. BACKGROUND

On February 8, 2023. Ms. LaRocque was recovering well from her surgery and completed her physical therapy on May 4, 2023. (*See* Declaration of Bruce Rolfe, MD and attached reports). On May 6, 2024, Plaintiff Linda LaRocque visited the Tacoma Stevens

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Fred Meyer store (the "Store") to purchase a magnesium supplement. Ms. LaRocque had recently undergone knee surgery and was pushing a cart. After determining the Store did not have magnesium supplement, Ms. LaRocque proceeded to exit. Unbeknownst to Ms. LaRocque, the Store's carts were equipped with an anti-theft locking system designed to engage at the exits if customers did not first pass through a predetermined route that is not disclosed to the customer. When Ms. LaRocque exited with an empty cart, the cart suddenly and without warning locked, causing her to strike her still-healing knee against the back of the cart and sustain significant injuries.

Ms. LaRocque's medical records reflect that she was in constant pain following the injury from the shopping cart. (*See* Declaration of Bruce Rolfe, MD and attached reports). Ms. LaRocque was seen by Alexendria Bones PA-C on May 9, 2023, during which she explained the shopping cart incident and her symptoms. (*See* Rolfe Decl. at ¶¶ 5-9; Ex. Nos. 2, 3). Imaging tests revealed that her patella shifted when her knee came into contact with the shopping cart, which ultimate required two additional surgeries to fix. (*Id.*).

Dr. W. Frederick Thompson, MD, the orthopedic surgeon who performed Ms. LaRocque's first total knee replacement, noted during Ms. LaRocque's pre-op evaluation for her second surgery, that Ms. LaRocque had been healing uneventfully, but then the incident with the shopping cart occurred and ruptured her patella tendon. (*Id.*).

Ms. Larocque underwent a second surgery on her left knee on June 26, 2023 due to the injuries caused by Fred Meyer shopping cart locking up and striking her left knee. (*See* Rolfe Decl. at ¶¶ 5-9; Ex. Nos. 2, 3).

Subsequently, Ms. LaRocque required a third knee surgery on December 4, 2023, including removal and replacement of the original knee hardware, due to injuries caused

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

by Fred Meyer's shopping cart locking up and striking her left knee. (*See* Rolfe Decl. at ¶¶ 5-9; Ex. Nos. 2, 3).

On March 2, 2026, Ms. LaRocque timely disclosed her orthopedic surgeon expert, Dr. Bruce Rolfe, MD. Dr. Rolfe opines that on a more probable than not basis and to a reasonable degree of medical certainty the medical treatment Ms. LaRocque received following the May 6, 2023 incident, including the two surgeries, was necessitated by the May 6 incident. (*See* Rolfe Decl. and attached reports).

On March 2, 2026, Ms. LaRocque timely disclosed her lifecare planner expert, Cloie Johnson. Ms. Johnson has reviewed the medical billing records and opines that the medical charges are reasonable. (*See* Declaration of Cloie Johnson[1] and attached reports).

Dr. Bruce Rolfe is a Board Certified Orthopedic Surgeon with an active medical license in Washington state and is well qualified to assess the cause of Ms. LaRocque's injuries and the reasonableness and necessity of her treatment and expenses. (Rolfe Decl., Ex. 1, CV). Dr. Rolfe has been in practice since 1990 and has authored numerous peer reviewed publications in the field of Orthopedics. (*Id.*)

Dr. Rolfe examined Ms. LaRocque, reviewed her medical records, and reviewed her testimony in this case. (*See* Rolfe Decl. at ¶¶ 5-9; Ex. Nos. 2, 3). Dr. Rolfe documented in his reports that the following of Ms. LaRocque's injuries and conditions were caused by her left knee's impact with the shopping cart on May 6, 2023:

1. patellar tendon rupture of the left knee;

2. permanent severely impaired mobility necessitating reliance on ambulatory device;

---

[1] Exhibit 4 of Cloi Johnson's declaration has the incorrect date listed at the top of the report. The date listed on the third Cloi Johnson report is Feb. 23, 2026. The actual date of the report was March 13, 2026.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

3. permanent reduced endurance and strength in the left knee;

4. permanent reduced ability to climb stairs compared to her ability during her recovery from her first surgery;

5. months of immobilization with a brace and cast;

