IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>Defendants. | Civil Case No. 3:25-cv-05380-TMC<br><br>**DEFENDANT THE KROGER CO. AND FRED MEYER STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES** |

## I.    INTRODUCTION AND RELIEF REQUESTED

COME NOW Defendants The Kroger Co. and Fred Meyer Stores, Inc. (hereinafter collectively "FMS") respectfully request that the Court DENY the Plaintiff's motion because there is competent evidence which rebuts the findings of Plaintiff's expert, Dr. Bruce Rolfe. The only basis for the Plaintiff's motion is the unknown outcome of a motion to exclude which is still pending before the Court.

## II.    FACTUAL SUMMARY

This case arises from a claimed injury at a Fred Meyer location in Tacoma, Washington when the Plaintiff alleges that she injured her knee when a wheel lock stopped her cart. *See*

DEFENDANT THE KROGER CO. AND FRED MEYER STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES - 1
KRO224.0010                                    3:25-cv-05380-TMC

*Plaintiff's Complaint*. Plaintiff underwent a knee surgery following this event and claims that it was necessitated by the events of the accident. *See Plaintiff's Motion, p. 3*. Defendant FMS vehemently disagrees with this position and retained Dr. Alan Brown, M.D., J.D., to review the records of the Plaintiff's treatment and opine as to the reasonableness, necessity and causal relationship between the incident and the subsequent alleged injuries. *See Declaration of Alan Brown, M.D., J.D.* Dr. Brown's opinions were provided to Plaintiff's counsel on the day of the deadline to disclose, May 8, 2026. *Declaration of Samuel ben Behar, Exhibit A* - Email to counsel re: Supplemental Disclosure with Report of Dr. Alan Brown, M.D., J.D., May 8, 2026.

Plaintiff then filed a motion to exclude the testimony of Dr. Brown and Dr. Manuel Meza-Arroyo on the grounds that they were not "timely disclosed." *See Court's Docket*. FMS has filed a response to that motion arguing against the granting of that motion given that disclosures on the grounds that disclosing on the day of a deadline is not an "untimely" disclosure. *See FMS' Response to Plaintiff's Pending Motion to Exclude*. The Court should note for both this motion and the pending motion to exclude that Plaintiff herself filed this motion on the day of the deadline for dispositive motions – **June 8, 2026**.

### A. <u>Dr. Alan Brown</u>

Dr. Brown opines that the Plaintiff had major problems before injury including a very severe complication from knee replacement. *Id* at ¶ 7. He opines that the Plaintiff's extensor muscles were already failing and that there was no fracture of the Plaintiff's patella from the cart accident. *Id* at ¶ 8, 9. A patellar fracture would have caused severe immediate pain and would have caused the Plaintiff to drop to the floor. *Id* at ¶ 10. Further, although the Plaintiff's medical records reflect complaints of left knee pain, sit-to-stand would be impossible if extensor had failed, and her records indicate she was able to perform sit-to-stand without great difficulty. *Id* at ¶ 11. Ultimately, Dr. Brown opines that from an orthopedic stance, there is no mechanism of injury which could have caused any of the Plaintiff's claimed injuries and that her patellar fracture was likely from her previous surgery when the surgeon drilled into her patella. *Id* at ¶ 12.

### B. <u>Dr. Brown's Opinions on Dr. Rolfe's Report and Declaration</u>

DEFENDANT THE KROGER CO. AND FRED MEYER STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES - 2
KRO224.0010                                                    3:25-cv-05380-TMC

Dr. Brown reviewed the report of Plaintiff's expert, Dr. Bruce Rolfe. *Id* at ℙ 13. Dr. Brown disagrees with several of the findings in Dr. Rolfe's report and his accompanying declaration. *Id*.

- Dr. Brown opines that based on the records, Dr. Rolfe does not reconcile the fact that there is no reasonable mechanism of injury for a patellar fracture and patellar tendon disruption and that Dr. Rolfe's causation opinion appears to be based solely on the Plaintiff's retelling of events and the Plaintiff's own conclusion that her patellar tendon disruption was from the shopping cart and the Plaintiff's voluminous records which do not support such a finding. *Brown Dec* at ℙ 14.

