UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>              Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>              Defendants. | NO. 3:25-cv-05380<br><br>PLATINTIFF LINDA LAROCQUE'S REPLY IN SUPPORT OF HER PARTIAL MOTION FOR SUMMARY JUDGMENT ON NECESSITY OF MEDICAL TREATMENT AND REASONABLENESS OF MEDICAL EXPENSES<br><br><br>ORAL ARGUMENT REQUESTED<br><br>NOTED: JULY 6, 2026 |

## I.    REPLY

In opposing Ms. LaRocque's motion for partial summary judgment, Fred Meyer Defendants essentially concede that expert testimony is required to establish or contest the necessity of medical treatment. Notably, Fred Meyer Defendants do not dispute the reasonableness of Ms. LaRocque's medical charges. (ECF 119 at p. 6). Fred Meyer Defendants instead argue that because the Court has not yet ruled on Ms. LaRocque's earlier-filed motion to exclude Fred Meyer Defendants' untimely disclosed experts, there is

PLTF'S REPLY ISO HER PARTIAL MSJ - 1 of 5
[4871-5472-8598]

sufficient evidence to contest the necessity of Ms. LaRocque's medical treatment for her injuries. (*See* ECF 94, May 12, 2026 Motion to Exclude Fred Meyer Defendants' Untimely Disclosed Experts).

However, Fred Meyer Defendants tacitly acknowledge that if the Court grants Ms. LaRocque's motion to exclude their untimely disclosed experts, Ms. LaRocque's motion for partial summary judgment should be granted. The Court should exclude Fred Meyer Defendants' untimely disclosed experts and grant her motion for partial summary judgment on the necessity of medical treatment and the reasonableness of medical charges.

Gatekeeper does not offer any expert testimony to challenge Ms. LaRocque's orthopedic surgeon's testimony that Ms. Larocque's medical treatment was necessitated by her injury or Ms. LaRocque's lifecare planner's testimony that her medical charges were reasonable.

Instead, Gatekeeper offers its own lay opinion of Ms. LaRocque's medical records to assert that some or all of her treatment was not necessitated by her injury. This unsupported speculation does not create a question of fact. Gatekeeper fails to offer any evidence that calls the necessity of Ms. LaRocque's medical treatment into question. *See Woessner v. Home Depot USA, Inc.*, No. 2:22-CV-00275-JHC, 2023 WL 3293059, at *6 (W.D. Wash. May 5, 2023) (granting summary judgment on the reasonableness and necessity of the plaintiff's medical treatment and expenses because Defendant had not supplied expert testimony to refute Plaintiff's expert's opinion); *Wiggins v. Lyft, Inc.*, No. C24-1440 MJP, 2025 WL 2242547, at *2 (W.D. Wash. Aug. 6, 2025) (finding summary judgment on the issue of the reasonableness and necessity of medical expenses and treatment appropriate because defendants did not provide expert opinions that disputed

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

plaintiff's expert opinions); *see also Farrakhan v. Gregoire*, 590 F.3d 989, 1002 (9th Cir. 2010) (concluding trial court's granting of summary judgment was appropriate, in part, because the defendants merely raised questions about the plaintiff's expert's reports, but failed to support those questions by affidavit or counter-experts). Gatekeeper's mere speculation is insufficient to create a question of fact as to whether Ms. LaRocque's medical treatment was medically necessary.

Here, Ms. LaRocque's related medical treatment history is straightforward. (ECF 116-4; 116-5; 116-6; 116-7). Ms. LaRocque had knee surgery prior to the shopping cart incident. (*Id.*; ECF 116; 116-2; 116-3). Ms. LaRocque did not have a patella fracture before or after the initial surgery. (*Id.*). Shortly after Ms. LaRocque struck her knee on the shopping cart, Ms. LaRocque went to her medical provider who documented a patella fracture. (*Id.*). Ms. LaRocque had two subsequent surgeries to treat the patella fracture. (*Id.*). Dr. Rolfe opines that Ms. LaRocque's patella fracture necessitated two subsequent surgeries and related treatment. (ECF 116; 116-2; 116-3). Gatekeeper does not offer any expert medical testimony to challenge Dr. Rolfe's opinions. For that reason alone Ms. LaRocque's motion for partial summary judgment should be granted.

Moreover, Gatekeeper conflates two distinct concepts: (1) whether the medical treatment for plaintiff's injury was medically necessary; and (2) whether the defendants' fault was a cause of the injury itself. Here, Ms. LaRocque does not seek partial summary judgment on the issues of liability. She is not asking this Court to grant partial summary judgment as to whether Defendants' negligence or violation of the WPLA were a cause of Ms. LaRocque's injury.[1] Instead. Ms. LaRocque asks this Court to find, as a matter of law,

---

[1] The caption of Ms. LaRocque's initial moving brief, ECF 112, incorrectly states "Plaintiff Linda LaRocque's Partial Motion for Summary Judgment on *Causation of Injuries*, Necessity of Medical Treatment, and Reasonableness of Medical Expenses." (emphasis added). As set forth in the original motion, Ms. LaRocque is not seeking partial summary judgment on the issue of causation.

PLTF'S REPLY ISO HER PARTIAL MSJ - 3 of 5
[4871-5472-8598]

that Ms. LaRocque's medical treatment for her patella fracture was necessary and the medical charges for that medical treatment were reasonable.

Because there is no expert testimony or other competent, admissible evidence to challenge the necessity of Ms. LaRocque's medical treatment or the reasonableness of her medical charges, the Court should grant Ms. LaRocque's motion for partial summary judgment.

Counsel certifies that this memorandum contains 739 words, in compliance with the Local Civil Rules.

Dated this 6th day of July, 2026.

GORDON THOMAS HONEYWELL LLP

By _____
Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Ms. LaRocque

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

# DECLARATION OF SERVICE

I hereby declare that on July 6, 2026, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

| John R. Barhoum, WSBA #42776 | | |
| Sarah Tuthill-Kveton, WSBA #51801 | ☐ | Via Legal Messenger |
| Hanna R. Lukes, WSBA #62610 | ☐ | Via U.S. Mail |
| Chock Barhoum LLP | ☒ | Via CM/ECF E-Filing |
| 121 SW Morrison Street, Suite 500 | ☒ | Via Email |
| Portland, OR 97204 | | |

john.barhoum@chockbarhoum.com
sarah@chockbarhoum.com
hanna.lukes@chockbarhoum.com
michelle.heilbrun@chockbarhoum.com
devon.haggart@chockbarhoum.com
e-service@chockbarhoum.com

| Francis S. Floyd, WSBA No. 10642 | ☐ | Via Legal Messenger |
| Skyler P. Urban, WSBA No. 58761 | ☐ | Via U.S. Mail |
| Floyd, Pflueger, Kearns, Nedderman, & Gress, P.S. | ☒ | Via CM/ECF E-Filing |
| 3101 Western Avenue, Suite 400 | ☒ | Via Email |
| Seattle, WA 98121 | | |

ffloyd@nwtrialattorneys.com
surban@nwtrialattorneys.com
ecampbell@nwtrialattorneys.com
skatinas@nwtrialattorneys.com

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

/s/ Christine L. Scheall
Christine L. Scheall
Paralegal
cscheall@gth-law.com

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565