Honorable Tiffany M. Cartwright

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>Defendant. | Civil Case No. 3:25-cv-05380-TMC<br><br>**DEFENDANTS KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER** |

## I. INTRODUCTION AND RELIEF REQUESTED

COME NOW Defendants Kroger Co. and Fred Meyer Stores, Inc. (hereinafter collectively "Kroger") by and through its counsel of record and respectfully request that the Court grant it leave to amend its answer by adding Mr. Steven Larocque, the Plaintiff's husband, to the language of the affirmative defense of fault of others.

/ / /

/ / /

/ / /

/ / /

/ / /

## II. FACTUAL SUMMARY

The deposition of Mr. Steven Larocque was taken by the Defendants in September, 2025. *Declaration of Samuel ben Behar*, Exhibit A – Excerpts of Deposition of Steven Larocque, *throughout*, dated September 11, 2025. In his deposition, Mr. Larocque testified that:

> was busy, so we said, "Let's just go," so we went to
> leave. And so as we were leaving walking out the
> front door I'm right behind her and as she got to
> that part, the cart locked up. She stopped and said

> "Ow," and I bumped into her because I was right
> behind her. She -- I go, "What's wrong? What's
> wrong?" She goes, "The cart, it stopped, and I hit
> my knee." And I said, "What?" and I looked at her

*Behar Dec*, Exhibit A at pp. 13-14: lns. 23-25; 1-3.

> Q. How hard did you hit Ms. Larocque when you
> ran into her?
> A. Not that hard, just like a slight touch
> bump because, you know, she stopped all of a sudden.
> I did not slam into her. It was just like a bump.
> Q. Did you -- like, did you brace yourself
> with your hands?
> A. No.
> Q. What part of --
> A. I just -- I just, like, walked into her
> with me, you know, my body (indicating).

*Behar Dec*, Exhibit A at p. 20: lns. 13-23.

The language of the affirmative defense in Kroger's answer already encompasses damages and injuries "due to the fault of other third parties over whom Defendants had no control and are not responsible, **including but not limited to**: Plaintiff, herself, and Gatekeeper Systems." *Behar Dec*, Exhibit B – Defendant Kroger's Answer. Mr. Larocque is already part of "including but not limited to" but Kroger seeks to clarify this further to avoid confusion.

## III. SUMMARY OF ISSUES

A. Should the Court allow for the amendment of the answer to add Mr. Larocque's name specifically even though he is already named through the language of the affirmative defense? ***YES*.**

## IV. EVIDENCE RELIED UPON

A. The Declaration of Samuel ben Behar and attached exhibits thereto.

## V. ARGUMENT

When a party seeks to amend its pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The court considers five factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Not all factors merit equal weight," and the Court must assess "[p]rejudice [as] the touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052 (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

As prejudice is the "touchstone" of the inquiry, the Court should grant this motion due to the total lack of prejudice. A party would be prejudiced if they were not present at the deposition and/or did not have the opportunity to ask Mr. Larocque about his statements regarding his part in the causation analysis. In this case, all parties had an opportunity to examine Mr. Larocque during his deposition including the opportunity to ask additional questions about his testimony. Additionally, Mr. Larocque is the husband of the Plaintiff and due to this, the Plaintiff would have unfettered access to Mr. Larocque to inquire about his testimony more than any other fact witness. The Plaintiff cannot claim prejudice in her ability to explore these issues when she is with the witness every single day.

The remainder of the *Foman* factors are not present here. The requested amendment is not made in bad faith, it is simply made to clarify the language of an affirmative defense; it is not due to dilatory conduct, as the original language had already included Mr. Larocque through the catch-all language of the defense and the request here is brought to clean up the language before trial; the amendment is not futile, as the clarification of the specific parties to whom fault may be attributed works to help all parties understand the claims and defenses; and there have been no additional requests for amendments aside from this one.

## VI. CONCLUSION

The US Supreme Court has made it very clear that Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; and this mandate is to be heeded. *Foman* at 182. The lack of prejudice is reason enough for the Court to grant leave to amend the answer to the complaint, but the other *Foman* factors also balance toward the Court granting the request. As such, the Court should grant this motion. A copy of the proposed answer is attached hereto.

Dated this 10th day of August, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
Attorneys for Defendants Kroger and Fred Meyer

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LINDA LAROCQUE,<br>Plaintiff,<br>v.<br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br>Defendants. | Civil Case No. 3:25-cv-05380-TMC<br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this 10th day of August, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANTS KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER** was served as stated below on:

| | |
|---|---|
| Robert C. Wilke<br>Gordon Thomas Honeywell, LLP<br>1201 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402<br>Attorneys for *Plaintiff* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>Fax #: (253) 620-6565<br>☒ By e-mail:<br>rwilke@gth-law.com |

Francis S. Floyd
Floyd Pflueger, P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121
Attorneys for *Defendant Gatekeeper Systems, Inc.*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
Fax #: (206) 441-8484
☒ By e-mail:
ffloyd@nwtrialattorneys.com

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 10th day of August, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
Attorneys for Defendants Kroger and Fred Meyer