IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER,<br><br>Defendant. | Civil Case No. 3:25-cv-05380-MJP<br><br>**PROPOSED DEFENDANTS' *1ST AMENDED* ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

In answer to Plaintiff's First Amended Complaint (hereafter referred to as "Plaintiff's Complaint"), Defendants The Kroger Co. and Fred Meyer Stores, Inc. (hereafter referred to as "Defendants"), by and through its attorneys of record, hereby admits, denies and alleges as follows. Defendants deny each and every allegation contained in Plaintiff's First Amended Complaint except as expressly admitted herein.

## I. IDENTIFICATION OF THE PARTIES

1. Admit.

2. Admit.

3. Admit.

4. The allegations in Paragraph 4 of Plaintiff's Complaint are directed at a party other

than Defendants, and therefore, no response is required. To the extent a response is required Defendants' admit.

## II. BACKGROUND

5. Defendants lack information or belief to admit or deny the allegations in Paragraph 5, and therefore, deny.

6. Defendants lack information or belief to admit or deny the allegations in Paragraph 6, and therefore, deny.

7. Defendants lack information or belief to admit or deny the allegations in Paragraph 7, and therefore, deny.

8. Defendants lack information or belief to admit or deny the allegations in Paragraph 8 and therefore, deny.

9. Defendants lack information or belief to admit or deny the allegations in Paragraph 9, and therefore, deny.

10. Defendants lack information or belief to admit or deny the allegations in Paragraph 10, and therefore, deny.

11. Defendants lack information or belief to admit or deny the allegations in Paragraph 11, and therefore, deny.

12. Defendants lack information or belief to admit or deny the allegations in Paragraph 12, and therefore, deny.

13. Defendants lack information or belief to admit or deny the allegations in Paragraph 13, and therefore, deny.

14. Defendants lack information or belief to admit or deny the allegations in Paragraph 14, and therefore, deny.

15. Defendants lack information or belief to admit or deny the allegations in Paragraph 15, and therefore, deny.

16. Defendants lack information or belief to admit or deny the allegations related to whether Plaintiff was referred to physical therapy in paragraph 16, and therefore, deny. Defendants lack information or belief to admit or deny the allegations in Paragraph 17 related to imaging

performed on June 2, 2023. Defendants deny that her patella shifted when her knee came into contact with the shopping cart, thus requiring a second surgery, and therefore, deny.

17. Defendants lack information or belief to admit or deny the allegations in Paragraph 18 related to Ms. Laroque's Pre-Op Evaluation for her second surgery and whether or not she was healing uneventfully. Defendant denies that the incident with the shopping cart ruptured her patella tendon.

18. Defendants lack information or belief to admit or deny the allegations related to her left knee repair surgery on June 26, 2023 in Paragraph 19 of Plaintiff's Complaint and therefore deny. Defendants specifically deny that the surgery was due to injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

19. Defendants lack information or belief to admit or deny the allegations related to Plaintiff's third knee surgery on December 4, 2023, including removal and replacement of the original knee hardware in Plaintiff's Complaint, and therefore denies. Defendants specifically deny that Plaintiff's third knee surgery was due to injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

## FIRST CAUSE OF ACTION: NEGLIGENCE

20. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 21 of Plaintiff's Complaint.

21. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 22 of Plaintiff's Complaint.

22. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 23 of Plaintiff's Complaint.

23. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 24 of Plaintiff's Complaint.

24. Deny.

25. Deny.

26. Deny.

27. Defendants admit that Gatekeeper Systems, Inc. owes a duty imparted by law regarding the anti theft shopping cart locking system. Defendants deny the remainder of the allegations in paragraph 28 of Plaintiff's Complaint.

28. Defendants admit that Gatekeeper Systems, Inc. owes a duty imparted by law regarding the anti theft shopping cart locking system. Defendants deny the remainder of the allegations in paragraph 29 of Plaintiff's Complaint.

29. Deny.

30. Deny

31. Deny.

32. Deny.

33. The allegations in paragraphs 34 through 41 are directed at a party other than Defendants, and therefore, no response is required. To the extent that a response is required, and out of an abundance of caution, Defendants deny.

Defendants deny Plaintiff's prayer for relief in its entirety, including subparagraphs, 1, 2, 3, and 4.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations in Plaintiff's Complaint, Defendants assert the following affirmative defenses.

1. **Fault of Others.** Plaintiff's damages, if any, are due to the fault of other third parties over whom Defendants had no control and are not responsible, including, but not limited to: Plaintiff herself, Mr. Steven Larocque, and/or Gatekeeper Systems. Defendants are entitled to indemnification from those entities to the extent Plaintiff is found to be entitled to damages against Defendants, and Defendants liability, if any, shall be compared with the fault of each and every other party who is found liable or at fault.

/ / /

/ / /

2. **Failure to Mitigate.** Plaintiff has failed to mitigate Plaintiff's injuries and damages, if any.

3. **Offset.** Defendants are entitled to an offset for any advance payment of funds toward payment of Plaintiff's expenses, or other related damages.

4. **Right to Amend**. Defendants reserve the right to amend their pleadings to assert other affirmative defenses as discovery may show to be appropriate.

5. **Comparative Fault.** Plaintiff's damages, if any, were caused by Plaintiff's own fault or negligence.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend this answer or modify Defendants' affirmative defenses as the facts of the case unfold in discovery.

WHEREFORE, Defendants pray for judgment in Defendants' favor, for Defendants' costs and disbursements incurred herein and for any other such relief as the court deems equitable, just and proper.

Dated this ____ day of __________________, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
Attorney for Defendants The Kroger Co. and Fred Meyer Stores, Inc.

DATED THIS ____ DAY OF __________________, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorney for Defendants The Kroger Co. and Fred Meyer Stores, Inc.