IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER,<br><br>Defendant. | Civil Case No. 3:25-cv-05380-MJP<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

In answer to Plaintiff's Complaint, Defendants The Kroger Co. and Fred Meyer Stores, Inc. (hereafter referred to as "Defendants"), by and through its attorneys of record, hereby admits, denies and alleges as follows. Defendants deny each and every allegation contained in Plaintiff's Complaint except as expressly admitted herein.

## I. IDENTIFICATION OF THE PARTIES

1. Admit.

**2.** Admit.

**3.** Admit.

/ / /

/ / /

/ / /

## II. BACKGROUND

4. Defendants lack information or belief to admit or deny the allegations in Paragraph 4, and therefore, deny.

5. Defendants lack information or belief to admit or deny the allegations in Paragraph 5, and therefore, deny.

6. Defendants lack information or belief to admit or deny the allegations in Paragraph 6, and therefore, deny.

7. Defendants lack information or belief to admit or deny the allegations in Paragraph 7 and therefore, deny.

8. Defendants lack information or belief to admit or deny the allegations in Paragraph 8, and therefore, deny.

9. Defendants lack information or belief to admit or deny the allegations in Paragraph 9, and therefore, deny.

10. Defendants lack information or belief to admit or deny the allegations in Paragraph 10, and therefore, deny.

11. Defendants lack information or belief to admit or deny the allegations in Paragraph 11, and therefore, deny.

12. Defendants lack information or belief to admit or deny the allegations in Paragraph 12, and therefore, deny.

13. Defendants lack information or belief to admit or deny the allegations in Paragraph 13, and therefore, deny.

14. Defendants lack information or belief to admit or deny the allegations in Paragraph 14, and therefore, deny.

15. Defendants lack information or belief to admit or deny the allegations related to whether imaging studies were done on her knee in Paragraph 15, and therefore, deny. Defendants deny that her patella shifted when her knee came into contact with the shopping cart, thus requiring a second surgery.

/ / /

16. Defendants lack information or belief to admit or deny the allegations in Paragraph 16, and therefore, deny.

17. Defendants lack information or belief to admit or deny the allegations related to her left knee repair surgery on June 26, 2023 in Paragraph 17 of Plaintiff's Complaint and therefore deny. Defendants specifically deny that the surgery was due to injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

18. Defendants lack information or belief to admit or deny the allegations related to Plaintiff's third knee surgery on December 4, 2023, including removal and replacement of the original knee hardware in Plaintiff's Complaint, and therefore denies. Defendants specifically deny that Plaintiff's third knee surgery was due to injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

## III. FIRST CAUSE OF ACTION: NEGLIGENCE

19. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that it owes a duty imparted by law. Defendants deny that the duty owed is as stated by Plaintiff, and denies the remainder of the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

Defendants deny Plaintiff's prayer for relief in its entirety, including subparagraphs, 1, 2, 3, and 4.

## IV. AFFIRMATIVE DEFENSES

Having fully answered the allegations in Plaintiff's Complaint, Defendants assert the following affirmative defenses.

**1. Fault of Others.** Plaintiff's damages, if any, are due to the fault of other third parties over whom Defendants had no control and are not responsible, including, but not limited to: Plaintiff, herself, and Gatekeeper Systems. Defendants are entitled to indemnification from those entities to the extent Plaintiff is found to be entitled to damages against Defendants, and Defendants liability, if any, shall be compared with the fault of each and every other party who is found liable or at fault.

**2. Failure to Mitigate.** Plaintiff has failed to mitigate Plaintiff's injuries and damages, if any.

**3. Offset.** Defendants are entitled to an offset for any advance payment of funds toward payment of Plaintiff's expenses, or other related damages.

**4. Right to Amend**. Defendants reserve the right to amend their pleadings to assert other affirmative defenses as discovery may show to be appropriate.

**5. Comparative Fault.** Plaintiff's damages, if any, were caused by Plaintiff's own fault or negligence.

/ / /

/ / /

/ / /

/ / /

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend this answer or modify Defendants' affirmative defenses as the facts of the case unfold in discovery.

WHEREFORE, Defendants pray for judgment in Defendants' favor, for Defendants' costs and disbursements incurred herein and for any other such relief as the court deems equitable, just and proper.

Dated this 13th day of May 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA No. 42776
Email: john.barhoum@chockbarhoum.com
Attorney for Defendants

Dated this 13th day of May, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER,<br><br>Defendants. | Civil Case No. 3:25-cv-05380-MJP<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on the 13th day of May, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

/ / /

/ / /

/ / /

/ / /

/ / /

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was served as stated below on:

| | |
|---|---|
| Robert C. Wilke<br>Gordon Thomas Honeywell, LLP<br>1201 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402<br>*Attorneys for Plaintiff* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>☐ Fax #: (253) 620-6565<br>☒ By e-mail:<br>rwilke@gth-law.com<br>ileifer@gth-law.com<br>sishii-huffer@gth-law.com<br>sweger@gth-law.com<br>☒ By court eFiling Application |

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 13th day of May 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA No. 42776
Email: john.barhoum@chockbarhoum.com
Attorney for Defendants

Dated this 13th day of May, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorney for Defendants