HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER; GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state

Defendants.

NO. 3:25-cv-05380

PLAINTIFF LINDA LAROCQUE'S OPPOSITION TO DEFENDANTS KROGER CO. AND FRED MEYER STORES, INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER

NOTED: AUGUST 31, 2026

## I. INTRODUCTION

On the eve of trial and nearly nine months after the deadline to amend pleadings, Fred Meyer Defendants now move to amend their answer to the complaint to assert a specific non-party is at fault. Specifically, Fred Meyer Defendants seek leave to identify Ms. LaRocque's husband, Steven LaRocque, as an at-fault third party. Fred Meyer Defendants' untimely request to amend its answer comes more than eight months after the deadline to amend pleadings, after the close of discovery, after the dispositive motion



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

deadline, after Fred Meyer Defendants' motion for summary judgment was denied, and less than two months before trial. Fred Meyer Defendant offers no reasonable excuse for their undue delay in asserting the affirmative defense that Mr. LaRocque is at fault for Ms. LaRocque's injuries.

Fred Meyer Defendants' motion also omits that Ms. LaRocque conducted discovery on non-party fault to avoid precisely this scenario, an empty chair. Ms. LaRocque served discovery at the outset of this case asking Fred Meyer Defendants to identify all non-parties it alleges were at fault for Ms. LaRocque's injuries or damages. In response to that discovery, Fred Meyer Defendants only identified Defendant Gatekeeper Systems, which is what precipitated Ms. LaRocque moving to amend her complaint to name Gatekeeper as a defendant.

Fred Meyer Defendants' motion to amend is not based on new information. Steven LaRocque was deposed on September 11, 2025, three months before the December 15, 2025 deadline to amend pleadings. Fred Meyer Defendants generally supplemented their discovery responses to Ms. LaRocque's initial discovery requests six times, including *after* Steven LaRocque's deposition. However, Fred Meyer Defendants never supplemented their discovery responses to the specific interrogatory asking it to identify all non-parties it asserts were at fault for Ms. LaRocque's injuries.

If Fred Meyer Defendants are permitted to amend their answer to assert a new affirmative defense alleging Mr. LaRocque is at fault, Ms. LaRocque will be significantly prejudiced by the empty chair defendant. Because discovery is closed and Ms. LaRocque was entitled to rely on the evidence produced, which did not support or identify this belatedly asserted affirmative defense, there would be substantial prejudice in revisiting these issues. Amendment will require Ms. LaRocque to reopen and repeat discovery which



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

would cause prejudice, increase the expense of this litigation, and potentially delay trial,

Ms. LaRocque would also be deprived of the opportunity to bring a dispositive motion seeking dismissal of Fred Meyer Defendants' putative affirmative defense asserting Mr. LaRocque is at fault. The deadline for dispositive motions was June 8, 2026. Fred Meyer Defendants filed their motion to amend on August 10, 2026.

Even if Fred Meyer Defendants could show good cause for their delay, the proposed amendment is futile. Fred Meyer Defendants cannot articulate any legal duty Mr. LaRocque had to keep a certain distance from Ms. LaRocque's shopping cart. More important, even if Ms. LaRocque brushed against Mr. LaRocque, she only did so because the shopping cart at issue in this lawsuit suddenly locked up, meaning the proximate cause of Ms. LaRocque touching Mr. LaRocque was the shopping cart locking up.

Fred Meyer Defendants' untimely motion to amend their answer should be denied.

## II. BACKGROUND

### A. Ms. LaRocque Conducted Discovery on Non-Party and Third Party Fault and Fred Meyer Only Identified Gatekeeper Systems as an At Fault Third Party

Fred Meyer Defendants answered the complaint on May 13, 2025. (ECF 10). Fred Meyer Defendants asserted "fault of others" as an affirmative defense and identified Gatekeeper Systems as an at fault non-party:

> 1. **Fault of Others.** Plaintiff's damages, if any, are due to the fault of other third parties over whom Defendants had no control and are not responsible, including, but not limited to: Plaintiff, herself, and Gatekeeper Systems. Defendants are entitled to indemnification from those entities to the extent Plaintiff is found to be entitled to damages against Defendants, and Defendants liability, if any, shall be compared with the fault of each and every other party who is found liable or at fault.

