# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA LAROCQUE, Plaintiff, v. THE KROGER CO., A FOREIGN CORPORATION DOING BUSINESS IN WASHINGTON STATE; AND, FRED MEYER STORES, INC., A FOREIGN CORPORATION DOING BUSINESS IN WASHINGTON STATE, A/K/A TACOMA-STEVENS FRED MEYER, Defendants. | Case No. 3:25-cv-05380-MJP<br><br>**DEFENDANT THE KROGER CO. AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION** |

TO: Linda Larocque, by and through Plaintiff's attorney, Robert C. Wilke

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant objects and responds to Plaintiff's First Request for Discovery as follows:

**PRELIMINARY OBJECTIONS**

The Kroger Co., (hereinafter "Defendant") make the following Preliminary Objections, whether or not such objections are separately set forth in response to each request.

1. Defendant objects to Plaintiff's instructions, definitions, and requests to the extent that they exceed the requirements of the Federal Rules of Civil Procedure, and Defendant further objects to the definitions to the extent that they exceed commonly accepted English usage.

2. Defendant objects to each definition, instruction and request to the extent that it calls for production of documents and information protected by the attorney-client privilege, the

work-product doctrine, or any other applicable privilege. Defendant does not intend to produce any such documents or information except as ordered by the Court and does not waive any applicable privileges with respect to any such documents or information that are inadvertently produced. Defendant also reserves the right to redact documents Defendant produce to limit the disclosure of such information.

3. Defendant objects to each definition, instruction, and request to the extent that it calls for it to search or produce documents not in Defendant's direct possession, custody, or control or of Defendant's agents, employees, or representatives.

4. Defendant objects to the Requests on the grounds and to the extent that they purport to require the disclosure of any private or confidential information (including, without limitation, confidential business information, trade secrets or information subject to any confidentiality agreement, and/or obligation) other than pursuant to the terms of an appropriate protective order as approved by the Court.

5. Defendant objects to the Requests on the grounds and to the extent they require the disclosure of private and confidential information about Defendant or Defendant's employees that would violate the privacy expectations of the persons involved. To the extent any such information is discoverable, it should only be produced pursuant to the terms of an appropriate protective order as approved by the Court.

6. Defendant objects to the Requests to the extent that they seek documents that do not exist. It should be understood that Defendant can only produce responsive documents to the extent those documents exist and can be located within its possession.

7. The foregoing objections apply to each and every request and are specifically incorporated into each response. The failure to repeat these objections in the specific response shall not constitute a waiver of said objection.

/ / /

/ / /

/ / /

**RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**INTERROGATORY NO. 1**: For each expert witness that you intend to call to testify at trial, provide the following:

(a) Name, address and area of expertise of each such expert.

(b) State the subject matter on which the expert is expected to testify;

(c) State the substance of the facts and opinions to which the expert is expected to testify;

(d) Provide a summary of grounds for each opinion.

**ANSWER**: Investigation has just begun and is ongoing. Defendant has not made a determination as to any expert witnesses that may be called on its behalf at any stage of this action. Defendant will supplement this response as discovery is ongoing, and in accordance with the case schedule.

**INTERROGATORY NO. 2**: Identify by name, address, telephone number, email address, and job title of all your employees who were working from 12:00 p.m. until 8:00 p.m. on May 6, 2023 at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405. (the accident site). If any employee is no longer in your employ, provide the last known information for each such person.

**ANSWER**: Objection to the extent this interrogatory is vague, overly broad, not limited in scope and time, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Fred Meyer stores can have hundreds of employees working at one time. Defendant is unable to respond to plaintiff's interrogatory without a more narrowly tailored interrogatory limited in time and scope, including identification of the specific time and location of this incident.

**AMENDED ANSWER**: Objection to the extent this interrogatory is vague, overly broad, and not reasonably limited in scope and time. Subject to and without waiving said objection, see the enclosed Punch Card for the accident site on May 6, 2023 [DEF KROGER_000102-000107]. Contact information: c/o Chock Barhoum, 121 SW Morrison St. Suite 500, Portland, OR 97204.

Phone: (503) 223-3000.

