IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

LINDA LAROCQUE,

Plaintiff,

v.

THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state

Defendants.

Civil Case No. 3:25-cv-05380-TMC

**DEFENDANT THE KROGER CO.'S REPLY TO ITS MOTION TO AMEND ANSWER TO COMPLAINT**

## REPLY

1. *Good Cause Exists to Amend to Allay Any Confusion*

Plaintiff's Rule 16(b) argument is circular and ultimately demonstrates nothing. Stripped of its rhetoric, Plaintiff's position amounts to little more than an assertion that good cause does not exist because Plaintiff says it does not. That is not legal analysis, and it does not meaningfully confront, much less rebut, the facts demonstrating good cause here.

Kroger does not seek to add a party, it seeks to update its answer to include Mr. Larocque as a potential contributor to fault on the special verdict form, nothing more. The affirmative defense, **as already written**, already covers Mr. Larocque because of the "catch all" phrase "*but not limited to*" in the affirmative defense. The "diligence" requirement is clearly to protect parties

against surprise for which they would not be prepared before trial. However, there is absolutely no surprise here as Mr. Larocque has already testified under oath to his actions and Plaintiff was present for that testimony. As laid out in the motion itself, the purpose of the amendment is to *clarify* Kroger's position that the evidence shows Mr. Larocque may share some part of the blame, not create new issues.

2. *Plaintiff's Arguments under FRCP 15(a) are Mislaid*

Plaintiff's entire argument as to why the answer should not be amended is mislaid for several reasons. First and foremost, the Plaintiff cannot show any concrete examples of prejudice as to why the answer should not be amended; second, that the only argument as to "bad faith" is Plaintiff's own opinion, not fact; third, that there is no "undue delay" in tying up loose ends before trial for judicial economy; and fourth, the amendment is far from futile.

a. *No Prejudice is Present*

First, Plaintiff's argument as to prejudice is that "*additional discovery, including re-deposing Fred Meyer, retaining at least one additional expert, and deposing other Fred Meyer employees, including the Fred Meyer grocery cart person who was either present or nearby when the incident happened*" would need to occur. This is illogical. It appears to be *reductio ad absurdum* argument to mislead the Court into thinking that mountains of discovery are necessary regarding this issue. Plaintiff does not lay out ***why*** or ***how*** any of that additional discovery would be necessary and simply says that it would be required. The deposition of Mr. Larocque has already occurred. He has already testified to his actions. The ***only*** issue present is whether the affirmative defense should be clarified to include Mr. Larocque, who is already included by virtue of the affirmative defense's inclusion of "*but not limited to*" and whose testimony creates a situation where a reasonable mind may find that he should be apportioned fault in some amount.

Plaintiff's counsel possessed this information both through his own client and through deposition testimony well before the expert disclosure deadline and before the depositions of Defendant's witnesses. Armed with that information, Plaintiff nevertheless proceeded with extensive discovery, including depositions, and had every opportunity to provide the same information to his experts for their consideration. Nothing prevented Plaintiff's experts from

addressing or offering opinions concerning this information within the existing case schedule. Plaintiff therefore cannot credibly characterize this information as newly discovered, claim surprise, or suggest that its disclosure somehow impaired his ability to develop his expert opinions.