6. exacerbation of disease in the opposite knee (the right knee) due to favoring of her injured knee;

7. permanent limitations in strength, flexibility, and function of the left knee;

8. AMA impairment rating for the left knee is 20% whole body impairment due to limp and walker dependance;

9. Left hip strain; and

10. Low back strain. (*See* Rolfe Decl. at ¶¶ 5-9; Ex. Nos. 2, 3).

Dr. Rolfe also opined that all the evaluations and treatments detailed in Ms. LaRocque's medical records were reasonable and necessitated by the impact with the cart, including:

1. the patellar tendon repair surgery on June 6, 2023;

2. the extensive surgery with a total knee revision, removal of her patella (patellectomy), and reconstruction of her extensor mechanism using synthetic mesh performed on December 4, 2024;

3. her courses of physical therapy. (*See* Rolfe Decl. at ¶¶ 5-9; Ex. Nos. 2, 3; 4-7 (related medical treatment records)).

Ms. LaRocque's expert Cloie Johnson, a Vocational Rehabilitation Counselor/Case Manager and Life Care Planner, also evaluated the reasonableness of Ms. LaRocque's treatment costs and determined that the costs of the medical treatment were reasonable

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

and similar to the costs charged by other medical providers during the same time period. (Johnson Decl. at ¶¶ 6-7, Ex. Nos, 2, 3, 4).

Defendants did not disclose any expert witnesses by March 2, 2026, the expert disclosure deadline. (ECF 62 at ¶ 14).[2]

### III.     ARGUMENT

### Summary Judgment Standard

Summary judgment should be granted when there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The absence of a dispute of material fact can be shown if "an adverse party cannot produce admissible evidence to support the fact". Fed. R. Civ. P. 6(c)(1)(b). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "set forth specific facts showing that there is a genuine [material] issue for trial." *Celotex*, 477 U.S. at 324, *see also United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (the nonmoving party "cannot rely on mere allegations but rather must 'set forth' by affidavit or other evidence 'specific facts'").

Here, there can be no dispute of fact as to the necessity of Ms. LaRocque's medical treatment and the reasonableness of her medical expenses. Discovery is closed and

---

[2] On March 25, 2026, the Court denied Defendants' request to extend the deadline for expert disclosures. (ECF 68). On April 15, 2026, the Court denied Defendant Gatekeeper's request to extend the rebuttal expert disclosure deadline. (EFC 78). Defendant Fred Meyer untimely disclosed their experts on May 8, 2026. (ECF 95). Ms. LaRocque filed her motion to exclude those experts on May 12, 2026. (ECF 94). The deadline to file dispositive motions is June 8, 2026. (ECF 70). Ms. LaRocque is bringing this motion for partial summary judgment assuming that the Court will grant her motion to exclude Fred Meyer Defendants' experts.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Defendants have not presented any admissible evidence to challenge the necessity of Ms. LaRocque's medical treatment[3] or the reasonableness of the related medical expenses. Accordingly, the Court should grant Ms. LaRocque's partial summary judgment on these narrow issues.

### A. Ms. LaRocque Is Entitled to Summary Judgment Establishing the Necessity and Reasonableness of Her Medical Treatment

Summary judgment is appropriate to as to the necessity and reasonableness of medical treatment and expenses when the plaintiff presents enough evidence to establish the necessity and reasonableness of medical expenses and the defendant does not submit evidence to call the treatment into question. *Woessner v. Home Depot USA, Inc*., No. 2:22-CV-00275-JHC, 2023 WL 3293059, at *6 (W.D. Wash. May 5, 2023) (granting summary judgment on the reasonableness and necessity of the plaintiff's medical treatment and expenses because Defendant had not supplied expert testimony to refute Plaintiff's expert's opinion); *Villarreal v. McCully*, No. 2:19-CV-00664-BJR, 2020 WL 1689734, at *3–4 (W.D. Wash. Apr. 7, 2020) (granting summary judgment on the reasonableness and necessity of Plaintiff's medical treatment because Plaintiff had provided expert evidence and Defendant failed to provide expert evidence); *Wiggins v. Lyft, Inc*., No. C24-1440 MJP, 2025 WL 2242547, at *2 (W.D. Wash. Aug. 6, 2025) (granting summary judgment on the reasonableness and necessity of Plaintiff's medical expenses when Defendants did not supply expert evidence to rebut Plaintiff's medical expert's opinion.