- Next, Dr. Brown opines that Dr. Rolfe's declaration states he bases his opinions, in part, on PA-C Alexandria Bones' May 9, 2023 clinic note that the patellar tendon disruption was "confirmed" to have been caused by the incident but the note from Ms. Bones on May 9, 2023 does not confirm anything of the sort. *Id* at ℙ 15.

- Then, Dr. Brown notes that Dr. Rolfe also bases his conclusions, in part, on the imaging studies from May 9, 2023. But the radiologist reading from this imaging study specifically notes that there is a need for clinical correlation between the radiographic findings and her complaints. This is not a "confirmation" of her injuries being related to the incident in question. *Id* at ℙ 16

- Dr. Rolfe also concludes that the Plaintiff's patella shifted as a result of the incident but Plaintiff herself stated that she had fallen on April 19, 2023 and heard a "pop" and she "took a knee." Plaintiff also reported on April 19, 2023 "that it felt like a shift in her knee and she had difficulty initially [weight bearing]." Dr. Rolfe does not even discuss this as a possible cause of the patellar shift. *Id* at ℙ 17.

- Dr. Rolfe's statement that the Plaintiff's pre-operative evaluation for her patellar tendon repair showed that Plaintiff was healing "uneventfully" and that the patellar tendon was ruptured from the incident. Dr. Brown opines that this statement is also incorrect as Plaintiff had "eventfully" injured herself before the shopping cart on April 19, 2023 when she fell, "heard a pop....[and] took a knee." Dr. Brown also notes that

DEFENDANT THE KROGER CO. AND FRED MEYER STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES - 3
KRO224.0010                                                              3:25-cv-05380-TMC

that Plaintiff testified in her deposition that at the time of the shopping cart incident she was still wearing a knee brace. *Id* at ⁋ 18.

### III.  <u>ARGUMENT</u>

A.  <u>*Summary Judgment Standard, Generally*</u>

Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 211-12 (1986). In ruling on a motion for summary judgment, a district court must credit the evidence of the nonmoving party. *Id* at 255. That is, while the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs. *Id*. It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id* quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968).

B.  <u>*Conflicting Competent Expert Testimony Should Preclude Summary Judgment*</u>

Plaintiff's motion must fail as to the necessity and reasonableness of Plaintiff's medical treatment because where there is competing competent evidence as to the issue, the Court should not find as a matter of law that reasonable minds could not reach different conclusions.

Expert opinion evidence is itself sufficient to create a genuine issue of disputed fact sufficient to defeat a summary judgment motion. *Thomas v. Newton Int'l Enters*., 42 F.3d 1266, 1270 (9th Cir. 1994) quoting *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1317-1318 (9th Cir. 1985). See also *Maffei v. Northern Ins. Co.*, 12 F.3d 892, 897 (9th Cir. 1993). Detailed inquiry into the facts and data underlying an expert's opinion is reserved for cross-examination at trial, and is inappropriate at the summary judgment stage. *Bieghler v. Kleppe*, 633 F.2d 531, 533-34 (9th Cir. 1980). A district court may not reject properly supported expert opinion offered in opposition to summary

DEFENDANT THE KROGER CO. AND FRED MEYER STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES - 4
KRO224.0010                                      3:25-cv-05380-TMC

judgment unless that opinion is unreasonable in light of "indisputable record facts." *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1436 (9th Cir. 1995).

Plaintiff's entire motion is predicated on there being no competent rebuttal to Dr. Rolfe's report but this is an incorrect reliance. He relies wrongly throughout the motion on the assertion that Defendants' experts were not disclosed in accordance with the Court's order. *See* Plaintiff's motion p. 7, 10. This is not the case, as Plaintiff's motion has yet to be ruled on[1].