(ECF 10 at p. 4, first affirmative defense).



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Ms. LaRocque served Fred Meyer Defendants discovery asking them to specifically identify all non-parties they assert were at fault for Ms. LaRocque's injuries or damages. (Wilke Decl., Ex. 1, Fred Meyer Defendants' Responses to First Discovery).

Fred Meyer Defendants responded to Ms. LaRocque's first set of discovery on June 27, 2025. (Wilke Decl., Ex. 1). Interrogatory 10 asked Fred Meyer Defendants to identify each nonparty it contended was at fault. (Wilke Decl., Ex. 1, at p. 5).

Fred Meyer Defendants responded that Gatekeeper was an at-fault nonparty:

> **INTERROGATORY NO. 10**: Are you contending that a nonparty is at fault? If yes, identify each nonparty with specificity and explain how their fault caused or contributed to Ms. LaRocque's injuries or damages.
>
> **ANSWER**: Yes. See Defendant's Answer to Plaintiff's Complaint for Damages alleging Gatekeeper Systems is a non-party at fault.

(*Id.*).

Fred Meyer Defendants supplemented their responses to Ms. LaRocque's first set of discovery six times. (Wilke Decl., Ex. Nos. 2, 3, 5, 6, 7, 8).

Fred Meyer Defendants never supplemented their response to Interrogatory No. 10. (*Id.*). Fred Meyer Defendants' position throughout this litigation, until now, was that the only at-fault third party was Gatekeeper. (*Id.*). Fred Meyer Defendants never identified Steven LaRocque as an at-fault nonparty in response to Ms. LaRocque's discovery asking them to identify all nonparties they contend are at fault, even after Mr. LaRocque's September 11, 2025 deposition. (*Id.*).

**B. Fred Meyer Defendants Move to Amend Nearly Nine Months after the Deadline to Amend Pleadings, Over Three Months Past the Discovery Cutoff Deadline, and Over Two Months Past the Dispositive Motion Deadline**

After Fred Meyer Defendants asserted Gatekeeper was an at-fault non-party, Ms. LaRocque moved to amend her complaint to assert claims against Gatekeeper, which



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

was granted on June 4, 2025. (ECF 15). The parties agreed to continue the trial date and related deadlines to allow time for Gatekeeper's counsel to get up to speed. (ECF 23). On July 30, 2025, the Court issued a scheduling order setting the deadline for filing amended pleadings for December 15, 2025. (ECF 28).

Steven LaRocque was deposed on September 11, 2025.

On March 4, 2026, Defendants Fred Meyer Defendants Gatekeeper jointly moved to continue the trial date and other deadlines including the lapsed expert disclosure deadline. (ECF 56). The Court denied the motion to continue the expert deadline, but continued the trial date to October 5, 2026 and extended the discovery cutoff deadline to May 8, 2026. (ECF 70). The Court did not extend the December 15, 2025 deadline for amending pleadings. (ECF 70).

On May 18, 2026, the Court granted Defendants' motion to continue the trial date from October 5 to October 19, 2026, but did not alter or extend any other deadlines. (ECF 99). The Court denied Defendants' summary judgment motions on August 5, 2026. (ECF 129; 130).

Fred Meyer Defendants filed their motion to amend on August 10, 2026, but did not seek relief from the lapsed December 11, 2025 deadline to amend pleadings. (ECF 131).

The discovery cutoff date was May 8, 2026. (ECF 70). The deadline to file dispositive motions was June 8, 2026. (ECF 70).

**C. Steven LaRocque Testified that he Brushed Against Ms. LaRocque After the Shopping Cart Suddenly Locked As He Was Following Behind Her**

Mr. LaRocque was deposed on September 11, 2025. (Wilke Decl., Ex. 9, Excerpts from the Deposition Transcript of Steven LaRocque). Mr. LaRocque testified he bumped into Ms. LaRocque after the cart suddenly locked up and had already hit her knee against



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

the cart:

> A: ... And so as we were leaving walking out the front door I'm right behind her and as she got to ·that part, the cart locked up.· She stopped and said Ow," and I bumped into her because I was right behind her.· She -- I go, "What's wrong?· What's wrong?"· She goes, "The cart, it stopped, and I hit my knee."· And I said, "What?" and I looked at her ·knee and she had a little mark on there.

(Wilke Decl., Ex. 9 at 13:6 – 14:5).

Mr. LaRocque testified that him slightly touching Ms. LaRocque did not cause her to impact the shopping cart:

> Q.· ·How hard did you hit Ms. Larocque when you ·ran into her?
>
> A.· ·Not that hard, just like a slight touch bump because, you know, she stopped all of a sudden. I did not slam into her.· It was just like a bump.
>
> Q.· ·Did you -- like, did you brace yourself with your hands?
>
> A.· ·No.
>
> Q.· ·What part of --
>
> ·A.· ·I just -- I just, like, walked into her with me, you know, my body (indicating).
>
> Q.· ·Oh, okay.· So just for the -- just for the record, you gestured to your body, so, like, you --like, your chest hit her back?
>
> A.· ·My chest -- yes, my chest area.· And I wouldn't call it a hit.· It was a nudge.
>
> Q.· ·Okay.· Did that cause the cart to move ·forward?
>
> A.· ·No.
>
> Q.· ·Did that cause her to move into the cart?
>
> A.· ·No.

(Wilke Decl., Ex. 9 at 20:13 – 21:8).

Mr. LaRocque confirmed he did not bump Ms. LaRocque but merely brushed her and that Ms. LaRocque had exclaimed she was in pain before he brushed her:

> Q.· ·You mentioned earlier then you're -- you're behind her and you kind of bumped into her when she ·stopped, right?
>
> A.· ·Yes.
>
> Q.· ·And she also said "Ow" at some point in time after the cart stopped?
>
> A.· ·As -- right after the cart stopped --



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Q.· ·Okay.
A.· -- that's when she said, "Ow."
Q.· ·So she said, "Ow," then you bumped her?
A.· ·Yeah.· And I didn't bump her.· I, you know, ·like, just whoa.
Q.· ·Just kind of continued forward?
A.· ·Yeah.
Q.· ·Got it.
A.· ·Just brushing into her.· I didn't push her or anything.

(Wilke Decl., Ex. 9 at 68:25 – 69:16).

## III. ARGUMENT

### A. Rule 16(b) Requires Fred Meyer Defendants to Show Good Cause to Amend After a Scheduling Order Is Issued.

When a court considers a party's request for leave to amend the pleadings <u>after</u> a scheduling order has issued, the party must first show that it has satisfied Rule 16's more stringent "good cause" requirement, and – only if good cause is shown -- will the Court then consider whether amendment is appropriate under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard in Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Id.* at 609; Fed. R. Civ. P. 16(b).

Fact discovery is now closed, and Defendants' motions for summary judgment were both largely denied. Fred Meyer Defendants offer nothing to explain why they did not timely move to amend their answer to add this third-party fault affirmative defense months ago, even though it admits it was aware of it following Mr. LaRocque's September 2025 deposition. Indeed, since Fred Meyer Defendants admit they are solely relying on the September 2025 deposition testimony of Steven LaRocque, this affirmative defense could have been added well before the December 2025 deadline to amend pleadings, before discovery closed, and before the dispositive motion deadline had passed.



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Absent a showing of diligence, the Rule 16(b) inquiry into "good cause" ends. Fred Meyer Defendants' motion should be denied on that basis alone. *See Koho v. Forest Labs., Inc., C05-667RSL,* 2014 WL 2967604, at *2 (W.D. Wash. July 1, 2014) (denying motion to leave to amend answer to identify entities defendants contend are at fault where amendments defendants sought were not based on new facts and defendants could not articulate circumstances that prevented them from moving to amend their answer before the amendment deadline thereby failing to satisfy the good cause standard).

**B. Even if Good Cause Existed, Fred Meyer Defendants Fail to Meet the More Liberal Rule 15 Standards Governing Amendment.**

Even if the good cause standard of Rule 16 could be met, Fred Meyer Defendants cannot meet the more liberal standards of Rule 15. While Rule 15(a) provides that leave to amend a pleading should be freely given when justice so requires, the guiding factors are not met by Fred Meyer Defendants here. *See* Fed. R. Civ. P. 15(a)(2); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). The decision of whether to grant leave to amend remains within the discretion of the district court, which may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The four factors commonly used in determining whether leave to amend is appropriate evaluate, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment". *DCD Programs,* 833 F.2d at 186.

**1. Fred Meyer Defendants Have No Valid Excuse for Their Undue Delay.**

The "undue delay" factor in the amendment analysis refers to whether the party filing the motion for leave to amend "unduly delayed in filing their motion." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citation omitted). The relevant inquiry is



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

whether Fred Meyer Defendants as the moving party "knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d at 952 (citations omitted). "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Also, where a "considerable period of time" has passed between the filing of the party's initial pleading and a motion for leave to amend, the burden is on the moving party "to show some valid reason for his neglect and delay." *See Carter v. Supermarkets General Corp.,* 684 F.2d 187, 192 (1st Cir.1982) (internal quotation and citation omitted);

**2. Prejudice is Inherent When Discovery Has Closed and Summary Judgment Has Already Been Denied**

Discovery has closed and Fred Meyer Defendants' responses to Ms. LaRocque's inquiries expressly seeking facts supporting any third party fault affirmative defenses only identified Gatekeeper as an at fault non-party. Because discovery is closed and Ms. LaRocque was entitled to rely on the evidence produced, which did not support the present and belatedly asserted affirmative defense that Steven LaRocque is an at-fault non-party, there would be substantial prejudice in revisiting these issues.

Ms. LaRocque will be prejudiced by this belated amendment, which will require additional discovery, including re-deposing Fred Meyer, retaining at least one additional expert, and deposing other Fred Meyer employees, including the Fred Meyer grocery cart person who was either present or nearby when the incident happened. Ms. LaRocque would also need the opportunity to bring a dispositive motion on Fred Meyer Defendants' affirmative defense that Mr. LaRocque was at fault which would necessarily require the trial date to be moved and the dispositive motion deadline extended. Forcing



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Ms. LaRocque to reopen and repeat discovery would cause prejudice, increase the expense of this litigation and certainly delay trial. Other courts facing similar tactics have denied late motions to amend, particularly where summary judgment motions have already been filed. *Medimmune, Inc. v. Genentech, Inc.,* 2004 WL 5327194, at *2 (C.D. Cal. Feb. 18, 2004) ("[t]he fact that a motion to amend is filed after substantial discovery and the filing of a motion for summary judgment 'weighs heavily against allowing leave.'"); *Solomon v. N. Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1138–39 (9th Cir. 1998) (affirming denial of leave to amend to add new claim two weeks before discovery deadline because amendment would cause undue delay and prejudice the defendant); *Lee v. AFT–Yakima,* 2011 WL 2181808, at * 12 (E.D. Wash. June 3, 2011) (denying motion to amend complaint filed after summary judgment motion because amendment would cause prejudice); *Mahone v. Pierce County,* 2011 WL 2009740, at *3 (W.D. Wash. May 23, 2011) (denying motion to amend filed after defendant moved for summary judgment because amendment would be futile).

*Williams v. J.C. Penney Co., Inc.* 2010 WL 324522 (W.D. Wash. Jan. 21, 2010) is instructive. In that case, plaintiffs brought a motion for partial summary judgment on defendants' affirmative defenses, including non-party fault. Defendants brought a Fed. R. Civ. P. 56(f) motion. Because defendants failed to identify the specific non-parties it alleged were at fault in response to discovery, the Court ordered defendants to identify all non-parties they allege were at fault within one month. (2010 WL 324522, at *2).

Fred Meyer Defendants did not initially plead their third party fault affirmative defense with any specificity, which is why Ms. LaRocque served discovery asking Fred Meyer Defendants to identify the specific nonparties against whom they allege fault. If Fred Meyer Defendants are permitted to amend to name Mr. LaRocque as an at fault third party,



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

it would incentivize defendants to wait until after the close of discovery and upon the eve of trial to amend to name an at-fault third party and create an empty chair defense. Fred Meyer Defendants should not be rewarded by failing in discovery to identify a non-party they now wants to blame at trial thus creating an empty chair,[1] and avoid potential dismissal of the spurious affirmative defense because the dispositive motion deadline has already lapsed. Critically, as discussed in Ms. LaRocque's opposition to Fred Meyer Defendants' motion for summary judgment, Fred Meyer Defendants' 30(b)(6) designee was unprepared to talk about their responses to discovery despite it being a designated topic. (ECF 84-5, excerpts from Fred Meyer Defendants' 30(b)(6) deposition at 47:1-11, confirming designee was unprepared to talk about topic 23, responses to discovery). Ms. LaRocque was deprived of the opportunity to even ask the designee about Fred Meyer Defendants' response to Interrogatory No. 10 addressing non-party fault.

Fred Meyer Defendants' motion should be denied.

### 3. Bad Faith

Encompassed within the factor of bad faith is a dilatory motive on the part of the moving party. The deliberate nature of not pleading this affirmative defense, representing that Gatekeeper is the only at-fault third party during discovery, yet now bring an untimely delayed motion to amend to identify Mr. LaRocque illustrates Fred Meyer's bad faith behavior, behavior that it has engaged since the beginning of this litigation.

### 4. The Proposed Amendment is Futile.

These proposed amendment identifying Steven LaRocque as an at-fault non-party would be futile even if allowed. Fred Meyer Defendants move to amend their affirmative defenses to identify Steven LaRocque as an at fault third party. However, Fred Meyer

[1] Ms. LaRocque intends to bring a motion in limine precluding Fred Meyer Defendants from asserting Mr. LaRocque is at fault at trial given their discovery responses and 30(b)(6) deposition testimony.



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Defendants fail to identify any duty Mr. LaRocque had to Ms. LaRocque, assuming, *arguendo*, that Ms. LaRocque brushed against him. There is no statutory duty for Mr. LaRocque to keep a reasonable distance between himself and the operator of a shopping cart. Even if there were a cognizable duty—and here Fred Meyer Defendants can point to none—Fred Meyer Defendants admit that Mr. LaRocque may have brushed against Ms. LaRocque *after* the shopping cart locked, meaning that the locking cart is the proximate cause of her injury. Because Fred Meyer Defendants can offer no evidence of either duty or causation, Fred Meyer Defendants' putative amendment is futile.

## IV. CONCLUSION

Fred Meyer Defendants do not show good cause, as required by Rule 16(b), to support their motion to amend after all pretrial case schedule deadlines have passed, months after the close of discovery and the dispositive motion deadline, and weeks before trial. Even if evaluated under Rule 15(a)'s more generous standard, the undue delay and resulting prejudice to Ms. LaRocque would preclude this belated effort to amend. Critically, the proposed amendment would be futile. Fred Meyer Defendants' motion should be denied.

Counsel certifies that this memorandum contains 3,222 words, in compliance with the Local Civil Rules.

Dated this 25th day of August, 2026.

GORDON THOMAS HONEYWELL LLP

By ______________________________

Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Ms. LaRocque



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

## DECLARATION OF SERVICE

I hereby declare that on August 25, 2026, in Tacoma, Washington, I caused the foregoing affixed document to be served on the following parties in the manner indicated herein:

| | | |
|---|---|---|
| John R. Barhoum, WSBA #42776<br>Sarah Tuthill-Kveton, WSBA #51801<br>Hanna R. Lukes, WSBA #62610<br>Chock Barhoum LLP<br>121 SW Morrison Street, Suite 500<br>Portland, OR 97204<br>john.barhoum@chockbarhoum.com<br>sarah@chockbarhoum.com<br>hanna.lukes@chockbarhoum.com<br>michelle.heilbrun@chockbarhoum.com<br>devon.haggart@chockbarhoum.com<br>e-service@chockbarhoum.com | ☐<br>☐<br>☒<br>☒ | Via Legal Messenger<br>Via U.S. Mail<br>Via CM/ECF E-Filing<br>Via Email |
| Francis S. Floyd, WSBA No. 10642<br>Skyler P. Urban, WSBA No. 58761<br>Floyd, Pflueger, Kearns, Nedderman, & Gress, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>ffloyd@nwtrialattorneys.com<br>surban@nwtrialattorneys.com<br>ecampbell@nwtrialattorneys.com<br>skatinas@nwtrialattorneys.com | ☐<br>☐<br>☒<br>☒ | Via Legal Messenger<br>Via U.S. Mail<br>Via CM/ECF E-Filing<br>Via Email |

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

Sarah M. Weger, Legal Assistant
sweger@gth-law.com



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2200
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565