**INTERROGATORY NO. 3**: Identify all employees who have provided witness statements arising out of the accident at issue in this lawsuit.

**ANSWER**: Objection, this Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving said objection, Defendant is not aware of any employee witness statements arising out of the subject-incident.

**INTERROGATORY NO. 4**: Provide the name, address, telephone numbers, and email addresses of all people whom you believe witnessed the accident at issue.

**ANSWER**: Objection, this Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving said objection, and pursuant to Plaintiff's Complaint, Defendant believes Plaintiff's husband accompanied her to the location of the subject-incident and appears to have witnessed the alleged accident. Defendant is unaware of any other witnesses, however, discovery is ongoing and this response will be supplemented if any other witnesses are identified.

**INTERROGATORY NO. 5**: Provide the name, address, telephone numbers, and email addresses of all people whom you believe witnessed the accident at issue.

**ANSWER**: See response to Interrogatory No. 4.

**INTERROGATORY NO. 6**: Identify the seller, manufacturer, and installer of the wheel locking system used at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405 on May 6, 2023.

**ANSWER**: Gatekeeper Systems, Inc.

/ / /

/ / /

**INTERROGATORY NO. 7**: Identify when the shopping cart wheel locking system was installed and/or put into use at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405.

**ANSWER**: Objection, this Interrogatory is vague, confusing, and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving said objection, March of 2018.

**INTERROGATORY NO. 8**: Are you contending that Ms. LaRocque was at fault and/or partially at fault for the shopping cart striking her knee on May 6, 2023? If yes, set forth the factual basis for your assertion Ms. LaRocque is at fault or partially at fault.

**ANSWER**: Objection, this Interrogatory seeks information protected by the attorney-client privilege. Subject to and without waiving said objection, yes. See Defendant's Answer to Plaintiff's Complaint. If the incident occurred as alleged by Plaintiff, if at all, Plaintiff, per her Complaint, attempted to leave the store with an empty shopping cart after bypassing checkout stands, meaning Plaintiff's actions caused her alleged injuries.

**INTERROGATORY NO. 9**: Identify whether the Fred Meyer, located at 4505 S. 19th Street, Tacoma, WA 98405, had warning signs concerning the shopping cart wheel locking system on the date of the accident. If your answer is yes, please identify the date when the warning signs were installed, where the warning signs were located, and the language of the warning signs.

**ANSWER**: Yes. March, 2018. Warning signs are displayed on the shopping carts and at customer entrances. "Shopping Carts may stop unexpectedly at exit doors and carts will stop if taken beyond the perimeter of the parking lot. !WARNING! Asset Protection Device Installed. STOP/Alto. !Advertencia! Los carros de la tienda pueden detenerse inesperadamente en las puertas de salida y se detendran si son llevados fuera del perimetro del estacionamiento." is displayed on the store shopping carts. "WARNING! !ADVERTENCIA! **Attention Shoppers!** Shopping cart wheels may lock unexpectedly if removed from the store. Shopping cart wheels will lock if taken beyond the parking lot. **!Aviso a Los Clientes!** Las llantas de los carros de la tienda se bloquearan,

si estos son removidos de la tienda. Las llantas de los carros de la tienda se bloquearan, si estos son llevados mas alla del area del estacionamiento.” is displayed at store customer entrances.

**INTERROGATORY NO. 10**: Are you contending that a nonparty is at fault? If yes, identify each nonparty with specificity and explain how their fault caused or contributed to Ms. LaRocque’s injuries or damages.

**ANSWER**: Yes. See Defendant’s Answer to Plaintiff’s Complaint for Damages Alleging Gatekeeper Systems is a non-party at fault.

**REQUEST FOR PRODUCTION NO. 1:** Provide a copy of the most current curriculum vitae for each expert identified in your response to Interrogatory No. 1.

**RESPONSE:** At this time, no experts or trial witnesses have been ascertained by Defendant. Defendant will supplement this response as discovery is ongoing, and in accordance with the case schedule.

**REQUEST FOR PRODUCTION NO. 2:** Provide a copy of the entire file for each expert witness you intend to testify at time of trial. Provide this material no later than one-week before each expert’s deposition.

**RESPONSE:** Objection, this Request seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving said objection, no experts or trial witnesses have been ascertained by Defendant. Defendant will supplement this response as discovery is ongoing, and in accordance with the case schedule.

**REQUEST FOR PRODUCTION NO. 3:** Provide a copy of all insurance policies, including the declaration page, of all insurance policies you believe provide coverage for the accident at issue. In addition, if any insurer is providing a defense under a reservation of rights provide a copy of all correspondence between you and the insurer arising out of the insurer’s reservation of rights.

**RESPONSE:** Defendant is self-insured for general bodily injury liability up to $5,000,000.00.

**REQUEST FOR PRODUCTION NO. 4:** Provide a copy of all witness statements you have in your possession, control, or custody arising out of the May 6, 2023 accident at issue in this lawsuit. If you believe any statement need not be produced because of a privilege, provide a privilege log.

**RESPONSE:** Objection, this Request seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving said objection, Defendant is not aware of any witness statements arising out of the subject-incident.

**REQUEST FOR PRODUCTION NO. 5:** Produce all reports, notes, communications, summaries, photographs, and/or investigation documents related to the May 6, 2023 accident at issue in this lawsuit.

**RESPONSE:** Objection ,this Request seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving said objection, Defendant is unaware of any non-privileged responsive documents. Discovery is ongoing, and this Response may be supplemented if necessary.

**REQUEST FOR PRODUCTION NO. 6:** Provide a copy of all video recordings you have in your possession, control, or custody that recorded the entrance that patrons used from 12:00 p.m. to 8:00 p.m. on May 6, 2023. This is specifically the inside and outside areas by the doors and check-out lanes.

**RESPONSE:** Objection, this Request is vague, overly broad, unduly burdensome, and not sufficiently tailored to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents that are confidential and proprietary in nature. Subject to and without waiving said objections, Defendant is not in possession of any responsive material.

/ / /

**REQUEST FOR PRODUCTION NO. 7:** Provide a copy of all accident reports relating to incidents involving the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405 from January 1, 2020 to present.

**RESPONSE**: Objection, this Request is vague, overly broad, unduly burdensome, and not sufficiently tailored to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents that are confidential and proprietary in nature.

**AMENDED RESPONSE**: See enclosed customer claims regarding shopping carts from January 2020 to the date of loss [DEF KROGER_000108].

**REQUEST FOR PRODUCTION NO. 8:** Produce all warning signs related to the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405 that were posted inside or outside the store or on shopping carts on May 6, 2023. In lieu of producing the warning signs themselves, please produce photographic pictures of each warning sign.

**RESPONSE:** Objection, this Request seeks information not sufficiently tailored to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents protected by the attorney client and work product privileges. Subject to and without waiving said objection, see enclosed photographs [DEF KROGER_000096-000101].

**REQUEST FOR PRODUCTION NO. 9:** Produce all warning signs related to the wheel locking system in place at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405 that were posted inside or outside the store or on shopping carts after May 6, 2023. In lieu of producing the warning signs themselves, please produce photographic pictures of each warning sign.

**RESPONSE:** Objection, this Request is repetitive. Subject to and without waiving said objection, see Response to Request No. 8.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents and communications that support your response to Interrogatory No. 8.

**RESPONSE:** Objection, this Request seeks information protected by the attorney client privilege and/or the work product doctrine. Subject to and without waiving said objection, See Plaintiff's Complaint for Damages. The investigation has just begun and discovery is ongoing, and Defendant reserves the right to supplement this Response.

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents and communications that support your response to Interrogatory No. 10.

**RESPONSE:** Objection, this Request seeks information protected by the attorney client privilege and/or the work product doctrine. Subject to and without waiving said objection, see enclosed Supply Agreement [DEF KROGER_000001-000024], Master Services Agreement [DEF KROGER_000025-000041], and Technology Services Agreement [DEF KROGER_000042-000095] between the Kroger Co. and Gatekeeper Systems.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents and communications relating to whether you installed warning signs following the incident at issue in this lawsuit at the Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405.

**RESPONSE:** Objection, this Request seeks information that is unlikely to lead to the discovery of admissible evidence per FRE 407, which provides that subsequent remedial measures cannot be used as evidence that negligence occurred and/or that a Defendant is culpable.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents received from any third-party in response to a subpoena issued by you in this matter.

**RESPONSE:** Objection, this Request seeks information equally available to Plaintiff. Subject to and without waiving said objection, no documents have been received in response to any

subpoenas. Investigation has just begun and discovery is ongoing, however, so this Response will be supplemented at a later date if necessary.

**REQUEST FOR PRODUCTION NO. 14:** Produce all installation instructions and warnings related to the wheel locking system at issue in this lawsuit.

**RESPONSE:** Objection, this Request is better directed at Gatekeeper Systems. Subject to and without waiving said objection, see Response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 7 [SIC]:** Provide a copy of photographs depicting the inside and outside areas of the accident site as those areas existed in May 2023.

**RESPONSE:** Objection, this Request is overly broad and unduly burdensome. Subject to and without waiving said objection, Defendant does not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 8 [SIC]:** Provide a copy of all accident reports involving shopping carts at the accident site that arose out of accidents occurring between January 1, 2020 to April 2025.

**RESPONSE:** Objection, this Request is vague, overly broad, unduly burdensome, and not sufficiently tailored to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents that are confidential. Finally, Defendant objects to the extent that this Request seeks information protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 9 [SIC]:** Provide a copy of all policies and procedures you regarding shopping carts that were in existence in May of 2023.

**RESPONSE:** Objection, this Request seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Request as vague, overly broad, unduly burdensome, and not sufficiently tailored to lead to the discovery of

admissible evidence. Subject to and without waiving said objections, see Associate Bulletin: Purchek Conversion [DEF FRED MEYER_000001-000002], Purchek Huddle Guide [DEF FRED MEYER _000003], Purchek Program [DEF FRED MEYER _000004-000006], Purchek Program Overview [DEF FRED MEYER _000007-000009], Purchek Quickstart Guide [DEF FRED MEYER _000010-000011] produced by Defendant Fred Meyer.

**REQUEST FOR PRODUCTION NO. 10 [SIC]:** Provide a copy of all claims and complaints made against you arising out of an allegation that a patron was injured by shopping carts at the accident site between January 1, 2020 to April 2025.

**RESPONSE:** Objection, this Request is vague, overly broad, unduly burdensome, and not sufficiently tailored to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents that are confidential. Finally, Defendant objects to the extent that this Request seeks information protected by the attorney-client privilege and/or the work-product doctrine.

DATED this 14th day of July, 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
Attorneys for Defendants The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

DATED this 14th day of July, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorneys for Defendants The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA LAROCQUE, Plaintiff, v. THE KROGER CO., A FOREIGN CORPORATION DOING BUSINESS IN WASHINGTON STATE; AND, FRED MEYER STORES, INC., A FOREIGN CORPORATION DOING BUSINESS IN WASHINGTON STATE, A/K/A TACOMA-STEVENS FRED MEYER, Defendants. | Case No. 3:25-cv-05380-MJP<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that a true copy of the foregoing **DEFENDANT THE KROGER CO. AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION** was served as stated below on:

| | |
|---|---|
| Robert C. Wilke<br>Gordon Thomas Honeywell, LLP<br>1201 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402<br>*Attorneys for Plaintiff* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>☐ Fax #: (253) 620-6565<br>☒ By e-mail:<br>rwilke@gth-law.com<br>ileifer@gth-law.com<br>sishii-huffer@gth-law.com<br>sweger@gth-law.com<br>☐ By court eFiling Application |

| | |
|---|---|
| Francis S. Floyd<br>Skyler P. Urban<br>Floyd Pflueger, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>*Attorneys for Defendant Gatekeeper Systems, Inc.* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>☐ Fax #:<br>☒ By e-mail:<br>ffloyd@nwtrialattorneys.com<br>surban@nwtrialattorneys.com<br>☐ By court eFiling Application |

DATED this 14th day of July, 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
Attorneys for Defendants The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer

DATED this 14th day of July, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorneys for Defendants The Kroger Co. and Fred Meyer Stores, Inc. dba Tacoma-Stevens Fred Meyer