Prejudice to the opposing party is the most important factor in determining whether a pleading can be amended. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330-31, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971). The rule should be interpreted with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Plaintiff's cited cases, two of which are non-precedential district court orders, both stand for the proposition that the ***Plaintiff*** cannot amend their ***Complaint*** to add additional causes of action after a defendant has filed a motion for summary judgment. No case cited by the Plaintiff makes any pronouncements about a defendant amending the answer. *Lee v. AFT–Yakima,* 2011 WL 2181808, at * 12 (E.D. Wash. June 3, 2011); *Mahone v. Pierce County,* 2011 WL 2009740, at *3 (W.D. Wash. May 23, 2011). The cited *Williams* case is unhelpful to the Plaintiff because the Court's remedy in that case, to name all non-parties, is already being accomplished by this request to amend the answer. *Williams v. J.C. Penney Co., Inc.* 2010 WL 324522 (W.D. Wash. Jan. 21, 2010). The distinction is substantive, not merely procedural. There is no comparable concern here. Defendant is not seeking to inject a new claim into litigation, nor does the proposed amendment create some new avenue for dispositive relief that Plaintiff was deprived of an opportunity to address. Indeed, there is no realistic prospect that the proposed amendment could support summary judgment for Plaintiff. The information consists of statements from Plaintiff's husband, the only other witness to the relevant events. For the purposes of summary judgment, his statements that he ran into the back of her when the cart stopped is a question of fact, to which no summary judgment relief would exist.

Plaintiff is, of course, free to contend that her husband's testimony is inaccurate, fabricated, or otherwise unworthy of belief. But that is a credibility argument, not a summary-judgment argument. Defendant cannot obtain summary judgment by asking the Court to credit the husband's testimony over Plaintiff's competing version of events, just as Plaintiff cannot defeat the proposed amendment merely by asserting that her husband should not be believed. Any conflict between

their accounts presents a quintessential issue of credibility and fact for the jury. Thus, the proposed amendment creates no new opportunity for dispositive relief; at most, it identifies a factual dispute that must be resolved at trial, that has been present since Mr. LaRocque's deposition.

Plaintiff also argues that "*Ms. LaRocque was deprived of the opportunity to even ask the designee about Fred Meyer Defendants' response to Interrogatory No. 10 addressing non-party fault*." But Plaintiff fails to mention that if she thought there was a problem with the deposition, she had an opportunity to bring a motion to the Court's attention requesting a remedy for the alleged deficiency. She did not do any such thing. She only brought it up as an argument in a response to Kroger's Motion for Summary Judgment.

As such, there is no prejudice to the Plaintiff because she cannot show any concrete prejudice as to the amendment of the answer relating to adding Mr. Larocque as a non-party to which fault can be attributed as part of the affirmative defense. The missing element is fatal to the Plaintiff's argument and therefore, the analysis should end here.

*b. No Bad Faith*

If, *arguendo*, the Court should see fit to continue its analysis of this issue, the Plaintiff's argument of "bad faith" is predicated on circular reasoning that the amendment is made in bad faith because it is bad faith to request the amendment. Kroger is requesting this amendment in good faith in an attempt to clean up pleadings before trial begins for the sake of judicial economy and to make the process as clear and non-confusing as possible.

*c. There is No Undue Delay, as Plaintiff Has Had Knowledge Since Day One*

Purpose of Rule 15 is to assist disposition of litigation on merits rather than have pleadings become ends in themselves. *Summit Office Park, Inc. v. United States Steel Corp*., 639 F.2d 1278, 31 Fed. R. Serv. 2d (Callaghan) 269, 1981-1 Trade Cas. (CCH) ¶ 63887, 1981 U.S. App. LEXIS 19085 (5th Cir. 1981). The Court also should consider that the *Jackson v. Bank of Hawaii*, *AmerisourceBergen Corp. v. Dialysist West, Inc***.,** *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* and *Carter v. Supermarkets General Corp.* cases cited by the Plaintiff, just like the *Lee* and *Mahone* cases, deal with a **Plaintiff** amending their **Complaint** late in the litigation process.

Notably, Plaintiff cites no case addressing a defendant's amendment of an answer to conform to evidence developed during discovery, much less any authority establishing "undue delay" under circumstances remotely comparable to those presented here. The issue itself is neither novel nor obscure. Plaintiff's husband testified that, after the cart stopped, he ran into Plaintiff from behind. That testimony necessarily raises the issue of his potential fault. Defendant is not advancing some profound or nuanced legal theory that Plaintiff could not reasonably have anticipated; Defendant is seeking to conform its Answer to evidence supplied by Plaintiff's own witness.

Nor is Plaintiff's suggestion that the timing of the amendment somehow renders it improper consistent with Rule 15. Rule 15(b) expressly contemplates amendment of pleadings to conform to issues actually tried, including during and after trial. The Federal Rules therefore do not treat the pleadings as immutable simply because discovery has progressed or a scheduling deadline has passed. Here, the issue of Mr. Larocque's potential fault arose directly from his own testimony and has been known to Plaintiff throughout the litigation. Plaintiff cannot plausibly claim surprise regarding testimony elicited from her own husband concerning an event at which he was any eyewitness and participant.

Plaintiff cannot use "undue delay" as both a sword and a shield. On the one hand, Plaintiff argues that Defendant should have recognized the significance of Mr. Larocque's testimony sooner and amended its Answer earlier. On the other, Plaintiff effectively contends that the same testimony now presents an issue so unexpected that allowing the amendment would cause prejudice. Those positions cannot be reconciled. If the testimony was sufficiently apparent that Defendant should have acted upon it earlier, then it was equally apparent to Plaintiff, who possessed the same testimony and whose own husband provided it.

More fundamentally, the proposed amendment does not change the evidence, inject a new factual theory into the case, or require Plaintiff to defend against previously unknown conduct. Mr. Larocque's conduct is what it has always been, and his testimony is what it has always been. Defendant simply seeks to ensure that the pleadings conform to that evidence so the jury may determine what fault, if any, should be attributed to him. Plaintiff may dispute his testimony,

contend that he is mistaken, or even argue that his account is fabricated. Those are credibility questions for the jury, not a basis for preventing Defendant from conforming its Answer to the evidence.

*d.* *__The Amendment is Not Futile__*

Plaintiff's futility argument fails because it depends on the Court accepting Plaintiff's version of disputed facts and resolving questions of breach and causation in her favor. That is not a futility analysis; it is an invitation to decide the merits of the defense, which has been plead at all material times, but simply now includes Mr. Larocque's name.

Plaintiff first argues that Mr. Larocque owed no duty to Mrs. Larocque. But Mr. Larocque, like any other person, was obligated to exercise ordinary care under the circumstances. "Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances." WPI 10.02; see also *La Moreaux v. Fosket*, 45 Wn.2d 249, 255, 273 P.2d 795 (1954). Whether Mr. Larocque exercised such care when he made contact with Plaintiff after the cart stopped is a factual question, not a basis for finding the proposed amendment futile as a matter of law.

Indeed, Plaintiff's own characterization of the evidence demonstrates why the amendment is not futile. Plaintiff concedes that "Mr. LaRocque may have brushed against Ms. LaRocque after the shopping cart locked." Plaintiff then attempts to resolve the significance of that contact herself by asserting that the locking cart, not Mr. Larocque's contact, was the proximate cause of her injuries. But that simply identifies the parties' factual dispute; it does not resolve it.

At a minimum, the evidence permits the argument that Mr. Larocque's conduct was a contributing proximate cause. In a case like this where even the Court acknowledges expert testimony is not needed for basic life activities, the jury should assess whether it is the cart locking or her giant husband crashing into the back of her which would make her injuries more likely. Whether the cart's locking, Mr. Larocque's contact, some combination of the two, or neither caused Plaintiff's alleged injuries is precisely the type of causation question reserved for the trier of fact when reasonable minds could differ.

Plaintiff may argue that the contact was insignificant, that Mr. Larocque acted reasonably, or that his conduct did not contribute to her injuries. But those are arguments for the jury. Plaintiff cannot establish futility by selecting the inference most favorable to herself and asking the Court to treat that inference as an established fact.

Nor must Defendant prove at the amendment stage that the jury ultimately *will* allocate fault to Mr. Larocque. The relevant question is whether the proposed defense is legally and factually viable, not whether Defendant has already established it as a matter of law. Here, the testimony of an eyewitness and participant provides a factual basis from which Defendant may argue that Mr. Larocque failed to exercise reasonable care and that his conduct caused or contributed to Plaintiff's alleged injuries.

In short, Plaintiff's futility argument asks the Court to do exactly what Plaintiff says the jury should never be permitted to do: decide, before trial, whose conduct actually caused her injuries. The existence of competing reasonable inferences regarding Mr. Larocque's conduct and its causal relationship to Plaintiff's alleged injuries demonstrates that the proposed amendment is not futile, it presents a question for the jury.

## CONCLUSION

In sum, Defendant's motion should be granted. The affirmative defense at issue has been pleaded from the outset; Defendant seeks only to amend its Answer to identify Mr. Larocque by name and thereby conform the pleading to the evidence developed in discovery before this matter proceeds to trial. The amendment does not add a new defense, change Defendant's theory of the case, introduce new evidence, or expand the scope of discovery. It simply identifies the individual whose potential fault is supported by testimony already known to both parties.

That is precisely the type of amendment contemplated by FRCP 15. Indeed, FRCP15(b)(1) directs that amendments should be "freely" permitted when doing so will aid in presenting the merits and the objecting party cannot demonstrate prejudice. Here, allowing the amendment ensures that the case is tried on the evidence actually developed rather than on a pleading that predates that evidence.

Plaintiff cannot demonstrate prejudice. Mr. Larocque is Plaintiff's husband, an eyewitness to the incident, and the source of the testimony giving rise to the amendment. Plaintiff has long possessed that testimony, had the opportunity to explore it through discovery and with her experts, and identifies no additional discovery that would be required if the amendment is allowed. Nothing about the underlying facts has changed. Nothing about Mr. Larocque's testimony has changed. And nothing about the evidence Plaintiff must confront at trial has changed.

The only thing that changes is that Defendant's Answer will expressly identify Mr. Larocque by name and conform the pleading to the evidence already before the parties. Denying leave under these circumstances would elevate form over substance and prevent the merits from being presented to the jury based solely on a pleading technicality. Rule 15 favors the opposite result. Defendant respectfully requests that the Court grant the motion and permit the proposed amendment.

Dated this 31st day of August, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
Attorneys for Defendants Kroger and Fred Meyer

Dated this 31st day of August, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
Attorneys for Defendants Kroger and Fred Meyer

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER, GATEKEEPER SYSTEMS, INC., a foreign corporation doing business in Washington state<br><br>Defendants. | ) | Civil Case No. 3:25-cv-05380-TMC<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this 31st day of August, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANT THE KROGER CO.'S REPLY TO ITS MOTION TO AMEND ANSWER TO COMPLAINT** was served as stated below on:

/ / /

/ / /

/ / /

/ / /

/ / /

Robert C. Wilke
Gordon Thomas Honeywell, LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
*Attorneys for Plaintiff*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
☐ Fax #: (253) 620-6565
☒ By e-mail:
rwilke@gth-law.com
ileifer@gth-law.com
sishii-huffer@gth-law.com
sweger@gth-law.com
☒ By court eFiling Application

Francis S. Floyd
Skyler P. Urban
Floyd Pflueger, P.S.
3101 Western Avenue, Suite 400
Seattle, WA 98121
*Attorneys for Defendant Gatekeeper Systems, Inc.*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
☐ Fax #:
☒ By e-mail:
ffloyd@nwtrialattorneys.com
surban@nwtrialattorneys.com
ecampbell@nwtrialattorneys.com
skatinas@nwtrialattorneys.com
☒ By court eFiling Application

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 31st day of August, 2026.

**CHOCK BARHOUM LLP**

Samuel ben Behar, WSBA #46586
Email: sam.behar@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
Attorneys for Defendants Kroger and Fred Meyer

Dated this 31st day of August, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Address: 121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (503) 223-3000
Attorneys for Defendants Kroger and Fred Meyer