---

[3] Ms. LaRocque is not asking the Court to determine whether Defendants are liable for Ms. LaRocque's injuries. Ms. LaRocque is simply asking the Court to determine, as a matter of law, that the medical treatment Ms. LaRocque received for her injuries was necessitated by the May 6 incident, and that the costs associated with that medical treatment were necessary. At trial, Defendants will be able to present evidence, to the extent any admissible evidence exists, that Defendants are not liable for Ms. Larocque's injuries and/or that the shopping cart striking Ms. LaRocque's knee was not the proximate cause of her injuries.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Here, Ms. LaRocque has presented sufficient evidence to establish the necessity and reasonableness of both her medical treatment and expenses. Meanwhile, defendants have submitted no evidence to call the treatment into question.

### B. Defendants Cannot Offer any Medical Expert Testimony to Dispute the Necessity of Ms. LaRocque's Medical Treatment for Her Injuries

The necessity of medical expenses and treatment must be proven through expert evidence. *Villarreal v. McCully*, No. 2:19-CV-00664- BJR, 2020 WL 1689734, at *3–4 (W.D. Wash. Apr. 7, 2020). The expert evidence may come from "any witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof." *Villarreal v. McCully*, No. 2:19-CV-00664- BJR, 2020 WL 1689734, at *3–4 (W.D. Wash. Apr. 7, 2020) (quoting *Kennedy v. Monroe,* 547 P.2d 899, 906 (Wash. Ct. App. 1976)).

In this case, Dr. Rolfe offers a declaration as well as two expert reports establishing the necessity of Ms. LaRocque's medical treatment. Dr. Rolfe has reported that the treatment Ms. LaRocque underwent following the shopping cart incident—including the two additional surgeries—was medically necessary as a result of the trauma caused by the incident. (*See* Rolfe Decl. at ¶¶ 5-9; Ex. Nos. 2, 3). Dr. Rolfe's declaration also attaches the specific medical treatments that were necessary and related to Ms. LaRocque's injuries caused by the May 6, 2026 shopping cart incident.

Washington courts recognize that where expert testimony is required to establish a fact and the nonmoving party fails to produce competent expert evidence, summary judgment is appropriate. *Wiggins v. Lyft, Inc.,* No. C24-1440 MJP, 2025 WL 2242547, at *2 (W.D. Wash. Aug. 6, 2025) (finding summary judgment on the issue of the reasonableness and necessity medical expenses and treatment appropriate because defendants did not provide expert opinions that disputed plaintiff's expert opinions).

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Defendants cannot create a triable issue regarding the necessity of Ms. LaRocque's treatment through speculation, attorney argument, or lay opinion. Because Ms. LaRocque's expert testimony is irrebuttable, there is no genuine dispute of material fact regarding the necessity of Ms. LaRocque's medical treatment.

Accordingly, Ms. LaRocque is entitled to partial summary judgment on this issue.

### C. Defendants Cannot Offer any Expert Testimony to Dispute the Reasonableness of Ms. LaRocque's Medical Bills

Likewise, the reasonableness of medical expenses is also established through expert testimony and medical records. Evidence about the reasonableness of medical costs "may come from any witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof." *Woessner v. Home Depot USA, Inc.*, No. 2:22-CV-00275-JHC, 2023 WL 3293059, at *6 (W.D. Wash. May 5, 2023) (quoting *Kennedy v. Monroe*, 547 P.2d 899, 906 (1976)).

Ms. LaRocque has produced medical records, billing records and expert testimony from two experts establishing that the medical charges incurred following the shopping cart incident were reasonable and customary for the treatment rendered. (Johnson Decl., at ¶¶ 6-7, Ex Nos. 2-4). The following chart represents the conclusions of medical billing expert Cloie Johnson.

### Ms. LaRocque's Medical Costs

| PROVIDER | DATES | TOTAL |
|---|---|---|
| MultiCare Allenmore Hospital | 6/11/2023-12/8/2023 | $274,765.82 |
| Anchor Physical Therapy | 5/10/2023-4/17/2025 | $19,392.50 |
| MultiCare Orthopedics and Sports | 5/9/2023-6/22/2023 | $2,486.00 |
| MultiCare Lakewood Clinic | 11/2/2023-12/3/2025 | $5,620.00 |

[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

| | | |
|---|---|---|
| MultiCare Allenmore Building C | 9/29/2023-11/7/2025 | $6,717.00 |
| MultiCare Tacoma General | 11/15/2024-12/5/2025 | $399.00 |
| MultiCare Pulse Heart Institute | 6/6/2023-12/2/2024 | $1,666.00 |
| MultiCare Gig Harbor Medical | 5/1/2025-12/11/2025 | $5,806.00 |
| MultiCare TG Retail/Specialty Pharmacy | 6/27/2023 | $6.17 |

The total of Ms. LaRocque's above medical expenses necessitated by the impact with Defendant Fred Meyer's cart is $316,858.49. (Johnson Decl., ¶¶ 6-7; Ex, 2, 3, 4).

Ms. LaRocque's orthopedic surgeon and lifecare planenr experts establish that the treatment Ms. LaRocque was necessary and appropriate and that the charges associated with her care were reasonable. (*See* Rolfe Decl. and attached reports; Johnson Decl. and attached reports).

"If a plaintiff presents enough evidence establishing the reasonableness and necessity of their medical treatment and expenses, and the defendant submits "no evidence to call the treatment into question," the reasonableness and necessity of the plaintiff's medical care are not a matter of legitimate dispute." *Woessner v. Home Depot USA, Inc.,* No. 2:22-CV-00275-JHC, 2023 WL 3293059, at *6 (W.D. Wash. May 5, 2023 (quoting *Palmer v. Jensen*, 937 P.2d 597, 600-601 (1997) (finding summary judgment is appropriate on the issue of necessity and reasonableness of medical treatment and expenses because no genuine issue of material fact could exist for trial).

Here, Defendants did not timely disclose expert testimony contesting the reasonableness of Ms. LaRocque's medical treatment costs. (ECF 62 at ¶ 14). Therefore, Defendants cannot produce any expert evidence that could create a factual dispute on this issue.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Because it is undisputable that Ms. LaRocque's medical expenses were reasonable, Ms. LaRocque is entitled to partial summary judgment on the issue that her medical expenses amounting to $316,858.49 were reasonable costs for her medical treatment.

## IV.    CONCLUSION

No genuine dispute of material fact can exist because the only admissible expert testimony establishes that (1) Ms. LaRocque's medical treatment for her injuries, as set forth in Dr. Rolfe's declaration and his expert reports, was necessary; and (2) the $316,858.49 cost of the medical treatment was reasonable. Partial summary judgment should be granted on these narrow issues and the case proceed to trial on the issues of liability, the necessity and cost of any future related treatment, and the amount of general damages.

Counsel certifies that this memorandum contains 2,745 words, in compliance with the Local Civil Rules.

Dated this 8th day of June, 2026.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Ms. LaRocque

[4871-5472-8598]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

# DECLARATION OF SERVICE

I hereby declare that on June 8, 2026, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

| | |
|---|---|
| John R. Barhoum, WSBA #42776<br>Sarah Tuthill-Kveton, WSBA #51801<br>Hanna R. Lukes, WSBA #62610<br>Chock Barhoum LLP<br>121 SW Morrison Street, Suite 500<br>Portland, OR 97204<br>john.barhoum@chockbarhoum.com<br>sarah@chockbarhoum.com<br>hanna.lukes@chockbarhoum.com<br>michelle.heilbrun@chockbarhoum.com<br>devon.haggart@chockbarhoum.com<br>e-service@chockbarhoum.com | ☐ Via Legal Messenger<br>☐ Via U.S. Mail<br>☒ Via CM/ECF E-Filing<br>☒ Via Email |
| Francis S. Floyd, WSBA No. 10642<br>Skyler P. Urban, WSBA No. 58761<br>Floyd, Pflueger, Kearns, Nedderman, & Gress, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>ffloyd@nwtrialattorneys.com<br>surban@nwtrialattorneys.com<br>ecampbell@nwtrialattorneys.com<br>skatinas@nwtrialattorneys.com | ☐ Via Legal Messenger<br>☐ Via U.S. Mail<br>☒ Via CM/ECF E-Filing<br>☒ Via Email |

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Sarah M. Weger, Legal Assistant
sweger@gth-law.com

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565