Dr. Brown, who is undoubtedly a qualified witness, has provided a declaration in opposition to the evidence presented Plaintiff's current motion which provides not only his opinions which were relayed in the report sent to Plaintiff on May 8, 2026, but also explains the factual basis for these opinions, as required by the law. See *Brown Dec*; See also *Bulthuis* at 1317. It should be noted that in this motion, Plaintiff wrongfully attempts to use her vocational expert Cloie Johnson to opine that the treatment was reasonable and necessary but she does not have the requisite experience, training, or the ability to give an opinion on whether medical treatment was necessary or related to an incident. In fact, during her depositions she testified that she would not be giving any such testimony. *Declaration of Samuel ben Behar,* Exhibit B – *Excerpts from the Deposition of Cloie Johnson*, p. 16; lns. 1-7. Given the law on witnesses being required to be qualified to give opinions and Johnson's own testimony, the Court should dismiss this argument out of hand.

Therefore, because Dr. Brown's opinions are supported by sufficient facts to support those opinions, a genuine issue of material fact remains as to the reasonableness, necessity, and causal relationship between the incident and the Plaintiff's injuries. As such, the Court should deny the Plaintiff's motion as to these issues.

---

[1] Defendant's position is that their expert's report was timely disclosed, but even if the Court finds Plaintiff's reasoning compelling, exclusion of Defendant's expert constitutes a reversible error. Where a Rule 37(c)(1) sanction will "'deal a fatal blow' to a party's claim—as a prohibition on the presentation expert testimony disputing causation of an injury would do here—a district court must consider (1) whether the claimed noncompliance involved willfulness, fault, or bad faith and (2) the availability of lesser sanctions. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 736 (9th Cir. 2021). To guide the harmlessness inquiry, district courts look to several factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Co. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017)). Here, there is no evidence of prejudice or surprise, the prejudice has already been cured, trial will not be disrupted, and there is no evidence of willfulness or bad faith. As such, exclusion of Defendant's expert would likely be considered an abuse of discretion.

DEFENDANT THE KROGER CO. AND FRED MEYER STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES - 5
KRO224.0010                                          3:25-cv-05380-TMC

*C. Reasonableness of Costs*

Defendants do not contest the reasonableness of the costs of the treatments themselves as being appropriate for the geographic area. However, Defendants adamantly contest that any of the treatment whatsoever was related to this incident.

## IV.    CONCLUSION

In conclusion, the Court should DENY the Plaintiff's motion as to the reasonableness, necessity and causation between the incident and Plaintiff's injuries on the grounds that competent evidence exists to rebut the findings of Dr. Rolfe.

Dated this 29th day of June, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
  Attorneys for Defendant The Kroger Co. and Fred
  Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE, | Civil Case No. 3:25-cv-05380-TMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state | |
| Defendants. | |

I hereby certify that on this 29th day of June, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANT THE KROGER CO. AND FRED MEYER STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION OF INJURIES, NECESSITY OF MEDICAL TREATMENT, AND REASONABLENESS OF MEDICAL EXPENSES** was served as stated below on:

/ / /

/ / /

CERTIFICATE OF SERVICE
KRO224.0010                                                                3:25-cv-05380-TMC

| Robert C. Wilke<br>Gordon Thomas Honeywell, LLP<br>1201 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402<br>　　　Attorneys for *Plaintiff* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>　　Fax #: (253) 620-6565<br><br>X By e-mail:<br>　rwilke@gth-law.com<br>　ileifer@gth-law.com<br>　sishii-huffer@gth-law.com<br>　sweger@gth-law.com<br>X By court eFiling Application to the<br>　extent registered |
|---|---|
| Francis S. Floyd<br>Floyd Pflueger, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>　　　Attorneys for *Defendant* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>　　Fax #: (206) 441-8484<br>X By e-mail:<br>　ffloyd@nwtrialattorneys.com<br>　surban@nwtrialattorneys.com<br>　ecampbell@nwtrialattorneys.com<br>　skatinas@nwtrialattorneys.com<br>X By court eFiling Application to the<br>　extent registered |

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 29th day of June, 2026.

CHOCK BARHOUM LLP

_____
Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
　　　Attorneys for Defendant The Kroger Co. and Fred
　　　Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer